IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| O. DOE; BRAZILIAN WORKER CENTER, INC.; LA COLABORATIVA,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF STATE; U.S. SOCIAL SECURITY ADMINISTRATION; MARCO RUBIO, in his official capacity as Secretary of State; MICHELLE KING, in her official capacity as Acting Commissioner of U.S. Social Security Administration,<br><br>Defendants. | Civil Action No. 25-10135 |

**MOTION TO PROCEED PSEUDONYMOUSLY**

Plaintiff O. Doe, through her undersigned counsel, respectfully requests that this Court grant her Motion to Proceed Pseudonymously in this action and, pursuant to Fed. R. Civ. P. 52 and Local Rule 5.2, enter an Order permitting all documents containing identifying information to be filed under permanent seal to be viewed by the Court in camera, with redacted versions made part of the public record, or in the alternative, to be designated Attorneys' Eyes Only and accessible only by the Court.

Dated: January 21, 2025

Respectfully submitted,

*/s/ Oren Sellstrom*
Oren Sellstrom (BBO #569045)
Iván Espinoza-Madrigal (BBO # 708080)
Jacob Love (BBO #699613)
Mirian Albert (BBO #710093)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor

Boston, MA 02110
(617) 482-1145
osellstrom@lawyersforcivilrights.org
iespinoza@lawyersforcivilrights.org
jlove@lawyersforcivilrights.org
malbert@lawyersforcivilrights.org

### PLAINTIFF O. DOE'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY

### INTRODUCTION

Plaintiff O. Doe seeks authorization to proceed under a pseudonym in this litigation. O. Doe is an immigrant living in the United States who is neither a citizen nor lawful permanent resident in the United States. She is an expectant mother whose baby is due on March 2025. At issue in this case is Defendant Donald Trump's issuance of an Executive Order (the "EO"), which declares that individuals born in the United States without at least one parent who is a citizen or LPR are not United States citizens and directing federal agencies not to recognize them as such. For the reasons explained below, Plaintiff and her family members will only be safe if she is allowed to move forward under a pseudonym. Additionally, granting this motion would avoid creating a chilling effect on similarly situated individuals who might pursue litigation in the future.

### LEGAL STANDARD

The First Circuit has held that "[l]itigation by pseudonym should occur only in exceptional cases." *Doe v. Mass. Inst. Of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022) (internal citations and quotations omitted). Courts considering motions to proceed pseudonymously "should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." *Id.* at 72. Generally, in doing so, courts in this District should "focus upon the extent to which the facts align with one or more" of four paradigms the First Circuit has identified as exceptional. *Id.* Those paradigms are: (1) cases involving "a would-be Doe who reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)"; (2) "cases in which identifying the would-be Doe would harm innocent non-parties"; (3) "cases in which anonymity is necessary to forestall a

chilling effect on future litigants who may be similarly situated"; and (4) "suits that are bound up with a prior proceeding made confidential by law." *Id.* (internal citations and quotations omitted).

## ARGUMENT

This case aligns with three of the four paradigms of exceptional cases. First, Plaintiff reasonably fears unusually severe harm, harassment, and stigma if her identity is revealed. This matter is politically fraught in the United States and Plaintiff fears that, particularly due to her vulnerable immigration status, and the vulnerable immigration status of her family members, revealing her identity will immediately expose them to violence, threats of violence, and severe public and government backlash that would be, at minimum, psychologically traumatizing and personally destabilizing. *See Alianza Americas et al. v. DeSantis et al.,* 1:22-cv-11550 (D. Mass. 2022) (Order Granting Motion to Proceed Pseudonymously, ECF No. 7) (granting plaintiffs' motion to proceed pseudonymously under similarly volatile circumstances); *see also Doe v. Austin*, No. 2:22-CV-00368, 2023 WL 3568188, at *1 (D. Me. May 19, 2023) (granting leave to proceed under pseudonyms and noting validity of "fear of harassment and violence"); *Doe v. Lyons*, No. 23-10894-NMG, 2023 WL 3936740, at *1 (D. Mass. May 9, 2023) (same); *K.O. by & through E.O. v. United States*, 651 F.Supp.3d 331, 343 (D. Mass. 2023) (noting that ECF No. 71 "allowed the plaintiffs to proceed pseudonymously" due to "fears of retaliation" in a case concerning the federal government's separation of children from their parents at the U.S. border). Recent threats of violence toward immigrant communities, as well as angry and fearful responses to immigrant presence, demonstrate how revealing Plaintiff's identity will erode her safety.[1]

---

[1] *See, e.g.*, Nina Shapiro, *Edmonds School District cancels immigrant rights event after threats*, SEATTLE TIMES, Dec. 10, 2024, https://www.seattletimes.com/seattle-news/edmonds-school-district-cancels-immigrant-rights-event-after-threats/ (reporting "hostile and threatening" posts toward school district's immigrant rights event that forced district to cancel event); Dan Gooding, *Springfield, Ohio Elementary Schools Evacuated, Colleges Go Remote as Threats Spiral*,

Second, revealing Plaintiff's identity would expose innocent non-parties to harm. It would allow the media or others to easily uncover the identities of Plaintiff's family members, either in the United States or elsewhere, who would then face an immediate risk of retaliatory violence. Moreover, Plaintiff O. Doe has a seven-year-old son in addition to her baby who is due in less than two months. She should be granted anonymity to protect her child and soon-to-be-born child who are, and will be, especially vulnerable and deserving of protection. *See Doe v. Eason*, No. 98-2354, 1999 WL 33942103, at *3 (N.D. Tex. Aug. 4, 1999) (noting that "[b]ecause a child is especially vulnerable, courts must assess the issue of anonymity in light of the special vulnerability of the child whose identity will necessarily be revealed by disclosure of a party's identity") (cited with approval by the First Circuit in *Mass. Inst. of Tech.*, 46 F.4th at 71)).

Third, forcing Plaintiff to reveal her identity as part of this litigation would produce a chilling effect on potential future litigants who are similarly situated. Plaintiff O. Doe is neither a citizen nor LPR, making her potentially susceptible to retaliatory immigration enforcement. If Plaintiff is required to reveal her identity to proceed in this matter, others with vulnerable immigration status—or no status at all—will be hesitant to seek redress in the courts. *See Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3rd Cir. 2010) (considering the fact that "prospective litigants lacking lawful status, would be deterred from bringing cases clarifying constitutional

---

Newsweek, Sept. 17, 2024, https://www.newsweek.com/pet-eating-claims-bomb-shooting-threats-schools-springfield-ohio-1954565 (reporting on shooting and bomb threats directed at Haitian community members at Ohio college); Nikki McCann Ramirez, *Springfield Residents Rocked by Bomb Threats in Wake of Racist Smear Campaign*, ROLLING STONE, Sept. 12, 2024, https://www.rollingstone.com/politics/politics-news/springfield-ohio-bomb-threat-viral-attacks-migrants-1235101093/ (reporting on violent threats toward Haitian residents of Springfield, Ohio and city officials); *see also* Ruby Cramer, *A Small Town in Massachusetts Grapples with a New Shelter for Immigrants*, WASH. POST, Sept., 28, 2024, https://www.washingtonpost.com/nation/interactive/2024/migrant-shelter-norfolk-massachusetts-immigration-debate/ (reporting on "fear" and "anger" shown by residents in Massachusetts town in response to proposed immigrant shelter).

rights, if doing so required alerting federal immigration authorities to their presence" in affirming grant of pseudonym status), *judgment vacated on other grounds* by 563 U.S. 1030 (2011).

These privacy considerations substantially outweigh the public's interest in the Plaintiff's identity. *See Ms. Q. v. United States. Immigration and Customs Enforcement*, No. 1:18-cv-02409, 2018 WL 10050939, at *3 (D.D.C. Oct. 24, 2018) (finding "public's interest in the litigants' identity is *de minimis* compared to the significant privacy interests of the plaintiffs" in case involving child and mother asylum seekers who stated they would face a "significant risk of persecution—including possible physical harm or death" if their identities were revealed). Indeed, the public has an equally strong interest in protecting the privacy of litigants targeted or harmed by government action—especially when children are harmed—so as not to deter them from challenging allegedly unlawful government action in the future. *Cf. Bryan C. v. Lambrew*, 1:21-cv-00005-NT, 2021 WL 242422, at *1 (D. Me., Jan. 25, 2021) (noting that the "public has an interest in protecting the privacy of children in foster care who challenge the system's practices so as not to deter others from participating in future challenges to the system").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion permitting her to proceed pseudonymously in this civil action.

Dated:  January 21, 2025                                  Respectfully submitted,

*/s/  Oren Sellstrom*
Oren Sellstrom (BBO #569045)
Iván Espinoza-Madrigal (BBO # 708080)
Jacob Love (BBO #699613)
Mirian Albert (BBO #710093)
Lawyers for Civil Rights
61 Batterymarch Street, 5th Floor
Boston, MA 02110
(617) 482-1145
osellstrom@lawyersforcivilrights.org

iespinoza@lawyersforcivilrights.org
jlove@lawyersforcivilrights.org
malbert@lawyersforcivilrights.org

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 21, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by operation of this Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: January 21, 2025

/s/ *Oren Sellstrom*
Oren Sellstrom (BBO #569045)