# LOCAL RULES

## OF THE UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF MASSACHUSETTS



Including Amendments Through
June 17, 2022

# LOCAL RULES

## OF THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Effective June 17, 2022

Including Amendments Effective Through
June 17, 2022

### TABLE OF RULES

PREFACE ...................................................................................................................1
RULE 1.1  TITLE ......................................................................................................2
RULE 1.2  APPLICATION .......................................................................................3
RULE 1.3  SANCTIONS ...........................................................................................4
RULE 3.1  CIVIL COVER SHEET ...........................................................................5
RULE 4.1  SERVICE OF PROCESS--DISMISSAL FOR FAILURE TO MAKE SERVICE ........6
RULE 4.2  FEES ........................................................................................................7
RULE 5.2  SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS ..........................9
RULE 5.3  [DELETED].............................................................................................10
RULE 5.4  FILING AND SERVICE BY ELECTRONIC MEANS.............................11
RULE 7.1  MOTION PRACTICE ...............................................................................13
RULE 7.2  IMPOUNDED AND CONFIDENTIAL MATERIALS..............................15
RULE 7.3  [DELETED].............................................................................................16
RULE 15.1  ADDITION OF NEW PARTIES ............................................................17
RULE 16.1  EARLY ASSESSMENT OF CASES .....................................................18
RULE 16.2  EXEMPTIONS FROM FED. R. CIV. P. 16(b) ......................................22
RULE 16.3  CASE MANAGEMENT CONFERENCES ............................................24
RULE 16.4  ALTERNATIVE DISPUTE RESOLUTION ..........................................26
RULE 16.5  FINAL PRETRIAL CONFERENCE .....................................................29
RULE 16.6  PATENT PROCEEDINGS .....................................................................32
RULE 26.1  CONTROL OF DISCOVERY ................................................................40
RULE 26.2  SEQUENCES OF DISCOVERY ...........................................................42
RULE 26.3  PHASING OF DISCOVERY .................................................................43
RULE 26.4  SPECIAL PROCEDURES FOR HANDLING EXPERTS .....................44
RULE 26.5  UNIFORM DEFINITIONS IN DISCOVERY REQUESTS ...................45
RULE 26.6  COURT FILINGS AND COSTS ............................................................47
RULE 30.1  PLACE FOR TAKING DEPOSITIONS ................................................48
RULE 30.2  OPENING OF DEPOSITIONS ..............................................................49
RULE 33.1  INTERROGATORIES ...........................................................................50
RULE 34.1  DOCUMENT PRODUCTION................................................................52
RULE 35.1  DISCLOSURE OF MEDICAL INFORMATION IN PERSONAL INJURY ..........53

CASES ........................................................................................................................53
RULE 36.1 ADMISSIONS...........................................................................................54
RULE 37.1 DISCOVERY DISPUTES ........................................................................55
RULE 40.1 ASSIGNMENT OF CASES ......................................................................56
RULE 40.2 CONFLICT OF COURT APPEARANCES ...............................................62
RULE 40.3 CONTINUANCES .....................................................................................64
RULE 40.4 EMERGENCIES AND SPECIAL PROCEEDINGS ..................................65
RULE 41.1 DISMISSAL FOR WANT OF PROSECUTION .......................................66
RULE 43.1 TRIAL ......................................................................................................66
RULE 48.1 [DELETED].................................................................................................68
RULE 54.3 [DELETED].................................................................................................69
RULE 56.1 MOTIONS FOR SUMMARY JUDGMENT ..............................................70
RULE 58.2 SATISFACTION OF JUDGMENTS .........................................................71
RULE 62.2 STAY BY BOND OR OTHER SECURITY...............................................72
RULE 67.1 SURETIES ................................................................................................73
RULE 67.2 DEPOSIT IN COURT ..............................................................................75
RULE 67.3 DISBURSEMENT OF REGISTRY FUNDS.............................................77
RULE 67.4 PAYMENTS AND DEPOSITS MADE WITH THE CLERK ..................78
RULE 68.2 SETTLEMENT .........................................................................................79
RULE 77.1 SITTINGS ................................................................................................80
RULE 77.2 OFFICE OF THE CLERK.........................................................................81
RULE 79.1 EXHIBITS .................................................................................................82
RULE 81.1 REMOVAL ...............................................................................................83
RULE 81.2 DEFINITION OF JUDICIAL OFFICER ...................................................84
RULE 83.1.1 PROCEDURE FOR ADOPTING, RESCINDING AND AMENDING RULES ...85
RULE 83.1.2 GENERAL ORDER DOCKET................................................................86
RULE 83.2.1 RELEASE OF INFORMATION BY ATTORNEYS .............................87
RULE 83.2.2 SPECIAL ORDERS FOR THE PROTECTION OF THE ACCUSED OR............90
CIVIL CASES .............................................................................................................90
RULE 83.3 PHOTOGRAPHING, RECORDING AND BROADCASTING .............91
RULE 83.3.1 [DELETED].............................................................................................92
RULE 83.3.2 [DELETED].............................................................................................93
RULE 83.4 COURTROOM SEARCHES; COURTROOM SEATING.........................94
RULE 83.5.1 ADMISSION TO THE DISTRICT BAR ...............................................95
RULE 83.5.2 APPEARANCES.....................................................................................97
RULE 83.5.3 PRACTICE BY PERSONS NOT MEMBERS OF THE BAR ..............98
RULE 83.5.4 PRACTICE BY LAW STUDENTS .....................................................101
RULE 83.5.5 PRACTICE BY *PRO SE* LITIGANTS ...............................................104
RULE 83.5.6 ONGOING OBLIGATIONS.................................................................105
RULE 83.5.7 REGISTRATION FOR ELECTRONIC CASE ....................................106
MANAGEMENT/ELECTRONIC CASE FILES (CM/ECF)......................................106
RULE 83.6.1 RULES OF PROFESSIONAL CONDUCT .........................................107
RULE 83.6.2 JURISDICTION FOR DISCIPLINARY MATTERS ...........................108
RULE 83.6.3 FORMS OF MISCONDUCT ...............................................................109

RULE 83.6.4 FORMS OF DISCIPLINE ..................................................................... 110
RULE 83.6.6 TEMPORARY SUSPENSION .......................................................... 116
RULE 83.6.7 DISBARMENT BY CONSENT ....................................................... 118
RULE 83.6.8 DISCIPLINE AFTER CRIMINAL CONVICTION ............................... 119
RULE 83.6.9 RECIPROCAL DISCIPLINE ........................................................... 121
RULE 83.6.10 REINSTATEMENT ....................................................................... 123
RULE 83.6.11 PUBLIC ACCESS AND CONFIDENTIALITY ................................. 125
RULE 106.1 GRAND JURIES ............................................................................ 126
RULE 106.2 RELEASE OF INFORMATION BY COURTHOUSE PERSONNEL IN ........... 127
CRIMINAL CASES .......................................................................................... 127
RULE 112.1 MOTION PRACTICE ...................................................................... 128
RULE 112.2 EXCLUDABLE DELAY PURSUANT TO THE SPEEDY TRIAL ACT ........... 129
RULE 112.4 CORPORATE DISCLOSURE STATEMENT ...................................... 130
RULE 116.1 DISCOVERY IN CRIMINAL CASES ................................................ 131
RULE 116.2 DISCLOSURE OF EXCULPATORY EVIDENCE ............................... 135
RULE 116.3 DISCOVERY MOTION PRACTICE .................................................. 138
RULE 116.4 SPECIAL PROCEDURES FOR AUDIO AND VIDEO RECORDINGS ........... 140
RULE 116.5 STATUS CONFERENCES AND STATUS REPORTS PROCEDURE ........... 141
RULE 116.6 DECLINATION OF DISCLOSURE AND PROTECTIVE ORDERS ........... 145
RULE 116.7 DUTY TO SUPPLEMENT ................................................................ 146
RULE 116.8 NOTIFICATION TO RELEVANT LAW ENFORCEMENT AGENCIES OF ........ 147
DISCOVERY OBLIGATIONS ............................................................................. 147
RULE 116.9 PRESERVATION OF NOTES .......................................................... 148
RULE 116.10 REQUIREMENTS OF TABLE OF CONTENTS FOR VOLUMINOUS ........... 149
DISCOVERY ................................................................................................... 149
RULE 117.1 PRETRIAL CONFERENCES ........................................................... 150
RULE 117.2 SUBPOENAS IN CRIMINAL CASES INVOLVING COURT-APPOINTED ........ 153
COUNSEL ...................................................................................................... 153
RULE 118.1 EFFECTIVE DATE ......................................................................... 154
RULE 200 RENUMBERED AND AMENDED--SEE RULE 203 ............................. 155
RULE 201 REFERENCE TO BANKRUPTCY COURT .......................................... 156
RULE 202 BANKRUPTCY COURT JURY TRIALS ............................................. 157
RULE 203 BANKRUPTCY APPEALS ................................................................. 158
RULE 204 BANKRUPTCY COURT LOCAL RULES ............................................ 162
RULE 205 DISCIPLINARY REFERRALS BY BANKRUPTCY JUDGES ................. 163
RULE 206 CORE PROCEEDINGS REQUIRING FINAL ADJUDICATION BY THE ........... 164
DISTRICT COURT ........................................................................................... 164
APPENDIX A FEE SCHEDULE (LOCAL RULE 4.5 SUPPLEMENT) ..................... 165
APPENDIX B CIVIL COVER SHEET (JS44) ...................................................... 166
APPENDIX C LOCAL CIVIL CATEGORY SHEET .............................................. 167
APPENDIX D NOTICE OF SCHEDULING CONFERENCE ................................... 168

# PREFACE

At the request of the Committee on Rules and Practice of the Judicial Conference of the United States, local rules dealing with civil practice have been renumbered to key them to the Federal Rules of Civil Procedure. Accordingly, the numbering is not sequential. Criminal rules will be numbered from 100 to 199, and District Court rules relating to bankruptcy from 200 to 299.

## RULE 1.1  TITLE

These rules shall be known as Local Rules of the United States District Court for the District of Massachusetts and cited as "L.R., D. Mass." or "L.R."

*Effective September 1, 1990.*

## RULE 1.2  APPLICATION

**(a)**    **In General.** These local rules shall apply to all proceedings in the United States District Court for the District of Massachusetts.

**(b)**    **Cases Pending When Rules Adopted and Amended.** These rules became effective in this form on September 1, 1990, and have been amended from time to time thereafter. They shall, except as applicable time periods may have run, govern all actions and proceedings pending on or commenced after the date of adoption or amendment. Where justice so requires, proceedings in designated cases or other matters before the court on the effective date of the adoption or amendment of these rules shall be governed by the practice of the court before the adoption of these rules.

*Effective September 1, 1990; amended effective October 1, 1992.*

### RULE 1.3  SANCTIONS

Failure to comply with any of the directions or obligations set forth in, or authorized by, these rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer.

*Adopted effective October 1, 1992.*

## RULE 3.1  CIVIL COVER SHEET

The party filing the initial pleading shall also file a civil cover sheet in the form prescribed by the Judicial Conference of the United States (JS 44) and the local category sheet.

*Effective September 1, 1990.*

### RULE 4.1  SERVICE OF PROCESS--DISMISSAL FOR FAILURE TO MAKE SERVICE

**(a)**    **Time Limit.** Any summons not returned with proof that it was served within 90 days of the filing of the complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m).

**(b)**    **Showing of Good Cause for Failure to Comply.** Counsel and parties appearing pro se who seek to show good cause for the failure to make service within the 90-day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit. If on the 14th day following the expiration of the 90-day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court. The clerk shall furnish a copy of this local rule to counsel or pro se plaintiffs, together with the summons. Such notice shall constitute the notice required by Fed. R. Civ. P. 4(m). No further notice need be given by the court.

**(c)**    **Service According to State Practice.** In those cases where the Federal Rules of Civil Procedure authorize service of process to be made in accordance with state practice, it shall be the duty of counsel for the party seeking such service to furnish to the clerk forms of all necessary orders and sufficient copies of all papers to comply with the requirements of the state practice, together with specific instructions for the making of such service, if such service is to be made by the United States Marshal.

*Effective September 1, 1990; amended effective January 2, 1995; December 1, 2009; May 6, 2016.*

## RULE 4.2  FEES

**(a)**    **Generally.** Except as otherwise provided by law, the clerk and other officers and employees of the court shall not be required to perform any service for a party other than the United States for which a fee is lawfully prescribed, unless the amount of the fee, if it is known, or an amount sufficient to cover the fee reasonably expected by the officer to come due for performance of the service has been deposited with the court.

**(b)**    **Exceptions.** This provision shall not apply to the United States or a party who is proceeding in forma pauperis, or in any other situation where, in the judgment of the officer entitled to a fee, it is unnecessary to ensure payment of the fee and would work hardship or an injustice.

**(c)**    **Requests to Proceed In Forma Pauperis.** The clerk shall receive for filing all complaints and petitions accompanied by a request to proceed in forma pauperis, and shall note the date of filing. If the request is denied, the matter will be noted on the miscellaneous business docket. If the request is allowed, or the denial is reversed, the clerk shall file the complaint or petition on the civil docket. Requests to proceed in forma pauperis shall be accompanied by an affidavit containing details of the individual's financial status. (The recommended form is available without charge from the clerk's office.)

**(d)**    **Liability for Fees if Prevailing Party.** In seamen's cases, or cases in which the plaintiff is granted leave to proceed in forma pauperis, the plaintiff remains liable for filing and other fees in the event he or she is the prevailing party at settlement or otherwise, and he or she collects a money judgment or any costs taxed by the court or clerk. These fees are payable forthwith upon collection of any sums from the defendant.

**(e)**    **Notices of Appeal.** The clerk shall on request file notices of appeal whether or not accompanied by the required filing fee.

*Effective September 1, 1990. [See Appendix A. Local Rule 4.2 Supplement].*

## RULE 5.1  FORM AND FILING OF PLEADINGS

**(a)**     **Form and Signing of Papers.**

    **(1)**     The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings, motions, and other documents shall be applicable to all documents filed in any proceeding in this court. The board of bar overseers registration number of each attorney signing such documents, except the United States Attorney and his or her staff, shall be inscribed below the signature.

    **(2)**     All documents filed in the court shall be adapted for flat filing, be filed in 8 ½" x 11" printable format. All documents, except discovery requests and responses, shall be double-spaced except for the identification of counsel, title of the case, footnotes, quotations and exhibits. Discovery requests and responses shall be single-spaced. Except for complaints and notices of appeal, documents that do not conform to the requirements of this subsection shall be returned by the clerk.

**(b)**     **Time and Place of Filing.** Except as noted in Fed. R. Civ. P. 33-36, all documents required to be served under Fed. R. Civ. P. 5(d) shall, unless otherwise submitted to the court, be electronically filed with the office of the clerk within 7 days after service has been made.

**(c)**     **Requests for Special Action.** When any pleading or other document filed in the court includes a request for special process or relief, or any other request such that, if granted, the court will proceed other than in the ordinary course, the request shall, unless it is noted on the category sheet (see L.R. 40.1(a)(1)), be noted on the first page to the right of or immediately beneath the caption.

**(d)**     **Additional Copies.** Whenever, because of the nature of a proceeding, such as a proceeding before a three-judge district court under 28 U.S.C. § 2284, additional courtesy copies necessary either for the use of the court or to enable the clerk to carry out his or her duties, it is the responsibility of the party filing or having filed the document to provide the necessary copies.

*Effective September 1, 1990; amended effective December 1, 2009. Amended effective November 1, 2019*

## RULE 5.2  SERVICE AND FILING OF PLEADINGS AND OTHER PAPERS

**(a)**      **Manner of Service.** Service of all pleadings subsequent to the original complaint and of all other papers required to be served shall be made in the manner specified by Fed. R. Civ. P. 5.

**(b)**      **Service on Nonresident Attorney or Party Acting Pro Se.**

   **(1)**      ***Nonresident Attorney.*** On application of a party, the court may order an attorney who represents any other party and who does not maintain an office within this district where service can be made on the attorney by delivery as provided by Fed. R. Civ. P. 5(b) to designate a member of the bar of this court who does maintain such an office to receive service of all pleadings and other papers in his or her behalf.

   **(2)**      ***Party Acting Pro Se.*** On application of a party, the court may order any other party who is appearing without an attorney and who does not maintain an office or residence within this district where service can be made on the party by delivery as provided by Fed. R. Civ. P. 5(b) to designate an address within the district at which service can be made on him or her by delivery.

*Effective September 1, 1990. Amended effective November 1, 2019*

## RULE 5.3  [DELETED]

*Effective May 6, 2003; deleted effective [_____].*

## RULE 5.4  FILING AND SERVICE BY ELECTRONIC MEANS

**(a)**   **Electronic Filing Generally.** Unless exempt or otherwise ordered by the court, all pleadings and other papers submitted to the court must be filed, signed, and verified by electronic means as provided herein.

**(b)**   **ECF Administrative Procedures.** Subject to the supervision of the court, the clerk will maintain Electronic Case Filing (ECF) Administrative Procedures, including procedures for the registration of attorneys and other authorized users and for distribution of passwords to permit electronic filing. All electronic filings must be made in accordance with the ECF Administrative Procedures. The ECF Administrative Procedures will be generally available to the public and shall be posted on the court's web site.

**(c)**   **Service of Pleadings.** Unless exempt or otherwise ordered by the court, all pleadings and other papers must be served on other parties by electronic means. Transmission of the Notice of Electronic Filing (NEF) through the court's transmission facilities will constitute service of the filed document upon a registered ECF user.

**(d)**   **Deadlines.** Although the ECF system is generally available 24 hours a day for electronic filing, that availability will not alter filing deadlines, whether set by rule, court order, or stipulation. All electronic transmissions of documents must be completed prior to 6:00 p.m. to be considered timely filed that day.

**(e)**   **Civil Case Opening Documents.** All ECF filers registered in this district must file civil case opening documents, such as a complaint (or petition or notice of removal), civil action cover sheet, or category sheet, electronically. Cases which include sealed or *ex parte* documents and supporting materials presented contemporaneously with civil case opening documents may be filed and served initially in paper format and not electronically. *Pro se* filers, others exempt from electronic filing, or otherwise ordered by the court, may file case opening documents in paper format and not electronically. Whenever possible, at the time a civil case is submitted in paper format, the filing party may also file a disk with the clerk containing in PDF format the opening documents and any emergency motions and supporting papers not filed electronically.

**(f)**   **State Court Record in Removal Proceedings.** Within 28 days after filing a notice of removal in a civil action, a party removing an action under 28 U.S.C. §§ 1441-52 must electronically file certified or attested copies of all docket entries, records, and proceedings in the state. If exempt from electronic filing or otherwise ordered by the court, the removing party must file a disk with the clerk's office containing the state court record in PDF format.

**(g)**   **Exemptions.**

    **(1)**   ***Documents That Should Not Be Filed Electronically.*** The following types of documents must not be filed electronically:

    **(A)**    sealed documents;

    **(B)**    *ex parte* motions;

    **(C)**    documents generated as part of an alternative dispute resolution (ADR) process;

    **(D)**    such other types of documents as the clerk may direct in the ECF Administrative Procedures.

**(2)**    ***Documents That Need Not Be Filed Electronically.*** The following types of documents need not be filed electronically, but may be scanned into the ECF system by a filing party or the clerk:

    **(A)**    handwritten pleadings;

    **(B)**    documents filed by *pro se* litigants who are incarcerated or who are not registered ECF users;

    **(C)**    indictments, informations, criminal complaints, and the criminal JS45 form;

    **(D)**    affidavits for search or arrest warrants and related documents;

    **(E)**    documents received from another court under Fed. R. Crim. P. 20 or 40;

    **(F)**    appearance bonds;

    **(G)**    any document in a criminal case containing the original signature of a defendant, such as a waiver of indictment or a plea agreement;

    **(H)**    such other types of documents as the clerk may direct in the ECF Administrative Procedures.

*Adopted October 3, 2005 to be effective January 1, 2006; amended effective January 1, 2009; December 1, 2009.  Amended effective November 1, 2019*

# RULE 7.1  MOTION PRACTICE

**(a)    Control of Motion Practice.**

    **(1)    *Plan for the Disposition of Motions.*** At the earliest practicable time, the judicial officer shall establish a framework for the disposition of motions, which, at the discretion of the judicial officer, may include specific deadlines or general time guidelines for filing motions. This framework may be amended from time to time by the judicial officer as required by the progress of the case.

    **(2)    *Motion Practice.*** No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.

    **(3)    *Unresolved Motions.*** The court shall rule on motions as soon as practicable, having in mind the reporting requirements set forth in the Civil Justice Reform Act.

**(b)    Submission of Motion and Opposition to Motion.**

    **(1)    *Submission of Motion.*** A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.

    **(2)    *Submission of Opposition to a Motion.*** A party opposing a motion shall file an opposition within 14 days after the motion is served, unless (1) the motion is for summary judgment, in which case the opposition shall be filed within 21 days after the motion is served, or (2) another period is fixed by rule or statute, or by order of the court. A party opposing a motion shall file in the same (rather than a separate) document a memorandum of reasons, including citation of supporting authorities, why the motion should not be granted. Affidavits and other documents setting forth or evidencing facts on which the opposition is based shall be filed with the opposition. The 14-day period is intended to include the period specified by the civil rules for mailing time and provide for a uniform period regardless of the use of the mails.

    **(3)    *Additional Papers.*** All other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court.

    **(4)    *Length of Memoranda.*** Memoranda supporting or opposing allowance of motions shall not, without leave of court, exceed 20 pages, double-spaced.

**(c)**    **Service.** All papers filed pursuant to subsection (b) shall be served unless the moving party indicates in writing on the face of the motion that ex parte consideration is requested. Motions filed "ex parte" and related papers need not be served until the motion has been ruled upon or the court orders that service be made.

**(d)**    **Request for Hearing.** Any party making or opposing a motion who believes that oral argument may assist the court and wishes to be heard shall include a request for oral argument in a separate paragraph of the motion or opposition. The request should be set off with a centered caption, "REQUEST FOR ORAL ARGUMENT."

**(e)**    **Hearing.** If the court concludes that there should be a hearing on a motion, the motion will be set down for hearing at such time as the court determines.

**(f)**    **Decision of Motion Without Hearing.** Motions that are not set down for hearing as provided in subsection (e) will be decided on the papers submitted after an opposition to the motion has been filed, or, if no opposition is filed, after the time for filing an opposition has elapsed.

*Effective September 1, 1990; amended effective October 1, 1992; December 1, 2009*

## RULE 7.2  IMPOUNDED AND CONFIDENTIAL MATERIALS

**(a)**  **Generally.** Whenever a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court. The impounded material will be scanned and docketed in CMECF and restricted from public access.

**(b)**  **Expiration of Period.** If the impoundment order provides a cut-off date but no arrangements for custody, the clerk (without further notice to the court or the parties) shall remove the restriction in CMECF and make the material available to the public upon expiration of the impoundment period.

**(c)**  **Rulings on Motions.** Motions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded, unless the court orders otherwise.

**(d)**  **No Blanket Orders.** The court will not enter blanket orders that counsel for a party may at any time file material with the clerk, marked confidential, with instructions that the clerk withhold the material from public inspection. A motion for impoundment must be presented each time a document or group of documents is to be filed.

*Effective September 1, 1990. Amended effective November 1, 2019*

## RULE 7.3  [DELETED]

*Adopted December 4, 2000; effective January 1, 2001; deleted effective [_____].*

## RULE 15.1  ADDITION OF NEW PARTIES

**(a)**    **Amendments Adding Parties.** Amendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party.

**(b)**    **Service on New Party.** A party moving to amend a pleading to add a new party shall serve, in the manner contemplated by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least 14 days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed. A motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the new party as required by this rule.

*Adopted effective October 1, 1992; amended effective January 2, 1995; December 1, 2009.*

## RULE 16.1  EARLY ASSESSMENT OF CASES

**(a)**    **Scheduling Conference in Civil Cases.** In every civil action, except in categories of actions exempted by L.R. 16.2 as inappropriate for scheduling procedures, the judicial officer shall convene a scheduling conference as soon as practicable, but in any event within 60 days after the appearance of a defendant and within 90 days after the complaint has been served on a defendant. In cases removed to this court from a state court or transferred from any other federal court, the judicial officer shall convene a scheduling conference within 60 days after removal or transfer.

**(b)**    **Obligation of Counsel to Confer.** Unless otherwise ordered by the judicial officer, counsel for the parties must, pursuant to Fed. R. Civ. P. 26(f), confer at least 21 days before the date for the scheduling conference for the purpose of:

> **(1)**    preparing an agenda of matters to be discussed at the scheduling conference,

> **(2)**    preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

> **(3)**    considering whether they will consent to trial by magistrate judge.

**(c)**    **Settlement Proposals**. Unless otherwise ordered by the judicial officer, the plaintiff shall present written settlement proposals to all defendants no later than 14 days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

**(d)**    **Joint Statement.** Unless otherwise ordered by the judicial officer, the parties are required to file, no later than 7 days before the scheduling conference and after consideration of the topics contemplated by Fed. R. Civ. P. 16(b), 16(c), and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

> **(1)**    a joint discovery plan scheduling the time and length for all discovery events, that shall

>> **(a)**    conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

>> **(b)**    take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

> **(2)**    a proposed schedule for the filing of motions; and

**(3)**    certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

(A)    with a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation; and

(B)    to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in L.R. 16.4.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judicial officer of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judicial officer as advisory only.

**(e)    Conduct of Scheduling Conference.** At or following the scheduling conference, the judicial officer shall make an early determination of whether the case is "complex" or otherwise appropriate for careful and deliberate monitoring in an individualized and case-specific manner. The judicial officer shall consider assigning any case so categorized to a case management conference or series of conferences under L.R. 16.3. The factors to be considered by the judicial officer in making this decision include:

**(1)**    the complexity of the case (the number of parties, claims, and defenses raised, the legal difficulty of the issues presented, and the factual difficulty of the subject matter);

**(2)**    the amount of time reasonably needed by the litigants and their attorneys to prepare the case for trial;

**(3)**    the judicial and other resources required and available for the preparation and disposition of the case;

**(4)**    whether the case belongs to those categories of cases that:

(A)    involve little or no discovery,

(B)    ordinarily require little or no additional judicial intervention, or

(C)    generally fall into identifiable and easily managed patterns;

**(5)**    the extent to which individualized and case-specific treatment will promote the goal of reducing cost and delay in civil litigation; and

**(6)**     whether the public interest requires that the case receive intense judicial attention.

In other respects, the scheduling conference shall be conducted according to the provisions for a pretrial conference under Fed. R. Civ. P. 16 and for a case management conference under L.R. 16.3.

**(f)     Scheduling Orders.** Following the conference, the judicial officer shall enter a scheduling order that will govern the pretrial phase of the case. Unless the judicial officer determines otherwise, the scheduling order shall include specific deadlines or general time frameworks for:

**(1)**     amendments to the pleadings;

**(2)**     service of, and compliance with, written discovery requests;

**(3)**     the completion of depositions, including, if applicable, the terms for taking and using videotape depositions;

**(4)**     the identification of trial experts;

**(5)**     the sequence of disclosure of information regarding experts contemplated by Fed. R. Civ. P. 26(b);

**(6)**     the filing of motions;

**(7)**     a settlement conference, to be attended by trial counsel and, in the discretion of the judicial officer, their clients;

**(8)**     one or more case management conferences and/or the final pretrial conference;

**(9)**     a final pretrial conference, which shall occur within 18 months after the filing of the complaint;

**(10)**     the joinder of any additional parties;

**(11)**     any other procedural matter that the judicial officer determines is appropriate for the fair and efficient management of the litigation.

**(g)     Modification of Scheduling Order.** The scheduling order shall specify that its provisions, including any deadlines, having been established with the participation of all parties, can be modified only by order of the judicial officer, and only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record.

*Adopted effective October 1, 1992; amended effective January 2, 1995; December 10, 1996;*
*December 4, 2000; January 2, 2001; December 1, 2009; June 7, 2016 .*

## RULE 16.2  EXEMPTIONS FROM FED. R. CIV. P. 16(b)

The following categories of actions (based upon the numbered "Nature of Suit" list on form JS 44) are exempted in this district from the scheduling and planning provisions of Fed. R. Civ. P. 16(b), as inappropriate actions for such scheduling and planning:

CONTRACT
    150 Recovery of Overpayment & Enforcement of Judgment
    152 Recovery of Defaulted Student Loans
    153 Recovery of Overpayment of Veterans Benefits

REAL PROPERTY
    210 Condemnation
    220 Foreclosure
    230 Rent Lease & Ejectment
    245 Tort Product Liability - Asbestos Cases Only

PRISONER PETITIONS
    510 Vacate Sentence (2255)
    530 Habeas Corpus
    535 Death Penalty
    540 Mandamus & Other
    550 Civil Rights
    555 Prison Condition Cases
    560 Civil Detainee - Conditions of Confinement

FORFEITURE/PENALTY
    625 Drug Related Seizure

BANKRUPTCY
    422 Appeal (22 U.S.C. 158)
    423 Withdrawal (28 U.S.C. 157)

SOCIAL SECURITY
    861 HIA (1395ff)
    862 Black Lung (923)
    863 DIWC/DIWW (405(g))
    864 SSID Title XVI
    865 RSI (405(g))

TAX SUITS
    871 IRS--Third Party (26 U.S.C. 7609)
OTHER STATUTES
    400 State Reapportionment
    450 Commerce

22

*Effective September 1, 1990.; amended effective January 3, 2012*

## RULE 16.3  CASE MANAGEMENT CONFERENCES

**(a)**    **Conduct of Case Management Conferences.** Case management conferences shall be presided over by a judicial officer who, in furtherance of the scheduling order required by L.R. 16.1(f), may:

    **(1)**    explore the possibility of settlement;

    **(2)**    identify or formulate (or order the attorneys to formulate) the principal issues in contention;

    **(3)**    prepare (or order the attorneys to prepare) a specific discovery schedule and discovery plan that, if the presiding judicial officer deems appropriate, might:

        **(A)**    identify and limit the volume of discovery available in order to avoid unnecessary or unduly burdensome or expensive discovery;

        **(B)**    sequence discovery into two or more stages; and

        **(C)**    include time limits set for the completion of discovery;

    **(4)**    establish deadlines for filing motions and a time framework for their disposition;

    **(5)**    provide for the "phased resolution" or "bifurcation of issues for trial" consistent with Fed. R. Civ. P. 42(b); and

    **(6)**    explore any other matter that the judicial officer determines is appropriate for the fair and efficient management of the litigation.

**(b)**    **Obligation of Counsel to Confer.** The judicial officer may require counsel for the parties to confer before the case management conference for the purpose of preparing a joint statement containing:

    **(1)**    an agenda of matters that one or more parties believe should be addressed at the conference; and

    **(2)**    a report advising the judicial officer whether the case is progressing within the allotted time limits and in accord with the specified pretrial steps.

This statement is to be filed with the court no later than 7 days before the case management conference.

**(c)**   **Additional Case Management Conferences.** Nothing in this rule shall be construed to prevent the convening of additional case management conferences by the judicial officer as may be thought appropriate in the circumstances of the particular case. In any event, a conference should not terminate without the parties being instructed as to when and for what purpose they are to return to the court.

*Adopted effective October 1, 1992, amended effective December 1, 2009.*

## RULE 16.4  ALTERNATIVE DISPUTE RESOLUTION

**(a)**    **Generally.** The judicial officer assigned to preside over the case shall encourage the resolution of disputes by settlement or other alternative dispute resolution programs.

**(b)**    **Settlement.** At every conference conducted under these rules, the judicial officer shall inquire as to the utility of the parties conducting settlement negotiations, explore means of facilitating those negotiations, and offer whatever assistance may be appropriate in the circumstances. Assistance may include a reference of the case to another judicial officer for settlement purposes. Whenever a settlement conference is held, a representative of each party who has settlement authority must attend in person or be available by telephone, with permission of the judicial officer presiding over the settlement conference.

**(c)**    **Alternative Dispute Resolution Programs.**

**(1)**    ***Discretion of Judicial Officer.*** The judicial officer, following an exploration of the matter with all counsel, may refer appropriate cases to alternative dispute resolution programs that have been designated for use in the court or that the judicial officer may make available. The dispute resolution programs described in subsections (2) through (4) are illustrative, not exclusive. Moreover, nothing herein shall preclude the parties from engaging in private dispute resolution programs as long as they comply with any schedule established by the court.

**(2)**    ***Mediation.***

**(A)**    The judicial officer may refer the case to mediation upon the agreement of all parties.

**(B)**    The mediator selected will be assigned from the senior district judges and magistrate judges who have volunteered to handle alternative dispute resolution matters.

**(C)**    The mediator shall meet, either jointly or separately, with each party and counsel for each party and shall take any other steps that may appear appropriate in order to assist the parties to resolve the impasse or controversy. A representative of each party with settlement authority must attend each mediation session unless alternative arrangements are approved by the mediator.

**(D)**    If mediation does not result in a resolution of the dispute, the mediator shall promptly report the termination of mediation to the judicial officer.

**(E)**    If an agreement is reached between the parties on any issues, the mediator shall make appropriate note of that agreement and refer the parties to the judicial officer for entry of a court order.

26

**(F)**    Any communication related to the subject matter of the dispute made during the mediation by any participant, mediator, or any other person present at the mediation shall be a confidential communication to the full extent contemplated by Fed. R. Evid. 408. No admission, representation, statement, or other confidential communication made in setting up or conducting the proceedings not otherwise discoverable or obtainable shall be admissible as evidence or subject to discovery.

**(G)**    Mediators serve under the supervision of the liaison magistrate judge in charge of the alternative dispute resolution program and the chief judge.

**(3)**    ***Other Alternate Dispute Resolution Programs.*** Use of mediation is not exclusive. At the request of parties, the judicial officer may consider other forms of alternative dispute resolution including, but not limited to, mini-trial, summary jury trial and arbitration.

**(4)**    ***Limited Appointment of Counsel.***

**(A)**    Upon request of an unrepresented party, the judicial officer may appoint counsel for the limited purpose of providing legal advice and representation in preparation for and during the course of mediation or early neutral evaluation ordered under this rule. Although the scope of this representation is limited, counsel shall provide such services as counsel deems appropriate to the mediation, including but not limited to review of the pleadings, communication with opposing counsel, and interviews with the client and such key witnesses as may be necessary in advance of the mediation or early neutral evaluation.

**(B)**    Counsel appointed under this subsection shall be a member in good standing of the bar of this court, shall agree to serve without compensation from the party and shall file a limited representation appearance on a form provided by the clerk confirming counsel's consent to serve pro bono and for the limited purpose of assisting the otherwise unrepresented party in the alternative dispute resolution process ordered for the case in which the appearance is filed. The client shall be required to sign the entry of appearance as an indication of the client's consent to and understanding of the nature of the limited scope of representation.

**(C)**    The court-appointed representation shall terminate, and appointed counsel shall have no further obligation to advise or otherwise appear on behalf of the party, when the alternative dispute resolution process is concluded and any resulting settlement agreement is executed. Nothing in this rule prohibits the party and counsel from continuing the legal representation on terms they may negotiate, subject to approval of the court. Appointed

27

counsel may not condition the undertaking of the party's representation on the making of such agreement.

*Adopted effective October 1, 1992, amended June 2, 2015.*

## RULE 16.5  FINAL PRETRIAL CONFERENCE

**(a)**    **Schedule of Conference.** The judicial officer to whom the case is assigned for trial may set a new date for the final pretrial conference if that judicial officer determines that resolution of the case through settlement or some other form of alternative dispute resolution is imminent.

**(b)**    **Representation by Counsel; Settlement.** Unless excused by the judicial officer to whom the case is assigned for trial, each party shall be represented at the final pretrial conference by counsel who will conduct the trial. Counsel shall have full authority from their clients with respect to settlement and shall be prepared to advise that judicial officer as to the prospects of settlement.

**(c)**    **Disclosures Preliminary to the Pretrial Conference.** As provided in L.R. 26.4(a), the disclosure regarding experts required by Fed. R. Civ. P. 26(a)(2) shall be made at least 90 days before the final pretrial conference. No later than 28 days before the date of the pretrial conference the parties shall make the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3). Any objections to the use of the evidence identified in the pretrial disclosure required by Fed. R. Civ. P. 26(a)(3) shall be made before counsel confer regarding the pretrial memorandum, shall be a subject of their conference and shall not be filed with the court unless the objections cannot be resolved. Filing of such objections shall be made pursuant to subsection (d)(12) of this rule.

**(d)**    **Obligation of Counsel to Confer and Prepare Pretrial Memorandum.** Unless otherwise ordered by the judicial officer to whom the case is assigned for trial, counsel for the parties shall confer no later than 14 days before the date of the final pretrial conference for the purpose of jointly preparing a pretrial memorandum for submission to the judicial officer. Unless otherwise ordered by the judicial officer to whom the case is assigned for trial, the parties are required to file, no later than 7 days prior to the pretrial conference, a joint pretrial memorandum which shall set forth:

    **(1)**    a concise summary of the evidence that will be offered by:

        **(A)**    plaintiff;

        **(B)**    defendant; and

        **(C)**    other parties;

with respect to both liability and damages (including special damages, if any);

    **(2)**    the facts established by pleadings or by stipulations or admissions of counsel;

    **(3)**    contested issues of fact;

    **(4)**    any jurisdictional questions;

**(5)**    any questions raised by pending motions;

**(6)**    issues of law, including evidentiary questions, together with supporting authority;

**(7)**    any requested amendments to the pleadings;

**(8)**    any additional matters to aid in the disposition of the action;

**(9)**    the probable length of the trial;

**(10)**    the names, addresses and telephone numbers of witnesses to be called (expert and others) and whether the testimony of any such witness is intended to be presented by deposition;

**(11)**    the proposed exhibits; and

**(12)**    the parties' respective positions on any remaining objections to the evidence identified in the pretrial disclosure required by Fed. R. Civ. P. 26(a)(3).

**(e)**    **Conduct of Conference.** The agenda of the final pretrial conference, when possible and appropriate, shall include:

**(1)**    a final and binding definition of the issues to be tried;

**(2)**    the disclosure of expected and potential witnesses and the substance of their testimony;

**(3)**    the exchange of all proposed exhibits;

**(4)**    a pretrial ruling on objections to evidence;

**(5)**    the elimination of unnecessary or redundant proof, including the limitation of expert witnesses;

**(6)**    a consideration of the bifurcation of the issues to be tried;

**(7)**    the establishment of time limits and any other restrictions on the trial;

**(8)**    a consideration of methods for expediting jury selection;

**(9)**    a consideration of means for enhancing jury comprehension and simplifying and expediting the trial;

**(10)**    a consideration of the feasibility of presenting direct testimony by written statement;

**(11)** the exploration of possible agreement among the parties on various issues and encouragement of a stipulation from the parties, when that will serve the ends of justice, including:

    **(A)** that direct testimony of some or all witnesses will be taken in narrative or affidavit form, with right of cross-examination reserved;

    **(B)** that evidence in affidavit form will be read to the jury by the witnesses, or by counsel or another reader with court approval; and

    **(C)** that time limits shorter than those set forth in L.R. 43.1 be used for trial; and

**(12)** a consideration of any other means to facilitate and expedite trial.

**(f)** **Trial Brief.** A trial brief, including requests for rulings or instructions, shall be filed by each party 7 days before the commencement of trial. Each party may supplement these requests at the trial if the evidence develops otherwise than as anticipated.

*Adopted effective October 1, 1992; amended effective January 2, 1995; December 1, 2009.*

## RULE 16.6  PATENT PROCEEDINGS

**(a)**    **Applicability of Rule.**  Except as otherwise provided in any federal rule or statute(including the Federal Rules of Civil Procedure and the Patent Act), the following procedures and deadlines shall govern all actions, including declaratory judgment actions, involving disputes over the infringement, validity, or enforceability of a United States patent.  In the event of a conflict between this rule and another local rule of this court, this rule shall control.

The court may modify the obligations or deadlines set forth in this rule based on the circumstances of the particular case, including the simplicity or complexity of the case as shown by the patents, claims, products, or parties involved.

**(b)**    **Definitions.**  As used in this rule, the following terms shall have the following meanings.

**(1)**    **Patentee.**  The term "patentee" refers to the party that owns or otherwise has rights to assert the patent(s)-in-suit, such as an exclusive licensee.

**(2)**    **Accused Infringer.**  The term "accused infringer" refers to the party accused of infringement or, in the case of a declaratory judgment action, the party challenging the validity, enforceability, or infringement of the patent(s)-in-suit.

**(3)**    **Real Party in Interest – Patentee.**  The term "real party in interest," when used with respect to the patentee, refers to any person or entity that, alone or in combination, owns a controlling interest in, or otherwise controls, the patentee or the patent(s)-in-suit, and to any person or entity that, alone or in combination, owns a controlling interest in, or otherwise controls, an entity that owns or controls the patentee or patent(s)-in-suit

**(4)**    **Real Party in Interest – Accused Infringer.**  The term "real party in interest," when used with respect to the accused infringer, refers to any person or entity that, alone or in combination, owns a controlling interest in, or otherwise controls, the accused infringer.

**(c)**    **Scheduling Procedures.**  At the initial scheduling conference under L.R. 16.1 and 16.3, the court shall set a schedule in accordance with the following provisions.

**(1)**    **Trial.**  The court shall schedule a trial (whether bench or jury) to be held within 24 months after the conference.

**(2)**    **Claim-Construction Hearing.**  The court shall schedule a claim-construction hearing to be held within 9 months after the conference.

**(3)**    **Status Conferences.**  The court may consider the need for periodic status conferences, including a status conference to be held after the claim construction hearing but before the end of discovery.  If the court schedules a post-*Markman-*

hearing status conference, the parties shall meet and confer at least 14 days before the status conference to discuss the following issues:

(A)    the impact of the claim-construction ruling, if the ruling is then available;

(B)    narrowing of the issues;

(C)    proposed adjustments to the scheduling order; and

(D)    whether all parties agree to seek mediation or other alternative dispute resolution pursuant to L.R. 16.4.

The parties shall file, at least 7 days before such a status conference, a joint statement addressing those issues.

**(4)    Fact Discovery.**  The court shall set the close of fact discovery for no later than 15 months after the initial scheduling conference, or 60 days after entry of the court's ruling on claim construction, whichever is later.

**(5)    Expert Discovery.**  The court shall set the close of expert discovery for no later than 18 months after the initial scheduling conference, or 90 days after the close of fact discovery, whichever is later.

**(6)    Protective Order.**  If the parties seek protections beyond those provided in the default protective order set forth in subsection (d)(6), they should submit a proposed protective order with the joint statement.  If there is not complete agreement as to its terms, then the plaintiff's position and the defendant's position should be identified in the proposal.  Nothing in this subsection shall limit the right of any party to seek additional or different protections at a later time.

**(d)    Automatic Patent-Related Disclosures.**  In addition to the automatic required disclosures required by L.R. 26.2(a), the parties shall make the following additional disclosures.  Such disclosures shall be made to all opposing parties, but should not be filed with the court.

**(1)    Patentee's Preliminary Patent-Related Disclosures.**  Not later than 21 days after the initial scheduling conference under L.R. 16.1 and 16.3, or at such other time as the court may order, the patentee shall make the following disclosures:

(A)    **Infringement Claim Charts.**  Infringement claim charts identifying, with as much specificity as reasonably possible from publicly available information or other information then within the patentee's possession, custody, or control:

(i)    each accused product and/or method;

(ii)    the patent(s) and the claim(s) each product or method allegedly infringes;

33

(iii) an element-by-element description of where and how each element of each asserted claim is found in each accused product or method;

(iv) as to each element that the patentee contends is a means-plus function term under 35 U.S.C. § 112, the identity of the structures acts, or materials in the accused product(s) or method(s) that perform the claimed function;

(v) whether each element of each asserted claim is asserted to be present literally or under the doctrine of equivalents;

(vi) which subsections of 35 U.S.C. § 271 apply; and

(vi) if any alleged infringement is based on the acts of multiple parties, the role of each such party in the infringement.

**(B)** **Prosecution History.**  Copies of the prosecution histories for each asserted patent, including any parent applications and provisional applications from which the asserted patents descend and to which each asserted patent claims priority.  The patentee shall also produce any non-privileged documents in its possession, custody, or control concerning the conception and reduction to practice of the invention claimed in the asserted patents, including but not limited to lab notebooks (electronic or otherwise).

**(C)** **Ownership Evidence.**  Documents (including, without limitation, any licenses or assignments) sufficient to establish that the patentee owns the asserted patent(s) or has the authority to assert the patent(s).

**(D)** **Real Parties in Interest.**  Documents sufficient to establish the identity of all real parties in interest as to the patentee and the asserted patent(s).

**(2)** **Conference Concerning Preliminary Patent Disclosures.**  Not later than 21 days after the patentee's preliminary disclosures, the parties shall meet and confer about the following issues:

(A) the sufficiency of the patentee's disclosures under subsection (d)(1); provided, however, that those disclosures, as well as the accused infringer's disclosures in subsection (d)(4), are preliminary and may be amended with leave of court during the discovery period; and

(B) a plan for the accused infringer's compliance with the disclosure requirements of subsection (d)(4), including the feasibility of, and procedures for, production or inspection of exemplary samples of the accused products and methods, technical documents, and/or source code.

**(3)**     **Effect of Incomplete or Disputed Disclosures.** The parties' failure to agree on the sufficiency of the patentee's disclosures or a plan for the accused infringer's compliance with its disclosure obligations shall not entitle the accused infringer to avoid or delay its disclosure obligations in subsection (d)(4).

**(4)**     **Accused Infringer's Preliminary Production of Technical Documents, Source Code, and Samples of Accused Products.** Not later than 21 days after the conference required under subsection (d)(2), and subject to any agreement of the parties as to the contours of production or inspection, the accused infringer shall make the following disclosures:

    **(A)**     **Technical Documents.** Documents sufficient to show the composition, operation, construction, and performance of the accused components, elements, or functionality identified in the patentee's infringement claim charts under subsection (d)(1)(A). Such documents may include, for example, source code, specifications, schematics, flow charts, artwork, and formulas.

    **(B)**     **Samples.** Sufficient samples of the accused products (or products that perform or were produced by the accused methods). When production is not practicable, the accused infringer shall permit inspection of the accused product(s) or method(s), provided that the accused infringer is only required to permit inspection of a method that continues to be practiced in the ordinary course of business.

    **(C)**     **Source Code.** Source code, if relevant, subject to any protective order or procedures on which the parties may agree.

    **(D)**     **Noninfringement Claim Charts.** Noninfringement charts identifying specifically which elements of the asserted claims each accused product or method fails to practice.

    **(E)**     **Invalidity Claim Charts − Anticipation or Obviousness.** Invalidity claim charts identifying all prior art that such party contends anticipates or renders obvious the patent claims identified by the patentee.

        (i)     For each such prior-art reference, the accused infringer shall specify whether it anticipates or renders the asserted claim obvious and shall also identify specifically where in each alleged reference each element of each asserted claim can be found. For each element that the accused infringer contends is a means-plus-function term under 35 U.S.C. § 112, the chart shall include the identity of the structures, acts, or materials in each prior-art reference that perform the claimed function.

       (ii)     If the accused infringer asserts that a combination of prior-art references renders a claim obvious, then the accused infringer shall identify each such combination and the reason to combine the

            references.  For each combination, the accused infringer shall identify specifically where in the combination of references each element of each asserted claim can be found.  For each element that the accused infringer contends is a means-plus-function term under 35 U.S.C. § 112, the chart shall include the identity of the structures, acts, or materials in each combination that performs the claimed function.  If applicable, the accused infringer shall also identify the primary and secondary references in each such combination.

    **(F)**    **Other Grounds for Invalidity.**  Any asserted grounds of invalidity based on patentability under 35 U.S.C. § 101, indefiniteness under 35 U.S.C § 112, or lack of enablement or written description under 35 U.S.C. § 112 of any of the asserted claims.

    **(G)**    **Supporting Evidence for Invalidity Defense.**  Documents sufficient to support any asserted invalidity defense.

    **(H)**    **Identity of Real Parties in Interest.**  Documents sufficient to establish the identity of all real parties in interest as to the accused infringer.

**(5)**    **Amendments to Preliminary Patent-Related Disclosures.**  The preliminary patent-related disclosures of subsections (d)(1) and (d)(4) may be amended and supplemented only by leave of court upon a timely showing of good cause. Nonexhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include:

    (A)    a claim construction by the court that is different from that proposed by the party seeking amendment within 28 days of the court's claim construction ruling,

    (B)    discovery of material prior art that was not located, despite diligent efforts, before the service of the invalidity contentions; and

    (C)    discovery of nonpublic information about the asserted infringement that was not discovered or located, despite diligent efforts, before the service of the infringement claim charts.

The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend disclosures.  If one party is allowed to amend its

disclosures, the opposing party may, within 28 days after service of the amended disclosure, serve responsive amended disclosures.

**(6)**    **Default Protective Order.**  As set forth in subsection (c)(6), any party may seek a case-specific protective order.  Until such a case-specific protective order is entered, the following default protective order shall govern the handling of confidential information:

> Documents and information that either party in good faith believes are confidential may be produced in discovery with the designation "Confidential Pursuant to the Court's Default PO." Until such time as the designation is altered or removed by the parties' agreement or by court order, a so-designated document may only be accessed by the parties' outside counsel, the court, and their personnel.

**(7)**    **Challenges to Confidentiality Designations.**  Any party may move to challenge or amend the confidentiality designations of any documents or information produced under subsections (d)(1)-(5).

**(8)**    **Relation to Other Discovery.**  In addition to the automatic disclosures, any party may conduct other forms of discovery, including interrogatories, requests for production of documents, requests for admissions, and depositions, in accordance with any scheduling order set by the court.

**(9)**    **Resolution of Disputes.**  Any party seeking to file a motion to resolve a dispute arising out of these disclosure obligations must follow the procedures applicable to discovery disputes set forth in L.R. 37.1.

**(e)**    **Claim-Construction Proceedings.**

**(1)**    **Joint Statement.**

(A)    Not later than 21 days after completion of the automatic patent-related disclosures of subsections (d)(1)-(4), the parties shall simultaneously exchange a list of claim terms to be construed and their proposed constructions.

(B)    Within 7 days of the exchange of claim terms, the parties shall confer to see if agreement can be reached on the construction of claim terms and the number of claims to be considered.

(C)    The parties may jointly present to the court no more than 10 claim terms for construction; provided, however, that, for good cause, either party, after conferring with the other parties, may petition the court to increase the number of claim terms for construction.  Factors supporting good cause include, without limitation, the complexity of the patented technology, the number of asserted claims and patents, the lack of relation

37

among the asserted patents, the number and complexity of invalidity defenses, and the number and diversity of accused products or methods.

(D)    Within 14 days after the exchange of claim terms, the parties shall prepare and file a joint statement of the number of claims and terms to be construed.  The joint statement shall include a joint claim-construction chart listing the claim terms in the order in which the parties would like the court to construe

them and noting each party's proposed construction of each term.  The parties may use the form shown below.

| TERM | PATENT OWNER'S CONSTRUCTION | ACCUSED INFRINGER'S CONSTRUCTION | COURT'S CONSTRUCTION |
|------|------|------|------|
|  |  |  |  |
|  |  |  |  |

**(2)**    **Opening Claim-Construction Briefs.**  Not later than 21 days after filing the joint statement, the parties shall simultaneously exchange and file opening claim construction briefs.

**(3)**    **Expert Testimony.**  Any party seeking to rely on expert testimony to support claim construction must include with its opening brief an expert declaration.  The offering party must make the expert available for deposition not later than 21 days before the responsive due date.  Either party may cite to the expert deposition testimony in its responsive brief.  Other than the initial declaration and deposition testimony, no further expert testimony shall be permitted unless the court requests further testimony or for good cause shown.

**(4)**    **Responsive Briefs.**  Not later than 42 days following exchange and filing of the opening claim-construction briefs, the parties shall simultaneously exchange and file responsive briefs.  This 42-day response period is intended to allow for depositions of opposing experts.

**(5)**    **Page Limits.**  Absent leave of court, the page limits of L.R. 7.1(b)(4) shall apply to all briefs.

**(6)**    **Tutorials.**  At the court's request, the parties may exchange and file tutorials, preferably in the form of a short video or slide presentation, at least 14 days before the claim-construction hearing.  The court may also, at its own election, seek an independent third party to educate the court on the disputed technology.

**(7)**    **Hearing**.  Unless the court orders otherwise, the claim-construction hearing shall proceed by attorney argument only.  Any party seeking to present live witness

testimony (expert or otherwise) at the hearing must obtain the court's approval, which it may grant in its discretion. The court may also order an evidentiary hearing *sua sponte*.

**(f)    Reliance on Advice of Counsel.**  The following requirements apply to any party relying on advice of counsel as part of a patent-related claim or defense.

**(1)    Disclosure of Written Opinion.**  Not later than 28 days after entry of the court's claim-construction ruling, each party relying upon advice of counsel must produce the opinion(s) and any other documentation relating to the opinion as to which that party agrees the attorney-client or work-product protection has been waived.

**(2)    Disclosure of Oral Advice.**  If a party is relying on oral advice, such party must, within 28 days of the court's claim-construction ruling, provide a written summary of any oral advice and produce or make available for inspection and copying any documents related to, or supporting, the summary for which the attorney-client and work-product protection has been waived and make available for deposition the people involved.

**(3)    Privilege Log.**  Each party relying upon advice of counsel must, at the time of any disclosure under subsection (1) or (2), also serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) that the party is withholding on the grounds of attorney-client privilege or work-product protection.

**(4)    Failure to Comply.**  A party that does not comply with these requirements will not be permitted to rely on the advice of counsel for any purpose, absent a stipulation of all parties or an order of the court, which will be granted only for good cause shown.

*Adopted effective June 1, 2018.*

# RULE 26.1  CONTROL OF DISCOVERY

**(a)**   **Cooperative Discovery.** The judicial officer should encourage cost effective discovery by means of voluntary exchange of information among litigants and their attorneys. This may be accomplished through the use of:

    **(1)**   informal, cooperative discovery practices in which counsel provide information to opposing counsel without resort to formal discovery procedures; or

    **(2)**   stipulations entered into by the parties with respect to deposition notices, waiver of signing, and other matters, except that the parties may not enter into stipulations extending the time for responding to discovery requests or otherwise modify discovery procedures ordered by the judicial officer.

**(b)**   **Disclosure Orders.** The judicial officer may order the parties to submit at the scheduling conference, or at any subsequent time the officer deems appropriate, sworn statements disclosing certain information to every other party. At the discretion of the judicial officer, this order may direct the submission of:

    **(1)**   a sworn statement from a claimant, whether plaintiff, third-party plaintiff, crossclaimant, or counter-claimant, that:

        **(A)**   itemizes all economic loss and provides a computation of damages for which recovery is sought, if any, sustained before the date of service of process;

        **(B)**   identifies all persons then known to the claimant or the claimant's attorney who witnessed or participated in the transaction or occurrence giving rise to the claim or otherwise known or believed to have substantial discoverable information about the claim or defenses, together with a statement of the subject and a brief summary of that information;

        **(C)**   identifies all opposing parties, and all officers, directors, and employees of opposing parties, from whom statements have been obtained by or on behalf of the claimant regarding the subject matter of the claim; and

        **(D)**   identifies all governmental agencies or officials then known to the claimant or the claimant's attorney to have investigated the transaction or occurrence giving rise to the claim; and

    **(2)**   a sworn statement from a defendant, whether the direct defendant, third-party defendant, crossclaim defendant, or counterclaim defendant, that identifies:

**(A)**    all persons then known to the defendant or the defendant's attorneys who witnessed the transaction or occurrence giving rise to the claim or otherwise is known or believed to have substantial discoverable information about the claims or defenses, together with a statement of the subject and a brief summary of that information;

**(B)**    all opposing parties, and all officers, directors, and employees of opposing parties, from whom statements have been obtained by or on behalf of the defendant regarding the subject matter of the claims or defenses; and

**(C)**    all government agencies or officials then known to the defendant or the defendant's attorneys to have investigated the transaction or occurrence giving rise to the claims or defenses.

Noncompliance may be excused only by order of the judicial officer.

**(c)**    **Discovery Event Limitations.** Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to 10 depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production. For purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

*Adopted effective October 1, 1992; amended effective January 2, 1995.*

41

# RULE 26.2  SEQUENCES OF DISCOVERY

**(a)**　**Automatic Required Disclosure.** Unless otherwise ordered by the judicial officer, the disclosure required by Fed. R. Civ. P. 26(a)(1) should be made as soon as practicable and in any event must be made at or within 14 days after the meeting required by Fed. R. Civ. P. 26(f) and L.R. 16.1(b). Except as provided in Fed. R. Civ. P. 26(d)(2), and unless otherwise ordered by the judicial officer, a party must provide to other parties disclosure of the information and materials called for by Fed. R. Civ. P. 26(a)(1) before that party may initiate discovery.

**(b)**　**Further Discovery.** Should a party exhaust the opportunities for any type of discovery events under L.R. 26.1(c), any requests that such party may make for additional interrogatories, depositions, admissions or the production of documents beyond that allowed pursuant to L.R. 26.1(c) shall be by discovery motion. All requests for additional discovery events, extensions of deadlines, for the completion of discovery or for postponement of the trial must be signed by the attorney and the party making the request.

**(c)**　**Certification of Discovery Motions.** The judicial officer shall not consider any discovery motion that is not accompanied by a certification, as required by L.R. 7.1(a)(2) and L.R. 37.1(b), that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion. In evaluating any discovery motion, the judicial officer may consider the desirability of conducting phased discovery, as contemplated by L.R. 26.3.

**(d)**　**Removed and Transferred Actions.** In all actions removed to this court or transferred to this court from another federal court, the submission required by subsection (a) shall be made as prescribed in that subsection, and if discovery was initiated before the action being removed or transferred to this court, then the submission required by subsection (a) shall be made within 21 days of the date of removal or transfer.

*Adopted effective October 1, 1992; amended effective January 2, 1995; December 10, 1996; December 4, 2000; December 1, 2009.*

## RULE 26.3  PHASING OF DISCOVERY

In order to facilitate settlement and the efficient completion of discovery, the judicial officer has discretion to structure discovery activities by phasing and sequencing the topics which are the subject of discovery. For example, an order may be framed limiting the first phase to developing information needed for a realistic assessment of the case. If the case does not terminate, the second phase would be directed at information needed to prepare for trial.

*Adopted effective October 1, 1992; amended effective January 2, 1995.*

## RULE 26.4  SPECIAL PROCEDURES FOR HANDLING EXPERTS

**(a)**     **Objections to Expert Witnesses.** Unless otherwise directed by the judicial officer, the disclosure regarding experts required by Fed. R. Civ. P. 26(a)(2) shall be made at least 90 days before the final pretrial conference. A party who intends to object to the qualifications of an expert witness, or to the introduction of any proposed exhibit related to that expert's testimony, shall give written notice of the grounds of objection, together with supporting authority, to all other parties no later than the time for such objections provided in L.R. 16.5(c).

**(b)**      **Setting Terms and Conditions.** At the final pretrial conference, the judicial officer shall consider:

**(1)** precluding the appearance of expert witnesses not timely identified;

**(2)** precluding use of any trial testimony by an expert at variance with any written statement or any deposition testimony;

**(3)** making a ruling concerning the use of expert depositions, including video depositions at trial; and

**(4)** making any other ruling on the admissibility of expert testimony at the trial.

*Adopted effective October 1, 1992; amended effective January 2, 1995.*

## RULE 26.5  UNIFORM DEFINITIONS IN DISCOVERY REQUESTS

(a) **Incorporation by Reference and Limitations.** The full text of the definitions set forth in subsection (c) is deemed incorporated by reference into all discovery requests, but shall not preclude

    **(1)** the definition of other terms specific to the particular litigation;

    **(2)** the use of abbreviations; or

    **(3)** a narrower definition of a term defined in subsection (c).

(b) **Effect on Scope of Discovery.** This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c) **Definitions.** The following definitions apply to all discovery requests:

    **(1)** *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    **(2)** *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

    **(3)** *Identify (With Respect to Persons).* When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    **(4)** *Identify (With Respect to Documents).* When referring to documents, "to identify" means to give, to the extent known, the

        **(A)** type of document;

        **(B)** general subject matter;

        **(C)** date of the document; and

        **(D)** author(s), addressee(s), and recipient(s).

**(5)**    ***Parties.*** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**(6)**    ***Person.*** The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

**(7)**    ***Concerning.*** The term "concerning" means referring to, describing, evidencing, or constituting.

**(8)**    ***State the Basis.*** When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

**(A)**    identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

**(B)**    identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

**(C)**    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

**(D)**    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

*Adopted effective October 1, 1992.*

## RULE 26.6  COURT FILINGS AND COSTS

**(a)**     **Nonfiling of Discovery Materials.** Discovery materials (that is, automatic or voluntary disclosure materials, depositions, deposition notices, interrogatories, requests for documents, requests for admissions, answers and responses to discovery requests, and any other requests for or products of the discovery process) shall not be filed unless so ordered by the court or for use in the proceeding. The party taking a deposition or obtaining any material through discovery is responsible for its preservation and delivery to the court if needed or so ordered. If for any reason a party or concerned citizen believes that any of the named documents should be filed, an ex parte request may be made that such document be filed, stating the reasons for the request. The court may also order filing sua sponte. If relief is sought under Fed. R. Civ. P. 26(c) or 37, copies of the relevant portions of disputed documents shall be filed with the court contemporaneously with any motion. If the moving party under Fed. R. Civ. P. 56 or the opponent relies on discovery documents, copies of the pertinent parts thereof shall be filed with the motion or opposition.

**(b)**     **Copying Expense for Discovery Materials.**

**(1)**     *Inspection of Documents.* Except as otherwise provided in an order entered pursuant to Fed. R. Civ. P. 26(c), all parties to an action shall be entitled to inspect documents produced by another party pursuant to Fed. R. Civ. P. 33(d) or 34 at the location where they are produced.

**(2)**     *Copies of Documents.* Except as otherwise provided in an order entered pursuant to Fed. R. Civ. P. 26(c), upon request of any party, and upon that party's agreement to pay the copying costs at the time of delivery, a party who produces documents pursuant to Fed. R. Civ. P. 33(d) or 34 shall provide copies of all or any specified part of the documents. No party shall be entitled to obtain copies of documents produced by another party pursuant to Fed. R. Civ. P. 33(d) or 34 without paying the costs thereof.

*Adopted effective October 1, 1992; amended effective January 2, 1995.*

## RULE 30.1  PLACE FOR TAKING DEPOSITIONS

Unless the court orders otherwise,

**(a)**     Boston is deemed a convenient place for taking of a deposition of any person who resides, is employed, or transacts business in person in Suffolk, Bristol, Essex, Middlesex, Norfolk or Plymouth Counties;

**(b)**     Springfield is deemed a convenient place for taking the deposition of any person who resides, is employed, or transacts business in person in Berkshire, Franklin, Hampden or Hampshire Counties; and

**(c)**     Worcester is deemed a convenient place for taking the deposition of any person who resides, is employed, or transacts business in person in Worcester County.

*Effective September 1, 1990; amended effective March 6, 2007.*

## RULE 30.2  OPENING OF DEPOSITIONS

**(a)**    **Generally.** If filed, unless the court directs otherwise, depositions taken pursuant to Fed. R. Civ. P. 26 in a pending action shall be opened by the clerk and made available for inspection and copying on request of any party or counsel for any party to the proceeding.

**(b)**    **Depositions to Perpetuate Testimony.** Depositions before action or pending appeal taken pursuant to Fed. R. Civ. P. 27 shall be opened by the clerk and made available for inspection and copying on request of any person served with notice pursuant to subsection (a)(2) of that rule, or by counsel for such person.

*Effective September 1, 1990.*

## RULE 33.1  INTERROGATORIES

**(a)**     **Form of Response.**

    **(1)**     Answers and objections in response to interrogatories, served pursuant to Fed. R. Civ. P. 33 shall be made in the order of the interrogatories propounded.

    **(2)**     Each answer, statement, or objection shall be preceded by the interrogatory to which it responds.

    **(3)**     Each objection and the grounds therefor shall be stated separately.

**(b)**     **Reference to Records.** Whenever a party answers any interrogatory by reference to records from which the answer may be derived or ascertained, as permitted in Fed. R. Civ. P. 33(c):

    **(1)**     the specification of documents to be produced shall be in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom discovery is sought;

    **(2)**     the producing party shall make available any computerized information or summaries thereof that it either has, or can adduce by a relatively simple procedure, unless these materials are privileged or otherwise immune from discovery;

    **(3)**     the producing party shall provide any relevant compilations, abstracts, or summaries in its custody or readily obtainable by it, unless these materials are privileged or otherwise immune from discovery; and

    **(4)**     the documents shall be made available for inspection and copying within 14 days after service of the answers to interrogatories or at a date agreed upon by the parties.

**(c)**     **Objections to Interrogatories.**

    **(1)**     When an objection is made to any interrogatory, or subpart thereof, it shall state with specificity all grounds upon which the objecting party relies. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

    **(2)**     No part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory.

**(d)**     **Answers to Interrogatories Following Objections.** Answers to interrogatories with respect to which objections were served and which are subsequently required to be

answered shall be served within 14 days after it is determined that they should be answered, unless the court directs otherwise.

**(e)**    **Claims of Privilege.** When a claim of privilege is asserted in objection to any interrogatory, or any subpart thereof, and an answer is not provided on the basis of that assertion, the attorney asserting the privilege shall identify in the objection the nature of the privilege that is being claimed. If the privilege is being asserted in connection with a claim or defense governed by state law, the attorney asserting the privilege shall indicate the particular privilege rule that is being invoked.

*Adopted effective October 1, 1992; amended effective January 2, 1995.*

## RULE 34.1  DOCUMENT PRODUCTION

**(a)**    **Form of Response.**

   **(1)**    Answers and objections in response to requests for document production, served pursuant to Fed. R. Civ. P. 34 shall be made in the order of the requests propounded.

   **(2)**    Each answer, statement, or objection shall be preceded by the request to which it responds.

   **(3)**    Each objection and the grounds therefor shall be stated separately.

**(b)**    **[Reserved].**

**(c)**    **Objections to Document Request.**

   **(1)**    When an objection is made to any document request, or subpart thereof, it shall state with specificity all grounds upon which the objecting party relies. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

   **(2)**    No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

**(d)**    **Answers to Document Request Following Objections.** Answers to a document request with respect to which objections were served and which are subsequently required to be answered shall be served within 14 days after it is determined that they should be answered, unless the court directs otherwise.

**(e)**    **Claims of Privilege.** When a claim of privilege is asserted in objection to any document request, or any subpart thereof, and any document is not provided on the basis of that assertion, the attorney asserting the privilege shall identify in the objection the nature of the privilege that is being claimed with respect to each such document. If the privilege is being asserted in connection with a claim or defense governed by state law, the attorney asserting the privilege shall indicate the particular privilege rule that is being invoked.

*Adopted effective October 1, 1992; amended effective January 2, 1995.*

## RULE 35.1  DISCLOSURE OF MEDICAL INFORMATION IN PERSONAL INJURY CASES

**(a)**    **Disclosure by Claimants.** Within 14 days after an issue is joined by a responsive pleading, a claimant (whether a plaintiff, third-party plaintiff, cross-claimant, or counter-claimant) who asserts a claim for personal injuries shall serve a defendant (whether a direct defendant, third-party defendant, cross-claim defendant, or counterclaim defendant) with

    **(1)**    an itemization of all medical expenses incurred before the date of service of the pleading containing the claim for which recovery is sought. If the claimant anticipates that recovery will be sought for future medical expenses, the itemization shall so state, but need not set forth an amount for the anticipated future medical expenses;

    **(2)**    a statement that either:

        **(A)**    identifies a reasonably convenient location and date, within no more than 14 days, at which the defendant may inspect and copy, at the defendant's expense, all non-privileged medical records pertaining to the diagnosis, care, or treatment of injuries for which recovery is sought; or

        **(B)**    identifies all health-care providers from which the claimant has received diagnosis, care, or treatment of injuries for which recovery is sought together with executed releases directed at each provider authorizing disclosure to the defendant or its counsel of all non-privileged medical records in the provider's possession.

**(b)**    **Assertion of Privilege.** Insofar as medical records are not produced in accordance with subsection (a)(2) on the ground of privilege, the claimant shall identify the privileged documents and state the privilege pursuant to which they are withheld.

**(c)**    **Removed and Transferred Actions.** In all actions removed to this court from a state court or transferred to this court from another federal court, claimants seeking recovery for personal injuries shall provide the information and materials described in subsection (a) within 21 days after the date of removal or transfer.

*Adopted effective October 1, 1992; amended effective December 1, 2009.*

# RULE 36.1  ADMISSIONS

**(a)**    **Requests for Admission--Form of Response.**

    **(1)**    Statements and objections in response to requests for admission served pursuant to Fed. R. Civ. P. 36 shall be made in the order of the requests for admission propounded.

    **(2)**    Each answer, statement, or objection shall be preceded by the request for admission to which it responds.

    **(3)**    Each objection and the grounds therefor shall be stated separately.

**(b)**    **Statements in Response to Requests for Admission Following Objections.** When there is objection to a request for admission and it is subsequently determined that the request is proper, the matter, the admission of which is requested, shall be deemed admitted unless within 14 days after such determination such party to whom the request was directed serves a statement denying the matter or setting forth the reasons why that party cannot admit or deny the matter, as provided in Fed. R. Civ. P. 36.

*Adopted effective October 1, 1992; amended effective January 2, 1995; December 1, 2009.*

# RULE 37.1  DISCOVERY DISPUTES

**(a)**    **Obligation to Confer.** Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the conference. Conferences may be conducted over the telephone. Failure of opposing counsel to respond to a request for a discovery conference within 7 days of the request shall be grounds for sanctions, which may include automatic allowance of the motion.

**(b)**    **Motions.** If (1) opposing counsel has failed to respond to a request for a discovery conference within the 7 day period set forth in subsection (a), (2) opposing counsel has failed to attend a discovery conference within 14 calendar days of the request, or (3) disputed issues are not resolved at the discovery conference, a dissatisfied party may file a motion and supporting memorandum. The motion shall include a certificate in the margin of the last page that the provisions of this rule have been complied with. The memorandum shall state with particularity the following:

   **(1)**    If a discovery conference was not held, the reasons why it was not;

   **(2)**    If a discovery conference was held, the time, date, location and duration of the conference; who was present for each party; the matters on which the parties reached agreement; and the issues remaining to be decided by the court;

   **(3)**    The nature of the case and the facts relevant to the discovery matters to be decided;

   **(4)**    Each interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, and the response thereto; and

   **(5)**    A statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item.

**(c)**    The opposing party may respond to the memorandum within 14 calendar days after service thereof. The response, if any, shall conform to the requirements of subsection (b)(5) of this rule.

*Adopted effective October 1, 1992.*

# RULE 40.1  ASSIGNMENT OF CASES

**(a)**    **Civil Cases.**

**(1)**    ***Categories of Cases.*** All civil cases shall be divided into the following three categories for purposes of assignment, based upon the numbered "Nature of the Suit" listed in the civil cover sheet used by the clerk in initiating the civil docket:

| | |
|---|---|
| I | 410, 441, 470, 535, 830, 891, 893, 895, R.23, regardless of nature of suit. |
| II | 110, 130, 140, 160, 190, 196, 230, 240, 290, 320, 362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820, 840, 850 |
| III | 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 560, 625, 690, 751, 791, 810, 861-865, 890, 896, 899, 950 |

A copy of the local civil category sheet form referred to is attached as an appendix to this rule.

**(2)**    ***Designation of Nature of Suit.*** The party filing the initial pleading shall complete a civil cover sheet, Form JS 44, or any successor forms, and file it with the initial pleading. If the clerk should determine that the designation of Nature of Suit is in error, the clerk shall correctly classify the suit and notify the party filing the initial pleading. A designation shall not thereafter be changed except by order of the chief judge or the district judge to whom the case is assigned.

**(3)**    ***Assignment.*** The clerk shall place a case in one of the three categories described in subsection (a)(1) and, unless otherwise ordered by the court, assign it by lot among the district judges in active service at their respective duty stations in accordance with this rule in such manner that each such district judge shall be assigned as nearly as possible the same number of cases in each category. A senior judge may limit the category of case and nature of suit assigned to that judge and, within the categories of cases or suits that senior judge will accept, assignment shall be by lot in accordance with this rule.

**(b)**    **Criminal Cases.**

**(1)**    ***Categories of Cases.*** All criminal cases shall be divided into the following three categories:

| | | |
|---|---|---|
| I | - | Felony cases expected to require a combined total of 15 days or more for pretrial hearings and trial before a district judge. |
| II | - | All other felony cases. |

III    - All misdemeanor and petty offense cases where a district judge has been requested; all cases transferred under Fed. R. Crim. P. 20 ; cases involving waivers of indictment; and all matters involving alleged violations of conditions of release by persons transferred to this district for supervision.

**(2)**    ***Designation of Category.*** The attorney for the United States shall identify the appropriate category on Form JS 45, as modified for the District of Massachusetts, or any successor form, and submit the form contemporaneously with the document that initiates the case. If the clerk should determine that the designation of category is in error, the clerk shall correctly classify the case and notify the attorney for the United States. The designation shall not thereafter be changed except by order of the chief judge or the district judge to whom the case is assigned.

**(3)**    ***Assignment.*** The clerk shall place a case in one of the three categories described in subsection (b)(1) and, unless otherwise ordered by the court, assign it by lot among the district judges in active service at their respective active duty stations within the divisions of the court in accordance with this rule in such manner that each district judge shall be assigned as nearly as possible the same number of cases in each category. A senior judge may limit the category of cases or types of alleged criminal offenses assigned to that judge and within the categories of cases or offenses that senior judge will accept, assignment shall be in accordance with this rule.

**(c)**    **Designation of Divisions.** The District of Massachusetts constitutes one judicial district comprising three divisions.

**(1)**    ***Eastern Division.*** The Eastern Division of the District of Massachusetts comprises the counties of Barnstable, Bristol, Dukes, Essex, Middlesex, Nantucket, Norfolk, Plymouth, and Suffolk. Cases assigned to the Eastern Division and all pleadings and documents therein shall be filed in the clerk's office in Boston.

**(2)**    ***Central Division***. The Central Division of the District of Massachusetts is Worcester County. Cases assigned to the Central Division and all pleadings and documents therein shall be filed in the clerk's office in Worcester.

**(3)**    ***Western Division.*** The Western Division of the District of Massachusetts comprises the counties of Berkshire, Franklin, Hampden and Hampshire. Cases shall be assigned to the Western Division and all pleadings and documents therein shall be filed in the clerk's office in Springfield.

**(d)**    **Assignment of Civil Cases.**

**(1)**    Civil cases shall be assigned to the respective divisions if:

**(A)**    All of the parties reside in that division.

**(B)**    All of the parties reside in the District of Massachusetts and the majority of the plaintiff(s) reside(s) in that division.

**(C)**    The only parties residing in the District of Massachusetts reside in that division; or

**(D)**    Any of the parties are the United States, the Commonwealth of Massachusetts, or any governmental agency of either the United States or the Commonwealth of Massachusetts and a majority of all other parties resident in the District of Massachusetts reside in that division.

**(E)**    Except as otherwise ordered by the court, cases not governed by subsection (d)(1) may be filed, subject to reassignment and transfer, in the division chosen by the plaintiff.

**(e)**    **Assignment of Criminal Cases.** Criminal cases shall be assigned to that division in which the most significant criminal conduct related to the alleged violations occurred within the District of Massachusetts. All documents in each criminal case shall be filed in the clerk's office administering cases for the division to which that case is assigned.

**(f)**    **Transfer between Divisions.** Any case may be transferred from one division to another division on motion of any party for good cause shown or sua sponte for good cause by the district judge to whom the case is assigned.

**(g)**    **Related Civil Cases**.

**(1)**    **Definition of "Related" Civil Cases.** For purposes of this rule, a civil case shall be deemed related to another civil case only if:

(A) some or all of the parties are the same; and

(B) one or more of the following similarities exist:
   i.   the cases involve the same or substantially similar issues of fact;
   ii.  the cases arise out of the same occurrence, transaction or property;
   iii. the cases involve insurance coverage for the same property, transaction or occurrence.

**(2)**    **Criminal and Civil Cases.** For the purposes of this rule, a civil case shall be deemed related to a criminal case only if:

(A)    the civil case involves forfeiture of property from a transaction or occurrence that is the subject of a previously filed criminal case, enforcement of a restitution order or fine imposed in a previously filed criminal case or if it seeks some other form of civil enforcement relief relating to a previously filed criminal case.

(3)     **Common Question of Law Not Sufficient.** Civil cases, even when they involve some or all of the same parties, shall not be deemed related to each other solely on the ground that they:

    (A)     involve the same or substantially similar challenges to a law, regulation, or government policy or practice; or

    (B)     otherwise involve a common question of law.

(4)     **Time Limitation.** Civil cases shall not be deemed related if more than two years have lapsed since the closing of the earlier case.

(5)     **Designation of Relatedness.** If the plaintiff (or other party filing the initial pleading) believes that the case is related to any earlier filed case, whether or not the earlier case is still open (provided that not more than two years has elapsed since the closing of the earlier case), that party shall:

    (A)     notify the clerk by notation on the civil category sheet indicating the title and number of the earlier filed case; and

    (B)     file a written certification in the later-filed case specifically stating the basis for designating the two cases as related.

    (C)     Unless good cause is shown, designation of relatedness by plaintiff (or other party filing the initial pleading) shall be made at the time of the filing of the initial pleading.

(6)     **Objection to Designation of Relatedness or Lack of Designation of Relatedness.**

    (A)     If the defendant (or other responding party) believes that a case that has been designated as related should not have been so designated, that party shall file a motion in the later filed case to return the case to the clerk for reassignment.

    (B)     If the defendant (or other responding party) believes that a case that has not been designated as related should have been so designated, that party shall file a motion in the later filed case for the judge's consideration of transfer or reassignment of the case pursuant to Section i of this Rule.

    (C)     Unless good cause is shown, objection to designation of relatedness or lack of designation of relatedness shall be made within 30 days of a responsive pleading being filed.

(7)     **Assignment by Clerk.** The clerk shall assign related cases to the same district judge without regard to the number of other cases in that category previously assigned to

that judge. Related cases shall be counted as cases assigned, except as the chief judge may otherwise direct.

**(8)** **Correction of Designation as "Related."** The assignment of cases as related by the clerk shall be subject to correction only by the district judge to whom they have been assigned, who shall return cases erroneously assigned on that basis to the clerk for reassignment.

**(9)** **Correction of Designation as "Not Related."** The treatment of a case as not related to another case shall be subject to correction only by the joint decision of the district judge to whom it has been assigned and the district judge to whom it should be assigned, if related to an earlier filed case. The judges may then transfer the case pursuant to Section i of this Rule and shall notify the clerk of the transfer.

**(h)** **Proceedings after Assignment.** Unless otherwise ordered by the court, all proceedings in a case after its assignment shall be conducted before the district judge to whom it has been assigned, except as otherwise provided in these rules. This subsection does not preclude reassignment of cases by the court or the clerk, at the direction of the court, without prior notice to the parties.

**(i)** **Reassignment and Transfer of Cases.**

**(1)** ***Generally.*** In the interest of justice or to further the efficient performance of the business of the court, a district judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, with the approval of the chief judge, or, with respect to civil cases only and whether or not the case is related to any other case, may transfer the case to another district judge, if the other judge consents to the transfer.

**(2)** ***Transfers of Criminal Cases.*** A district judge may transfer a criminal case to another district judge, with the consent of (1) the other judge, (2) the chief judge, and (3) the parties in the transferred case, in order to permit a defendant charged in multiple criminal cases to plead guilty, to stand trial, to be sentenced, or otherwise to address in a single proceeding multiple criminal cases in which that defendant has been charged.

**(j)** **Motion for Consolidation of Cases.** A motion for consolidation of two or more cases shall be made in the case first filed in this court.

**(k)** **Proceedings after Appeal.**

**(1)** When an appellate court remands a case to this court for a new trial, the case shall be reassigned to a district judge other than the judge before whom the first trial was held.

   **(2)**    In all other cases in which the mandate of the appellate court requires further proceedings in this court, such proceedings shall not be conducted before the district judge before whom the prior proceedings were conducted unless the terms of the remand require that further proceedings be conducted before the original judge or unless the judge determines that there will result a substantial saving in the time of the whole court and that there is no reason why, in the interest of justice, further proceedings should be conducted before another judge. If the judge before whom the prior proceedings were conducted does not retain the case for further proceedings, that judge shall return it to the clerk for reassignment.

**(l)**    **Drawing of Civil Cases to Magistrate Judges.** The court may adopt policies and procedures permitting the assignment of certain civil cases to magistrate judges rather than to district judges in accordance with this rule. Any such policies and procedures shall include a requirement that the parties consent to the assignment, consistent with the requirements of 28 U.S.C. § 636(c) and other federal law.

*Effective September 1, 1990; amended effective January 1, 2001; August 2, 2011; January 3, 2012; September 6 ,2016; August 7, 2020.*

## RULE 40.2  CONFLICT OF COURT APPEARANCES

**(a)** **Order of Preference and Notice to Deputy Clerks.** In situations where counsel, including Assistant United States Attorneys, have conflicting court appearances among cases pending before different judicial officers of this court, the following order of preference shall apply, except as otherwise provided by law:

  **(1)** Trials shall take precedence over all other hearings, and jury trials shall take precedence over nonjury trials.

  **(2)** Criminal cases shall take precedence over civil cases.

  **(3)** Criminal cases involving defendants who are in custody pending trial in the particular case shall take precedence over other criminal cases.

  **(4)** Among civil cases or among criminal cases not involving defendants in custody, the case having the earliest docket number shall take precedence over the others.

  When such conflicts appear, the counsel involved shall notify the deputy clerk assigned to each judicial officer concerned, in writing, not later than 7 days after the receipt of the notice or calendar giving rise to such conflict. The notice shall contain the names and docket number of each case, the time of the scheduled hearings in each case, the purpose thereof, and advise which case has precedence and the reason therefor. Upon receipt of such notice and a determination that a conflict in fact exists, the case or cases not having precedence shall be rescheduled.

**(b)** **Substitution of Counsel.** Counsel, in lieu of giving a notice of conflict, may elect to have a colleague, including another Assistant United States Attorney, handle the matter for the counsel involved. This shall not apply to any appointed defense counsel in the trial of criminal cases, unless the judicial officer orders otherwise.

**(c)** **Primacy of Speedy Trial Plan.** In the event of any conflict between the provisions of this rule and the provisions of the Speedy Trial Plan for the District of Massachusetts, the Speedy Trial Plan shall control.

**(d)** **Scheduling Policy Regarding Superior Court Cases.** When counsel have engagement conflicts with respect to cases pending in the Massachusetts Superior Court and this court, the following scheduling policy shall apply:

  **(1)** Trials shall take precedence over all other hearings.

  **(2)** Jury trials shall take precedence over nonjury trials.

**(3)**    Criminal cases shall take precedence over civil cases.

**(4)**    Criminal cases involving defendants who are in custody pending trial shall take precedence over other criminal cases.

**(5)**    Among civil cases, or among criminal cases not involving defendants in custody, the case having the earliest docket number shall take precedence over the others, except that a trial setting involving numerous parties and counsel will ordinarily take precedence over other trials.

Counsel shall notify the presiding Superior Court Justice and the judicial officer of the scheduling conflict, in writing, not later than 7 days after the receipt of the scheduling order giving rise to the conflict. Counsel's notification shall include (1) the names and docket numbers of each case, (2) the date and time of the scheduled proceedings in each case, and (3) a brief statement as to which case has precedence under this policy. The case or cases not having precedence shall be rescheduled, unless the presiding Superior Court Justice and judicial officer agree otherwise.

*Effective September 1, 1990; amended effective January 2, 1995; December 1, 2009.*

## RULE 40.3  CONTINUANCES

**(a)**    **Generally.** A motion for the continuance of a trial, evidentiary hearing, or any other proceeding, will be granted only for good cause.

**(b)**    **Requirements for Motion.** Motions to continue discovery and pretrial conferences will not be entertained unless the date and time of the pretrial conference are set out in the motion as well as a statement of how many other requests, if any, for continuances have been sought and granted.

**(c)**    **Substantiation of Illness.** Illness of parties and material witnesses must be substantiated by a current medical certificate.

**(d)**    **Payment of Expenses.** The judicial officer may condition a continuance upon the payment of expenses caused to the other parties and of jury fees incurred by the court.

*Effective September 1, 1990; amended effective October 1, 1992.*

## RULE 40.4  EMERGENCIES AND SPECIAL PROCEEDINGS

**(a)**     **Matters and Proceedings Heard by Miscellaneous Business Docket (MBD) Judge.** There will be designated an MBD judge to hear and determine:

**(1)**     Emergency matters requiring immediate action in cases already assigned to any district judge, if the judge to whom a case had been assigned is unavailable or otherwise unable to hear the matter.

**(2)**     Special proceedings, the nature of which precludes their assignment in the ordinary course (for example, motions relating to grand jury investigations, discovery in cases pending in other districts, enforcement of administrative subpoenas); and

**(3)**     Any other proceedings, including an admission to the bar and a naturalization, which are not part of or related to a case that should be assigned in the ordinary course.

**(b)**     **Disposition of "Emergency" Matters.** The MBD judge will dispose of matters pursuant to subsection (a)(1), only to the extent necessary to meet the emergency. So far as practicable, consistent with justice and the efficient performance of the business of the court, the matter will be continued for disposition by the district judge to whom the case is assigned.

**(c)**     **Subsequent "Emergency" Proceedings.** If the MBD judge before whom the proceeding is brought concludes that, for lack of an emergency or otherwise, the proceeding should not be determined under this rule, the party who brought the proceeding shall not thereafter present the same matter to any other judge sitting as MBD judge, unless relevant circumstances change in the interim, in which case the party shall bring to the attention of such other judge the prior proceeding and the changed circumstances which warrant resubmission of the matter under this rule.

**(d)**     **Special and Other Proceedings.** Proceedings pursuant to subsections (a)(2) and (3) shall continue before the district judge first handling the matter until conclusion.

*Effective September 1, 1990.*

## RULE 41.1  DISMISSAL FOR WANT OF PROSECUTION

**(a)**  **By the Clerk.**

**(1)**  Whenever in any civil action the clerk shall ascertain that no proceeding has been docketed therein for a period of one year, the clerk shall then serve notice to all persons who have entered an appearance in such a case that, subject to the provisions of subsection (a)(3), the case will be dismissed without further notice 28 days after the sending of the notice.

**(2)**  If no response is received within the 28-day period, without order of the court the clerk shall, subject to the provisions of subsection (a)(3), enter an order of dismissal for all cases on the list. It shall not be necessary for the clerk to serve additional notice of the dismissal to any counsel or party.

**(3)**  A case shall not be dismissed for lack of prosecution if within 28 days of the serving of notice an explanation for the lack of proceedings is filed and the judicial officer to whom the case is assigned orders that it not be dismissed.

**(b)**  **By the Court.**

**(1)**  Additionally, each judicial officer may from time to time give notice of not less than 21 days of hearing on a dismissal calendar for actions or proceedings assigned to that judicial officer that appear not to have been diligently prosecuted. Unless otherwise ordered by the court, each party shall, not less than 14 days prior to the noticed hearing date, serve and file a certificate describing the status of the action or proceeding and showing that good cause exists for the court to retain the case on the docket. Nothing in this rule precludes the filing of a motion for dismissal under Fed. R. Civ. P. 41(b).

**(2)**  Failure on the part of the plaintiff to file the required statement or to appear at the scheduled hearing shall be grounds for the dismissal of the action.

**(c)**  The dismissal of a case pursuant to this rule shall not operate as an adjudication on the merits unless the court on motion of a party directs otherwise.

*Effective September 1, 1990; amended effective December 1, 2009.*

## RULE 43.1  TRIAL

**(a)**  **Time Limits for Evidentiary Hearing**.

**(1)**  Absent agreement of the parties as to the time limits for the trial acceptable to the judicial officer, the judicial officer may order a presumptive limit of a specified

number of hours. This time shall be allocated equally between opposing parties, or groups of aligned parties, unless otherwise ordered for good cause.

**(2)**   A request for added time will be allowed only for good cause. In determining whether to grant a motion for an increased allotment of time, the court will take into account:

    **(A)**   whether or not the moving party has

        **(i)**   used the time since the commencement of trial in a reasonable and proper way, and

        **(ii)**   complied with all orders regulating the trial;

    **(B)**   the moving party's explanation as to the way in which the requested added time would be used and why it is essential to assure a fair trial; and

    **(C)**   any other relevant and material facts the moving party may wish to present in support of the motion.

The court will be receptive to motions for reducing or increasing the allotted time to assure that the distribution is fair among the parties and adequate for developing the evidence.

**(b)**   **Evidence at the Evidentiary Hearing.**

**(1)**   Each party shall give advance notice to the judicial officer and the other parties, before jury selection, of the identity of all witnesses whose testimony it may offer during trial, whether by affidavit, deposition, or oral testimony.

**(2)**   Not later than 7 days before it seeks to use the testimony of any witness, or on shorter notice for good cause shown, a party shall advise the judicial officer and all other parties of its intent to use the testimony of the witness on a specified day.

**(3)**   Except for good cause shown, no party shall be allowed to:

    **(A)**   use the testimony of a witness other than the witnesses already listed on the filing with the court before trial commences; or introduce documentary evidence, during direct examination, other than those exhibits already listed with the judicial officer and furnished to the other parties before trial commences.

*Adopted effective October 1, 1992; amended effective December 1, 2009.*

## RULE 48.1  [DELETED]

*Deleted effective January 2, 1995.*

## RULE 54.3  [DELETED]

*Deleted effective January 2, 1995.*

## RULE 56.1  MOTIONS FOR SUMMARY JUDGMENT

Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion. Opposition to motions for summary judgment must be filed, unless the court orders otherwise, within 21 days after the motion is served. A party opposing the motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties. Unless the court orders otherwise, the moving party may file a reply within 14 days after the response is served.

*Effective September 1, 1990, amended effective December 1, 2009.*

# RULE 58.2  SATISFACTION OF JUDGMENTS

**(a)**    **Generally.** Satisfaction of a money judgment shall be entered by the clerk without order of the court:

    **(1)**    On payment into court of the amount of the judgment including costs taxed, plus interest, and the amount of any fees due; or

    **(2)**    On the filing of a satisfaction of judgment executed by the judgment creditor, or the creditor's legal representative or assignees with evidence of their authority, or the creditor's attorney in the proceeding in which judgment has been entered; or

    **(3)**    On the filing of a satisfaction of judgment executed by the United States Attorney, if the judgment is in favor of the United States; or

    **(4)**    On registration of a certified copy of a satisfaction of judgment entered in another district court.

**(b)**    **Payment of Money into Court.** When satisfaction is made by payment of money into court, that fact shall be noted in the entry of satisfaction.

**(c)**    **Authorization for Acceptance of Payment.** Entry of judgment shall constitute sufficient authorization for the clerk to accept payment into court.

**(d)**    **Mandate of an Appellate Court.** An order or judgment of an appellate court in a case appealed from this court shall, if further proceedings are not required, become the order or judgment of this court and be entered as such on receipt of the mandate of the appellate court.

*Effective September 1, 1990.*

### RULE 62.2  STAY BY BOND OR OTHER SECURITY

A bond or other security staying execution of a money judgment shall be in the amount of the judgment plus 10% of the amount to cover interest and any award of damages for delay plus $500 to cover costs, unless the court directs otherwise.

*Effective September 1, 1990.  Amended effective November 1, 2019*

## RULE 67.1  SURETIES

**(a)**  **Members of the Bar and Court Officers.** No judge, clerk, marshal, member of the bar or other officer or employee of the court may be surety or guarantor of any bond or undertaking in any proceeding in this court.

**(b)**  **Form of Bond.** Surety bonds shall be signed and acknowledged by the party and the party's surety or sureties. They shall refer to the statute, rule, or court order under which given, state the conditions of the obligation, and contain a provision expressly subjecting them to all applicable federal statutes and rules.

**(c)**  **Security.** Except as otherwise provided by law or by order of the court, a bond or similar undertaking must be secured by:

   **(1)**  The deposit of cash or obligations of the United States in the amount of the bond (note L.R. 67.4 with regard to the court's cash policy); or

   **(2)**  The guaranty of a company or corporation holding a certificate of authority from the Secretary of the Treasury pursuant to 31 U.S.C. § 9305; or

   **(3)**  The guaranty of two individual residents of this district, each of whom owns unencumbered real or personal property within the district worth the amount of the bond, in excess of legal obligations and exemptions.

**(d)**  Deposits of cash or obligations of the United States shall be accompanied by a written statement, duly acknowledged, that the signer is owner thereof, that the same is subject to the conditions of the bond, and that the clerk may collect or sell the obligations and apply the proceeds, or the cash deposited, in case of default as provided in the bond. Upon satisfaction of the conditions of the bond, the monies or obligations shall be returned to the owner on the order of a magistrate or district judge.

**(e)**  **Individual Sureties.** An individual acting as surety pursuant to subsection (c)(3) shall file an affidavit:

   **(1)**  Giving his or her name, occupation, and residential and business address;

   **(2)**  Showing that he or she is qualified to act as surety; and

   **(3)**  (In criminal cases) stating that he or she will not encumber or dispose of the property on which his or her qualification as surety depends while the bond remains in effect.

**(f)**     **Approval of Bond.** Except as otherwise provided by law, the clerk may approve a bond in the amount fixed by the court or by statute or rule, and secured in the manner provided by subsections (c)(1) or (2). All other bonds must be approved by the court.

**(g)**     **Service.** The party on whose behalf a bond is given shall promptly, after approval and filing of the bond, serve a copy of it on all other parties to the proceeding. Such service need not be made on the United States in a criminal case.

**(h)**     **Modification of Bond.** The amount or terms of a bond or similar undertaking may be changed at any time as justice requires, by order of the court on its own motion or on motion of a party.

**(i)**     **Further Security.** The court may order a party to furnish further or different security, or require personal sureties to furnish further justification.

*Effective September 1, 1990; amended effective May 3, 2016.*

## RULE 67.2  DEPOSIT IN COURT

The following procedures apply to deposits into the registry of the court in civil actions.

**(a)**    **Receipt of Funds.**

   **(1)**    No money may be sent to the court or its officers for deposit into the court's registry without an order by a judicial officer.

   **(2)**    All money ordered to be paid to the court or received by its officers in any case pending or adjudicated shall be deposited with the Treasurer of the United States in the name and to the credit of this court pursuant to 28 U. S. C. § 2041 through depositories designated by the Treasury to accept such deposit on its behalf.

   **(3)**    The party making the deposit or transferring funds to the court's registry shall serve the order permitting the deposit or transfer on the clerk.

**(b)**    **Investment of Registry Funds.**

   **(1)**    Funds on deposit with the court will be placed in interest-bearing instruments in the Court Registry Investment System (CRIS) administered by the Administrative Office the United States Courts, which is the only investment mechanism authorized.

   **(2)**    Under CRIS, monies deposited in each case under L.R. 67.2(a) shall be "pooled" together with those on deposit with the Treasury to the credit of other courts in CRIS and used to purchase Government Account Series securities through the Bureau of Public Debt, which will be held at Treasury, in an account in the name and to the credit of the Direct of Administrative Office of the United States Courts, hereby designated custodian for the CRIS.

   **(3)**    An account for each case will be established in CRIS titled in the name of the case giving rise to the investment in the fund. Income generated from fund investments will be distributed to each case based on the ratio each account's principal and earnings has to the aggregate principal and income total in the fund. Reports showing the interest earned and the principal amounts contributed in each case will be prepared and distributed to each court participating in CRIS and made available to litigants and/or their counsel.

**(c)**    **Deductions of Fees.**

   **(1)**    The custodian is authorized and directed by this rule to deduct the registry fee for maintaining accounts in CRIS and the investment service fee for the management of investments. The proper registry fee is to be determined on the basis of the rates

published by the Director of the Administrative Office of the United States as approved by the Judicial Conference. The investment services fee is assessed from interest earning according to the court's Miscellaneous Fee Schedule.

**(2)**    If registry fees were assessed against the case under the old 45-day requirement prior to deposit in CRIS, no additional registry fee will be assessed.

*Effective September 1, 1990; amended effective October 3, 2005; June 7, 2011.*

## RULE 67.3  DISBURSEMENT OF REGISTRY FUNDS

**(a)** **Generally.**

**(1)** The clerk shall not distribute any registry funds without an order of a district judge. All orders for distribution, unless prepared by a deputy clerk assigned to the financial section of the clerk's office, must be approved by the clerk before presentation to a district judge.

**(2)** All checks drawn by the clerk on deposits made in the registry of the court shall be made payable to the order of the payee(s) as the name(s) thereof appear in the orders of this court providing for distribution.

**(3)** Disbursement from the registry of the court shall be made in accordance with the terms and at the time provided in the order for disbursement, or immediately upon receipt of the order if no time is specified, except in cases where it is necessary to allow time for a check or draft to clear. Prior to distribution, any party claiming an interest in the funds may move the court for a stay of the disbursement order pending appeal.

**(b)** **Payees.** If more than one check is to be issued on a single order, the portion due to each payee must be set out separately. In all cases, counsel must furnish the clerk with the address and social security number or taxpayer identification number of each recipient, and this number shall be included in the court order for release of funds.

**(c)** **Disbursement of Monies other than Registry Funds.** All disbursements to individuals made by the clerk of monies received in his or her official capacity, other than registry funds, when made by check of the clerk on the Treasury of the United States, shall be made to the payee as the name shall appear in the disbursement voucher certified by the clerk or his or her designated certifying officer. The name of the payee in the disbursement voucher shall conform to the name appearing in the clerk's records of the case to which the disbursement relates. The clerk shall endeavor to note of record the given name of all individuals making deposits of monies with the clerk.  In those cases where the given name appears of record, disbursement vouchers and checks thereunder shall show the full given name, additional initials, if any, and the surname of the payee.

**(d)** **Escrow Agents.** In lieu of these provisions, an interested party may apply to the court for appointment of escrow agents. Such agents may deposit funds in a financial institution in an interest-bearing account and provide for the disposition of interest so earned, as approved by the court.

*Effective September 1, 1990.*

## RULE 67.4  PAYMENTS AND DEPOSITS MADE WITH THE CLERK

**(a)**    **Cash.** The clerk will not routinely accept payments or deposits in cash.  However, a judicial officer, on motion of any party, may order that the clerk accept cash in a particular instance.

**(b)**    **Checks.** All checks must be made payable to "Clerk, U.S. District Court." The clerk is authorized to refuse any check not so made payable.

**(c)**    **Certified Checks.** The clerk may, in his or her discretion, require any payment to be made by certified check or its equivalent. The clerk shall require payment of bail to be made by certified check or its equivalent, unless otherwise ordered by the court.

**(d)**    **Electronic Payment of Fees.** When electronically filing any pleading or paper through CM/ECF that requires a fee, all registered ECF users are to pay the fee electronically through the Treasury Department's Internet payment process (pay.gov). *Pro se* filers and those who have been exempted from electronic filing and/or electronic payment of fees may submit payments by check or money order made payable to "Clerk, U.S. District Court".

*Effective September 1, 1990; amended effective January 1, 2009.*

### RULE 68.2  SETTLEMENT

When a case is settled, the parties shall file with the clerk a signed agreement for judgment or stipulation for dismissal, as appropriate, within 28 days, unless the court otherwise orders.

*Effective September 1, 1990; amended effective December 1, 2009.*

## RULE 77.1  SITTINGS

**(a)**    **Ordinary Sittings.** The court shall be in continuous session for transacting judicial business on all business days throughout the year at Boston, Worcester, and Springfield.

**(b)**    **Special Sessions.** Any judicial officer may, in the interest of justice or to further efficient performance of the business of the court, conduct proceedings at a special session at any time, anywhere in the district, on request of a party or otherwise.

*Effective September 1, 1990; amended effective January 1, 2001.*

## RULE 77.2  OFFICE OF THE CLERK

The offices of the clerk at Boston, Worcester and Springfield, shall be open from 8:30 a.m. until 4:30 p.m. on all days except Saturdays, Sundays, legal holidays, and other days so ordered by the court and announced in advance, if feasible.

*Effective September 1, 1990. Amended effective November 1, 2019; June 17, 2022*

# RULE 79.1  EXHIBITS

**(a)**     **Custody.**

> **(1)**     Unless otherwise ordered by the court, all exhibits marked in evidence or for identification shall remain in the custody of the party that introduced them. Exhibits shall be preserved in the form in which they were offered until the proceeding is finally concluded. The party having custody shall make the exhibits available to all parties.

> **(2)**     Any party may move the court for custody arrangements that differ from those in subsection (a)(1) upon a showing of good cause. The court may, on its own motion, provide for different custody arrangements or modify existing arrangements at any time.

> **(3)**     A court order that the clerk take custody of any exhibit shall specify the period during which the clerk shall maintain custody, the party to whom the exhibit shall be returned at the end of the period, and provision for destruction by the clerk without further notice to the parties at a set time after expiration of the custody period, if the party to whom the exhibit is to be returned fails to remove it from the custody of the clerk. Such court order shall constitute the only notice required for the purpose of exhibit disposal.

> **(4)**     It shall be sufficient if orders under the above sections are in writing, signed by the court or the clerk at the direction of the court, or are entered orally on the record and the substance of the order is reproduced on the docket sheet.

**(b)**     **Photographs of Chalks.** In order to make a record of a chalk, the court may permit a party to photograph it or otherwise copy it, on such terms as are just. Unless otherwise ordered by the court, in jury cases chalks may be destroyed by the clerk as soon as the jury verdict has been recorded; in nonjury cases, chalks may be destroyed as soon as the evidence is closed.

*Effective September 1, 1990.*

## RULE 81.1  REMOVAL

**(a)**     **Filing of State Court Record.** Within 28 days after filing a notice for removal of an action from a state court to this court pursuant to 28 U.S.C. § 1446, the party filing the notice shall file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.

**(b)**     **Failure to File.** If the clerk has not received the papers required to be filed under subsection (a) within 42 days of the filing of the notice for removal, the case shall be remanded to the state court from which it was removed, unless the court directs otherwise.

**(c)**     **Remand.** When a case is remanded to a state court, the clerk shall mail certified copies of the docket and order of remand, together with the remainder of the original file, to the clerk of the state court.

**(d)**     **Timing of Remand.** Absent a court order to the contrary, no sooner than 30 days following an order of the court remanding a case to state court pursuant to 28 U.S.C. § 1447(c), the clerk shall remand the case to state court consistent with subsection (c). A motion for reconsideration of an order of remand shall not further delay the transfer of the file to state court unless the court orders otherwise.

*Effective September 1, 1990; amended effective December 1, 2009, June 17, 2022.*

## RULE 81.2  DEFINITION OF JUDICIAL OFFICER

As used in these rules, "judicial officer" refers to either a United States District Judge or a United States Magistrate Judge.

*Adopted effective October 1, 1992; amended effective August 1, 1997.*

### RULE 83.1.1  PROCEDURE FOR ADOPTING, RESCINDING AND AMENDING RULES

**(a)**     These rules may be amended or rescinded by a majority of the district judges.

**(b)**     The clerk will maintain in suitable form an updated master copy of the rules.

*Effective September 1, 1990; rescinded March 2, 2010.*

## RULE 83.1.2  GENERAL ORDER DOCKET

**(a)**    **General Order Docket.** Effective upon the adoption of these local rules, the clerk shall establish and maintain one general order docket for each calendar year.

**(b)**    **Rules and Orders.** All rules, administrative orders or directives of the court and amendments thereto shall bear a general order number assigned by the clerk, and be entered on the general order docket.

**(c)**    **Prior Orders.** The clerk shall place all prior administrative orders and directives, if they remain in effect at the time of adoption of these rules, on the general order docket for the year in which these rules are adopted.

**(d)**    **Standing Orders.** Any judicial officer may enter standing orders for his or her session, and may direct the clerk to maintain a docket therefor in accordance with subsections (a) through (c).

*Effective September 1, 1990.*

## RULE 83.2.1  RELEASE OF INFORMATION BY ATTORNEYS

**(a)**    **Generally.** No lawyer shall release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which the lawyer is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

**(b)**    **Grand Jury and Criminal Investigation.** With respect to a grand jury or other pending investigation of any criminal matter, a lawyer participating in or associated with the investigation shall refrain from making any extrajudicial statement, which a reasonable person would expect to be disseminated by means of public communication, that goes beyond the public record or that is not necessary to inform the public that the investigation is underway, to describe the general scope of the investigation, to obtain assistance in the apprehension of a suspect, to warn the public of any dangers, or otherwise to aid in the investigation.

**(c)**    **Pending Matters.** From the time of arrest, issuance of an arrest warrant, or the filing of a complaint, information, or indictment in any criminal matter until the commencement of trial or disposition without trial, a lawyer associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement, which a reasonable person would expect to be disseminated by means of public communication, relating to that matter and concerning:

  **(1)**    The prior criminal record (including arrests, indictments, or other charges of crime), or the character or reputation of the accused, except that the lawyer may make a factual statement of the accused's name, age, residence, occupation, and family status, and if the accused has not been apprehended, a lawyer associated with the prosecution may release any information necessary to aid in his apprehension or to warn the public of any dangers the accused may present;

  **(2)**    The existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement;

  **(3)**    The performance of any examinations or tests or the accused's refusal or failure to submit to an examination or test;

  **(4)**    The identity, testimony, or credibility of prospective witnesses, except that the lawyer may announce the identity of the victim if the announcement is not otherwise prohibited by law;

  **(5)**    The possibility of a plea of guilty to the offense charged or a lesser offense; and

**(6)**    Any opinion as to the accused's guilt or innocence as to the merits of the case or the evidence in the case.

**(d)**    **Permitted Disclosures.** The foregoing shall not be construed to preclude the lawyer during this period, in the proper discharge of the lawyer's official or professional obligations, from announcing the facts and circumstances of arrest (including time and place of arrest, resistance, pursuit, and use of weapons), the identity of the investigating and arresting officer or agency, and the length of the investigation; from making an announcement, at the time of seizure of any physical evidence other than a confession, admission or statement, which is limited to a description of the evidence seized; from disclosing the nature, substance, or text of the charge, including a brief description of the offense charged; from quoting or referring without comment to public records of the court in the case; from announcing the scheduling or result of any stage in the judicial process; from requesting assistance in obtaining evidence; or from announcing without further comment that the accused denies the charges.

**(e)**    **Statements During Trial.** During the trial of any criminal matter, including the period of selection of the jury, no lawyer associated with the prosecution or defense shall give or authorize any extrajudicial statement or interview relating to the trial or the parties or issues in the trial which a reasonable person would expect to be disseminated by means of public communication, except that the lawyer may quote from or refer without comment to public records of the court in the case.

**(f)**    **Statements Before Sentencing.** After the completion of a trial or disposition without trial of any criminal matter, and prior to the imposition of sentence, a lawyer associated with the prosecution or defense shall refrain from making or authorizing any extrajudicial statement which a reasonable person would expect to be disseminated by means of public communication if there is a reasonable likelihood that such dissemination will affect the imposition of sentence.

**(g)**    **Effect on Other Rules.** Nothing in this rule is intended to preclude the formulation or application of more restrictive rules relating to the release of information about juvenile or other offenders, to preclude the holding of hearings or the lawful issuance of reports by legislative, administrative, or investigative bodies, or to preclude any lawyer from replying to charges of misconduct that are publicly made against him or her.

**(h)**    **Civil Cases.** A lawyer associated with a civil action shall not during the investigation or litigation make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication if there is a reasonable likelihood that such dissemination will interfere with a fair trial and which relates to:

**(1)**    Evidence regarding the occurrence or transaction involved;

88

(2)    The character, credibility, or criminal record of a party, witness, or prospective witness;

(3)    The performance or results of any examination or tests or the refusal or failure of a party to submit to such;

(4)    His or her opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule;

(5)    Any other matter reasonably likely to interfere with a fair trial of the action.

(i)    **Application to Law Firms and Agencies.** The provisions of this rule concerning lawyers shall apply to the law firm and government agencies or offices, and the partners and employees of such firms, government agencies, or offices, with which the lawyer is associated.

*Effective September 1, 1990.*

### RULE 83.2.2  SPECIAL ORDERS FOR THE PROTECTION OF THE ACCUSED OR THE LITIGANTS IN WIDELY PUBLICIZED OR SENSATIONAL CRIMINAL OR CIVIL CASES

In a widely publicized or sensational criminal or civil case, the court, on motion of either party or on its own motion, may issue a special order governing such matters as

(1)     extrajudicial statements by parties and witnesses that are likely to interfere with the rights of the accused or the litigants to a fair trial by an impartial jury,

(2)     the seating and conduct in the courtroom of spectators and news media representatives,

(3)     the management and sequestration of jurors and witnesses, and

(4)     any other matters that the court may deem appropriate for inclusion in such an order.

*Effective September 1, 1990.*

## RULE 83.3  PHOTOGRAPHING, RECORDING AND BROADCASTING

**(a)**    **Photographing, Recording, and Broadcasting Generally Prohibited.** Except as specifically provided in these rules or by order of the court, no person shall take any photograph, make any recording, or make any broadcast by any means, in the course of or in connection with any proceedings in this court, on any floor of any building on which proceedings of this court are or, in the regular course of the business of the court, may be held.

**(b)**    **Exceptions.**

    **(1)**    **Court Reporters.** Official court reporters are not prohibited from making voice recordings for the sole purpose of discharging their official duties. No recording made for that purpose shall be used for any other purpose by any person.

    **(2)**    **Presentation of Evidence.** The court may permit the use of electronic or photographic means for the preservation of evidence or the perpetuation of a record.

    **(3)**    **Miscellaneous Proceedings.** The court may permit the broadcasting, televising, recording, or photographing of investitive, ceremonial, or naturalization proceedings.

    **(4)**    **File Review.** The use of dictation equipment is permitted in the clerk's office by persons reviewing files in that office.

*Effective September 1, 1990; amended effective September 6, 2011.*

## RULE 83.3.1  [DELETED]

*Effective September 1, 1990; expired June 30, 1994.*

## RULE 83.3.2  [DELETED]

*Adopted September 6, 2011; deleted effective [_____].*

## RULE 83.4  COURTROOM SEARCHES; COURTROOM SEATING

**(a)**     **Searches.** All persons entering a courtroom are subject to search by the United States Marshal, a Deputy United States Marshal, a Court Security Officer, or another officer authorized by the court, as are all briefcases, parcels, or other containers carried by persons entering a courtroom.

**(b)**     **Persons in Bar Enclosure.** Except by leave of a judicial officer, only members of the bar of this court may be seated within the bar enclosure.

**(c)**     **Weapons.** With the exception of weapons carried by the Marshal, Deputy Marshals, Court Security Officers, or Federal Protective Officers, no weapons, other than exhibits, are permitted in any courtroom. No other person, including any federal law enforcement agent, shall bring a weapon other than an exhibit into any courtroom except as specifically set forth in this rule. No firearm intended for introduction as an exhibit may be brought into any courtroom unless it is first presented to a Marshal or Deputy Marshal for a safety check and the marshal reports to the deputy clerk that the check has been completed.

**(d)**     **Prisoner Transportation.** Nothing in this rule shall be construed as precluding (1) a federal law enforcement officer having custody or in charge of the transportation of a federal prisoner from carrying a firearm in a courtroom on the occasion of proceedings under Fed. R. Civ. P. 5 or (2) a duly authorized correctional officer of the Commonwealth of Massachusetts, entrusted with responsibility of transporting a state prisoner for civil or criminal proceedings before a judicial officer where a Deputy Marshal is unavailable for such purpose, from carrying a firearm in a courtroom.  The judicial officer must, however, be advised in advance of that fact.

*Effective September 1, 1990.*

## RULE 83.5.1  ADMISSION TO THE DISTRICT BAR

**(a)**    **Eligibility for Admission.** An attorney is eligible for admission to the bar of this district if the attorney:

    **(1)**    is a member of the bar in good standing in Massachusetts;

    **(2)**    is a member of the bar in good standing in every jurisdiction in which the attorney has been admitted to practice; and

    **(3)**    is not the subject of disciplinary proceedings pending in any jurisdiction in which the attorney is a member of the bar**.**

**(b)**    **Procedure for Admission.**

    **(1)**    *Application.* All applicants for admission to the bar of this district must:

    (A)    complete, verify, and file an application for admission on an official form provided by the clerk;

    (B)    provide a Certificate of Good Standing from the Supreme Judicial Court of Massachusetts; and

    (C)    read and agree to comply with the Local Rules of the United States District Court for the District of Massachusetts.

        If the applicant has previously had a *pro hac vice* admission to this court (or other admission for a limited purpose under L.R. 83.5.3) revoked for misconduct, the applicant must notify the court of that fact, and describe the circumstances in detail.

    **(2)**    *Review by Clerk.* The clerk shall examine the application and Certificate of Good Standing to determine whether the application is in order. If the application is in order, the clerk shall place the name of the applicant on the list for the first available admission ceremony. If the clerk questions whether the documents satisfy the requirements, the clerk shall transmit the documents to the United States Attorney for review.

    **(3)**    *Review by United States Attorney.* The United States Attorney shall make a recommendation on the application within 21 days after transmittal of the application. If the United States Attorney recommends that the application should be granted, he or she shall return the application to the clerk with such recommendation in writing. The clerk shall place the name of the applicant on the list for the first available admission ceremony. If the United States Attorney

recommends that the application should not be granted, he or she shall return the application to the clerk with written objection. The clerk may deny the application without prejudice and send a notice of the denial to the applicant together with a copy of the objection from the United States Attorney.

**(4)**     ***Motion to Approve after Denial.*** Any applicant denied admission may file a motion seeking to approve the application. The motion shall be served on the United States Attorney and presented to the Miscellaneous Business Docket (MBD) judge. The United States Attorney shall file any objection within 14 days of service. If the court approves the application, the clerk shall place the name of the applicant on the list for the first available admission ceremony.

**(5)**     ***Oath or Affirmation.*** Approved applicants must make the following oath or affirmation before a district judge or magistrate judge:

> I solemnly swear (or affirm) that I shall conduct myself as a member of the bar of the United States District Court for the District of Massachusetts fairly and ethically and in accordance with the Constitution of the United States, the law of this district, and the local rules of this court.

**(6)**     ***Registration and Fee.*** Approved applicants must also sign the register of attorneys and pay the approved attorney admission fee to the clerk.

*Effective September 1, 1990; amended effective December 1, 2009, January 1, 2015.*

## RULE 83.5.2  APPEARANCES

**(a)**    **Appearances Generally.** The filing of an appearance or any other pleading signed on behalf of a party constitutes an entry of appearance for that party. All pleadings shall contain the name, bar admission number, address, telephone number, and e-mail address of the attorney entering an appearance.

**(b)**    **Appearances by Law Firms.** When a party is represented by a law firm, the appearance must include the name and the signature of at least one individual attorney. When a party is represented by more than one attorney from the same or different law firms, the attorney entering the appearance must designate the individual attorney who is authorized to receive all notices in the case. Any notice sent to an attorney so designated shall be deemed to be proper notice unless the court finds that notice was not properly sent.

**(c)**    **Withdrawal of Appearance.** An attorney may withdraw an appearance on behalf of a party by either of the following procedures.

   **(1)**    ***Appearance of Successor Counsel.*** An attorney may file a notice of withdrawal of appearance that is either preceded or accompanied by the appearance of successor counsel; provided, however, that leave of court must be obtained if:

   (A)    any motion is pending in the case;

   (B)    a trial date has been set;

   (C)    an evidentiary hearing has been set; or

   (D)    any reports, written or oral, are due.

   **(2)**    ***Leave of Court.*** An attorney may seek leave of court to withdraw his or her appearance for good cause shown.

**(d)**    **Notice of Withdrawal.** Any notice or motion to withdraw an appearance must be served on the party whom the attorney represents and all other parties to the case. Any objections to the withdrawal shall be filed within 14 days after service, unless the court shortens the period for good cause shown.

*Effective September 1, 1990, amended effective January 1, 2015.*

## RULE 83.5.3  PRACTICE BY PERSONS NOT MEMBERS OF THE BAR

**(a)**     **Generally.** An attorney who is not a member of the bar of this district may appear and practice in this court as set forth in this rule.

**(b)**     **Requirement of Good Standing.** Except as provided in subsection (e)(5) of this rule, no attorney may appear and practice if he or she:

   (1)     is not a member of the bar in good standing in every jurisdiction in which the attorney has been admitted to practice; or

   (2)     is the subject of disciplinary proceedings pending in any jurisdiction in which the attorney is a member of the bar.

**(c)**     **Attorneys for the United States**. An attorney who is employed by the United States or any of its departments or agencies may appear and practice as an attorney for the United States, any department or agency of the United States, or any officer or employee of the United States.

**(d)**     **Federal Defenders.** An attorney employed in the Federal Defender's Office in this District may appear and practice as an attorney pursuant to a court appointment or on behalf of his or her office.

**(e)**     **Procedural Requirements for Admission.**

   (1)     ***Leave of Court Required.*** An attorney who is a member of the bar of any United States District Court or the bar of the highest court of any state may appear and practice in this court in a particular case by leave of court.

   (2)     ***Motion by Local Counsel.*** An application for leave to practice in this court shall be made by motion of a member of the bar of this court, who shall also file an appearance.

   (3)     ***Certification by Attorney.*** Any attorney seeking admission under this rule shall file a signed certification that the attorney:

   **(A)**     is a member of the bar in good standing in every jurisdiction in which the attorney has been admitted to practice;

   **(B)**     is not the subject of disciplinary proceedings pending in any jurisdiction in which the attorney is a member of the bar;

**(C)**     has not previously had a *pro hac vice* admission to this court (or other admission for a limited purpose under this rule) revoked for misconduct; and

**(D)**     has read and agrees to comply with the Local Rules of the United States District Court for the District of Massachusetts.

(4)     ***Payment of Fee.*** An attorney seeking admission under this rule shall pay the appropriate fee to the clerk.

(5)     ***Attorney Subject to Pending Disciplinary Proceedings.*** An attorney who otherwise satisfies the requirements of this rule, but who is the subject of disciplinary proceedings pending in another jurisdiction that have not yet been resolved, may seek to appear and practice in this court by providing, in lieu of the certification required by subsection (e)(3) of this rule, a full explanation of the nature of the proceedings and the alleged underlying conduct. Such an applicant may not be permitted to appear and practice in this court unless the judicial officer concludes that the proceeding is not reasonably likely to result in disbarment or suspension or other serious attorney disciplinary action.

**(f)**     **Attorneys in Removed Cases.** An attorney who is a member of the Massachusetts bar who represents a party in a case that has been removed to this court, and who filed an appearance in that case prior to its removal, may appear and practice in this court in that case upon payment of the fee and the filing of the certification required by subsection (e)(3) of this rule.

**(g)**     **Attorneys in Multidistrict Litigation Cases.** An attorney who represents a party in a case transferred to this district by the Judicial Panel on Multidistrict Litigation, and who filed an appearance in that case prior to its transfer, may appear and practice in this court in that case under such circumstances as the assigned judge may by order provide.

**(h)**     **Attorneys in Other Transferred Cases.** An attorney who represents a party in a case transferred to this district from another federal district, other than an MDL case, and who filed an appearance in that case prior to its transfer, shall seek admission under this rule within 21 days of the transfer to this court. The court may waive the requirement of local counsel for good cause shown.

**(i)**     **Attorneys in Bankruptcy Cases.** An attorney who has been granted leave to appear *pro hac vice* in the bankruptcy court for this district in a case, contested matter, or adversary proceeding may appear and practice in any appeal, motion to withdraw the reference, or other proceeding pending in that same case, matter, or proceeding in the district court without having to file another motion to appear *pro hac vice* in the district court.

**(j)**     **Emergency Filings.** An attorney who is not a member of the bar of this district may sign a complaint, answer, or other pleading reasonably necessary to prevent the expiration of a

period of limitations or an entry of default; provided, however, that any such pleading is accompanied by a motion for admission under this subsection, or such a motion is filed no later than 7 days thereafter.

*Effective September 1, 1990; amended effective February 1, 2012, January 1, 2015.*

## RULE 83.5.4  PRACTICE BY LAW STUDENTS

**(a)**  **Generally.** A qualified law student may appear and practice in this court as set forth in this rule.

**(b)**  **Academic and Character Requirements.**

(1)  *Generally.* In order to appear and practice in this court, a student must:

(A)  be a third-year law student, or equivalent, at an ABA-accredited law school;

(B)  have successfully completed a course for credit, or be currently enrolled in a course for credit, in evidence or trial practice; and

(C)  otherwise have the appropriate character, legal ability, and training, as certified by the dean of the student's law school as set forth in this rule.

(2)  *Criminal Cases.* A student may not appear in a criminal case unless the student has also successfully completed a course for credit in criminal procedure.

(3)  *Civil Cases.* A student may not appear in a civil case unless the student has also successfully completed a course for credit in civil procedure.

(4)  *Second-Year Students in Clinical Programs.* Notwithstanding the requirements of subsection (b)(1)(A) of this rule, a second-year law student, or equivalent, at an accredited law school may appear in a civil case if the student is currently enrolled in a law school clinical instruction program.

**(c)**  **Certification Requirements.** No student may practice under this rule until the following requirements have been met.

(1)  *Certification by Student.* The student must sign a written certification that the student has read and will abide by the rules of professional conduct followed by this court and its local rules.

(2)  *Certification by Law School Dean.* The dean of the student's law school must sign a written certification that the academic and character requirements of subsection (b) of this rule have been met.

(3)  *Filing with Clerk; Duration.* Both certifications must be filed with the clerk.  The certifications shall be in effect, unless withdrawn earlier, in any matter handled by the student until the date of the student's graduation from law school.

**(d)**  **Cases in Which Qualified Students May Appear.** A student who is qualified under this

101

rule may appear and practice as set forth below.

(1) ***Representation of Government.*** A student may represent the United States, or any department or agency of the United States, or the Commonwealth of Massachusetts, or any department or agency of the Commonwealth, under the supervision of an attorney who is duly authorized to represent the government.

(2) ***Representation of Indigent Criminal Defendants.*** A student may represent an indigent defendant in criminal proceedings, if the defendant consents as provided in subsection (g), under the supervision of an attorney who has been appointed by the court to represent the defendant.

(3) ***Representation of Indigent Civil Parties.*** A student may represent indigent parties in civil proceedings, if the party consents as provided in subsection (g) of this rule, under the supervision of:

(A) a member of the district bar appointed by the court to represent the party; or

(B) a member of the district bar employed by a nonprofit program of legal aid or legal assistance or a law school clinical instruction program.

**(e)** **Requirement of Supervision**. A supervising attorney must be in attendance at all times when a law student is appearing in court or meeting with a client pursuant to this rule.

**(f)** **Requirement of Appearance by Supervising Attorney.** A supervising attorney must file a written appearance in any matter in which a law student appears under this rule.

**(g)** **Requirement of Client Consent.** Before performing work for a client, other than the United States or a department or agency of the United States, the law student must:

(1) disclose to the client the student's status as a law student;

(2) obtain from the client a signed document in which the client:

(A) acknowledges having been informed of the student's status; and

(B) authorizes the named student to appear for and represent the client in the litigation or proceedings identified in the document;

(3) have the document approved by the supervising attorney; and

(4) file the document with the clerk.

**(h)** **No Compensation.** No student practicing under this rule may charge or receive any fee or other compensation from a client. A student may, however, receive a fixed compensation paid regularly by a governmental agency, legal aid or legal assistance program, or law school clinical instruction program acting as the employer of the student.

**(i)** **Rules of Professional Conduct.** A student practicing under this rule shall comply with the rules of professional conduct of this court. The failure of a supervising attorney to provide proper training or supervision may be grounds for sanctions, disciplinary action, or revocation or restriction of the attorney's authority to supervise students.

**(j)** **Client Communications.** Students practicing under this rule shall be treated as attorneys for purposes of applying the law and rules concerning attorney-client privilege, attorney work-product protection, and other rules concerning attorney-client communications.

**(k)** **Acknowledgment of Student Participation.** A lawyer may place a student's name and law school on a pleading filed under the lawyer's own name indicating that the law student rendered assistance in the drafting of the pleading without complying with subsections (b) though (g) of this rule.

*Effective January 1, 2015.*

## RULE 83.5.5 PRACTICE BY *PRO SE* LITIGANTS

**(a)**    **Generally.** An individual who is not represented by counsel and who is a party in a pending proceeding may appear *pro se* and represent himself or herself in the proceeding.

**(b)**    **No Representation of Other Parties.** An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf.

**(c)**    **Corporations and Other Entities.** A corporation, partnership, limited liability company, trust, estate, or other entity that is not an individual may not appear *pro se*. An individual officer, director, partner, member, trustee, administrator, or executor may not appear on behalf of an entity; provided, however, that if such an individual is also an attorney who is otherwise permitted to practice in this court, the attorney may represent the entity if the representation is otherwise appropriate under the circumstances. The court may strike any pleading filed on behalf of any entity that purports to appear *pro se*.

**(d)**    **Requirement to Follow Rules.** A *pro se* party is required to comply with these local rules.

**(e)**    **Requirement to Provide Mailing Address.** Any party who appears *pro se* must provide the clerk and all parties a mailing address at which service upon the *pro se* party can be made. Service of pleadings and other papers under Rule 5 of the Federal Rules of Civil Procedure and L.R. 5.2 may be made on a *pro se* party by sending copies by regular mail to the party at the designated address.

**(f)**    **E-Mail Address.** Any party who appears *pro se* may also provide the clerk and all parties an e-mail address at which service upon that party may be made. A *pro se* party may thereafter be served electronically at the designated e-mail address.

**(g)**    **Requirement for Documents Filed with Court.** Any document requiring a signature that is filed by a party appearing *pro se* shall bear the words "*pro se*" following that party's signature. Any such document shall also state the party's mailing address, telephone number (if any), and e-mail address (if any).

**(h)**    **Requirement to Update Addresses.** Every party appearing *pro se* shall inform the clerk and all parties in writing of any change of name, address, telephone number, or e-mail address within 14 days of the change. It is the responsibility of the *pro se* party to notify the clerk and the parties of any change. Any notice sent by the clerk or any party to a *pro se* party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the *pro se* party.

*Effective January 1, 2015. Amended effective November 1, 2019*

## RULE 83.5.6 ONGOING OBLIGATIONS

**(a)**   **Reporting Change of Address.** Each member of the bar of this district must promptly notify the clerk of any change in the attorney's name, law firm name, address, telephone number, or e-mail address.  Any notice sent to a member of the bar of this district shall be deemed delivered if sent to the most recent address on file.

**(b)**   **Reporting Disciplinary Matters.** Each member of the bar of this district must promptly notify the clerk of the imposition of any professional discipline against the attorney by any court or body having disciplinary authority over attorneys that resulted in disbarment, suspension, or any other attorney disciplinary action.  Such notification must in any event be made within 30 days of the imposition of the disciplinary action, unless good cause is shown for failing to do so.  A temporary suspension for failure to pay bar dues, not exceeding 30 days in duration, need not be reported if no other professional discipline was imposed.

**(c)**   **Reporting Criminal Convictions.** Each member of the bar of this district must promptly notify the clerk of any criminal conviction against the attorney.

*Effective January 1, 2015.*

## RULE 83.5.7 REGISTRATION FOR ELECTRONIC CASE MANAGEMENT/ELECTRONIC CASE FILES (CM/ECF)

**(a)**    **Requirement to Register.** Attorneys who are members of the bar of this district or who are permitted to appear and practice under L.R. 83.5.3 must register as filing users of the court's Case Management/ Electronic Case Filing System ("CM/ECF").

**(b)**    **Form of Registration.** An attorney who files an application for admission to the district bar under L.R. 83.5.1 need not file a separate registration for electronic filing. All others must complete and submit an approved CM/ECF registration form before filing any documents electronically.

**(c)**    **Training and Participation in Program.** Attorneys who are members of the bar of this district must participate in the CM/ECF program and obtain the necessary training to qualify as a registered user of CM/ECF.

**(d)**    **Improper Use.** Any attorney who is a registered user of CM/ECF may be required by the clerk to undergo additional training, or may be suspended or terminated by the clerk from use of CM/ECF, based on misuse or improper use of CM/ECF.

*Effective January 1, 2015.*

106

## RULE 83.6.1 RULES OF PROFESSIONAL CONDUCT

**(a)**    **Rules of Professional Conduct.** The rules of professional conduct for attorneys appearing and practicing before this court shall be the Massachusetts Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court, as set forth as Rule 3:07 of that court, as of January 1, 2015, subject to any subsequent amendments made pursuant to subsection (b) of this rule, and any exceptions set forth in subsection (c) of this rule.

**(b)**    **Amendments to Rules.** Any amendment to the Massachusetts Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court after January 1, 2015, shall be deemed adopted by this court as of the same date, unless this court affirmatively declines to adopt it by a majority vote of the full court or stays its adoption pending such a vote. This court may also modify its rules of professional conduct at any time according to its normal rulemaking procedures.

**(c)**    **Exceptions to Rules.** The court does not adopt the following portions of the Massachusetts Rules of Professional Conduct:

    (1)    Rule 3.6 (governing trial publicity), to the extent it applies to imminent or pending criminal investigations or litigation in this court; and

    (2)    Rule 3.8(f) (governing the issuance of certain subpoenas by prosecutors).

**(d)**    **Compliance with Rules Required.** All attorneys who are admitted or authorized to practice before this court shall comply with its rules of professional conduct in all matters they handle before this court.

*Effective September 1, 1990; amended effective August 1, 1997; December 1, 2009, January 1, 2015.*

### RULE 83.6.2 JURISDICTION FOR DISCIPLINARY MATTERS

 All attorneys who are admitted or authorized to practice before this court are deemed to have consented to the jurisdiction of this court for any disciplinary proceedings arising out of any claims of misconduct arising under these rules.

*Effective January 1, 2015.*

## RULE 83.6.3 FORMS OF MISCONDUCT

An attorney may be disciplined pursuant to these rules for the following types of misconduct:

**(1)**    violation of the rules of professional conduct of this court;

**(2)**    willful, recurrent, or egregious violation of these local rules or any order of the court;

**(3)**    failure to notify the court promptly of a criminal conviction or disciplinary action as required by L.R. 83.5.6(b);

**(4)**    conduct that resulted in disbarment, suspension, or any other attorney disciplinary action in another jurisdiction;

**(5)**    a conviction for a serious crime, as defined in L.R. 83.6.8; or

**(6)**    conduct that resulted in a continuance without a finding in a matter involving a charge of a serious crime, as defined in L.R. 83.6.8.

*Effective January 1, 2015.*

## RULE 83.6.4 FORMS OF DISCIPLINE

**(a)**    **Forms of Discipline Generally.** An attorney may be subject to the following types of discipline after a finding of misconduct pursuant to these rules:

    (1)    disbarment or suspension of the attorney from practicing before this court;

    (2)    revocation of an admission *pro hac vice* or other admission for a limited purpose under Rule 83.5.3;

    (3)    public or private reprimand or censure;

    (4)    monetary sanctions;

    (5)    restitution to victims of the misconduct; and

    (6)    such other disciplinary action as may be reasonable under the circumstances.

**(b)**    **Other Sanctions.** Nothing in these rules shall limit the authority of a judge to impose any other sanctions otherwise permitted by law, including without limitation sanctions for contempt of court or for litigation misconduct.  The imposition of such other sanctions, by this court or any other court, shall not constitute the imposition of professional discipline within the meaning of these rules.

*Effective January 1, 2015.*

## RULE 83.6.5 DISCIPLINARY PROCEEDINGS

**(a)**    **Procedure Generally.** The following procedures shall be employed in matters of alleged attorney misconduct.

**(b)**    **Screening and Referral.** All complaints of alleged attorney misconduct shall be screened in the first instance by the judicial officer who presided over the case or matter, if any, in which the misconduct occurred. If that judicial officer is unavailable, or if the proper judicial officer cannot be readily determined, the clerk shall randomly assign the complaint to a district judge other than the presiding judge for screening. Any judicial officer may refer any matter of potential attorney misconduct to the presiding judge, as set forth below, for review and possible further action. If the allegations of attorney misconduct are reasonably plausible and potentially serious, the matter should be referred to the presiding judge.

**(c)**    **Presiding Judge.**

　　(1)    *Generally.* After screening and referral, allegations of attorney misconduct shall be handled by the presiding judge.

　　(2)    *Assignment of Presiding Judge.* The presiding judge shall not be the judicial officer who referred the matter for review or a judicial officer assigned to the case or matter, if any, in which the matter arose. For cases arising in the Eastern Division, the Miscellaneous Business Docket Judge shall be the presiding judge. For cases arising in the Central Division, the presiding judge shall be the judge assigned to the Western Division. For cases arising in the Western Division, the presiding judge shall be the judge assigned to the Central Division. If the presiding judge is disqualified under this rule, or recuses himself or herself, the matter will be referred to the chief judge or, if he or she is disqualified, to the next active district judge in order of seniority. Once a matter has been assigned to a particular judge as the presiding judge, that judge shall remain the presiding judge for that matter unless it is reassigned under L.R. 40.1(I).

**(d)**    **Initial Review and Action by Presiding Judge.** The presiding judge shall conduct an initial *de novo* review of the matter and shall take one or more of the following actions.

　　(1)    *No Action.* The presiding judge may direct that no further action be taken, if he or she concludes that the allegations do not describe a disciplinary violation or otherwise are plainly without merit.

　　(2)    *Request for Explanation.* The presiding judge may provide written notice to the attorney specifying the alleged misconduct and affording the attorney an opportunity to explain, either on the record or in writing, why he or she believes

111

that formal disciplinary proceedings should not be commenced. If the presiding judge is satisfied with the explanation, he or she may direct that no further action be taken, or take such other steps consistent with these rules as may be appropriate.

(3) *Resolution by Consent.* The presiding judge may take any action, or enter any order, consistent with these rules to permit a resolution of any disciplinary matter by settlement or consent.

(4) *Review by Special Counsel.* The presiding judge may appoint special counsel to conduct an investigation, to make a report to the court, and to perform any other duty set forth in the order of appointment. If the matter proceeds to a formal disciplinary proceeding, the presiding judge may direct that special counsel may continue to act and may present evidence, examine witnesses, and otherwise participate in the proceeding.

(5) *Temporary Suspension.* The presiding judge may suspend the attorney on a temporary basis pursuant to L.R. 83.6.6.

(6) *Commencement of Formal Proceedings.* The presiding judge may initiate formal proceedings against the attorney, as set forth below.

(7) *Other Action.* The presiding judge may take any other action that is authorized by law, not inconsistent with these rules, and reasonably necessary to the exercise of his or her authority under these rules.

**(e)** **Referrals to Other Authorities.**

(1) *State Bar Disciplinary Authorities.* The presiding judge may refer the matter to a state bar disciplinary authority with a request that the authority report its actions to the court.

(2) *Federal Authorities.* In the case of an attorney for the United States or any department of agency of the United States, the presiding judge may refer the matter to the Department of Justice Office of Professional Responsibility, or to any other federal office or agency with supervisory or disciplinary authority over the attorney, with a request that the office or agency report its actions to the court.

(3) *Effect of Referral.* The presiding judge may continue to conduct any review, investigation, or proceeding, and impose any discipline, notwithstanding the referral of a matter to an outside authority. In the alternative, the presiding judge may, in the interests of justice, stay or suspend any such review, investigation, or proceeding pending resolution of same or a related matter by another authority.

112

    (4)    ***Notification to Clerk.*** The presiding judge shall notify the clerk of any referral to an outside authority, who shall keep a record of all such referrals.

**(f)**    **Notice and Opportunity to Be Heard.** No discipline shall be imposed against an attorney pursuant to these rules without notice and an opportunity to be heard as to both the finding of misconduct and the form of the discipline.

**(g)**    **Discovery.** The presiding judge shall order such discovery as may be reasonably necessary to ensure that the proceeding is fair to all parties. The presiding judge may, in his or her discretion, order such additional discovery as may be appropriate under the circumstances.

**(h)**    **Requirement of Cooperation.** Any attorney who is the subject of an investigation or review, or a witness in such a matter, shall cooperate and shall reasonably and promptly respond to inquiries from the court and its agents; provided, however, that an attorney may make a valid assertion of his or her constitutional rights, any applicable privilege, or any other right provided by law. Any failure to cooperate under this rule may itself result in disciplinary action.

**(i)**    **Formal Disciplinary Proceedings.**

    (1)    ***Show Cause Order.*** A formal disciplinary proceeding against an attorney shall commence by the issuance of a show-cause order by the presiding judge. The show-cause order shall direct the attorney to appear and show cause why disciplinary action should not be taken against the attorney for reasons stated in the order.

    (2)    ***Service of Notice.*** The order may be served upon the attorney by mailing a copy to him or her at the address provided by the attorney pursuant to these local rules or by any other means reasonably calculated to provide notice to the attorney.

    (3)    ***Special Counsel.*** If special counsel has not already been appointed, the presiding judge may appoint such counsel to present evidence and examine witnesses at any hearing and otherwise to participate in the proceeding.

    (4)    ***Written Response.*** The attorney shall file a written response to the show-cause order within 28 days after service. If the attorney requests a hearing to resolve any disputed issue of material fact raised in the response, or if the attorney does not dispute the misconduct but wishes to be heard on the issue of the appropriate form of discipline, the presiding judge shall set the matter for hearing.

    (5)    ***Hearing.*** The presiding judge shall hold a hearing as necessary and appropriate to resolve any disputed issues of material fact, to determine whether any attorney misconduct occurred, and to determine the appropriate form of discipline. The respondent attorney may be represented by counsel and may, upon reasonable

request, present evidence and cross-examine witnesses. The presiding judge shall make any factual findings on the record in open court or in a written order.

(6) ***Standard of Proof.*** Any factual predicate must be proved according to the standard of proof applied in attorney discipline matters in the courts of the Commonwealth of Massachusetts.

(7) ***Public Proceeding.*** Unless the presiding judge orders otherwise for good cause shown, any such hearing shall be open to the public.

(8) ***Findings.*** The presiding judge shall issue a written order setting forth his or her conclusions and the reasons therefor and the final disposition of the matter, including any discipline imposed on the attorney. Any order imposing attorney discipline shall be entered as a final judgment under Fed. R. Civ. P. 54.

**(j)** **Reference to Magistrate Judge.** The presiding judge may refer an attorney disciplinary matter to a magistrate judge.

(1) ***Disqualification.*** The designated magistrate judge shall not be the judicial officer who referred the matter for review or a judicial officer assigned to the case or matter, if any, in which the matter arose.

(2) ***Preliminary Stage.*** If the matter is at the preliminary or informal stage, the magistrate judge may review the matter, make a report and recommendation to the court, or perform any other duty specified in the order of referral.

(3) ***Formal Disciplinary Proceedings.*** If the matter has proceeded to formal disciplinary proceedings, the magistrate judge shall make a written report and recommendation to the presiding judge, including proposed factual findings.

(4) ***Objections and District Judge Review.*** Any objections to a report and recommendation, and any review by the presiding judge, shall proceed in accordance with the requirements of 28 U.S.C. § 636(b)(1).

**(k)** **Participation of Victims in Proceedings.** The court shall give due regard to the victims or potential victims of any attorney misconduct in the conduct of any proceedings and the issuance of any disciplinary order. The court shall endeavor to provide notice of any hearing to such persons and permit them to be heard as appropriate. The court shall also consider whether an order of restitution is appropriate in any disciplinary order.

**(l)** **Appeal.**

(1)     **Generally.** An appeal from a judgment or order entered under this rule may be taken in accordance with the Federal Rules of Appellate Procedure and other applicable federal law.

(2)     **Appeal by Court.** An appeal may be taken on behalf of the court by the special counsel who handled the proceeding, or by special counsel appointed for that purpose, if the court, by a majority vote of the full court, so directs. Any district judge, bankruptcy judge, or magistrate judge may request that the full court consider taking an appeal in a particular matter. The court may delay entry of judgment or take such other steps as may be reasonably necessary to preserve the right of appeal while the matter is under consideration.

*Effective January 1, 2015.*

## RULE 83.6.6 TEMPORARY SUSPENSION

**(a)**    **Temporary Suspension Generally.** The presiding judge, in accordance with this rule, may enter a temporary restraining order or preliminary injunction under Fed. R. Civ. P. 65 immediately suspending an attorney's right to practice law in this court or in the bankruptcy court of this district, pending the outcome of a disciplinary proceeding under these rules.

**(b)**    **No Temporary Suspension by Complaining Judicial Officer.** A complaint, referral, or report and recommendation seeking an order of temporary suspension shall be referred to the presiding judge in accordance with L.R. 83.6.5(c).  An order of temporary suspension shall not be entered by a judicial officer who presided over the case or matter, if any, in which the alleged misconduct occurred.

**(c)**    **Notice and Hearing.** No order of temporary suspension may be made without notice to the attorney and an opportunity to be heard.

**(d)**    **Standard for Temporary Suspension.** The presiding judge shall consider the following factors when determining whether to issue an order of temporary suspension:

   (1)    whether a disciplinary complaint has a substantial likelihood of success on the merits and is likely to result in an order of suspension or disbarment;

   (2)    whether the attorney's continued practice of law in this court pending the outcome of any disciplinary proceedings presents a significant ongoing risk of harm to the public;

   (3)    whether the balance of equities, including a weighing of the ongoing risk of harm to the public against the harm to the attorney resulting from an immediate suspension, warrants suspension; and

   (4)    whether the public interest favors entry of the order.

**(e)**    **Written Report by District Judge.** If a district judge determines that an attorney should be the subject of an order of temporary suspension, the district judge shall issue an order to show cause why an attorney should not be immediately suspended from practice in the district court and a written report setting forth the basis of the judge's belief.  The order to show cause and written report shall be served on the attorney with a date by which the attorney should respond.  The matter shall be immediately referred to the presiding judge, who shall consider it on an expedited basis.

**(f)**    **Report and Recommendation by Bankruptcy Judge or Magistrate Judge.** If a bankruptcy judge or magistrate judge believes that an attorney should be the subject of an order of temporary suspension, the bankruptcy judge or magistrate judge shall issue an order to show cause why the attorney should not be immediately suspended from practice

in the district court and a report and recommendation to the district court setting forth the facts warranting such relief. The order to show cause and report and recommendation shall be served on the attorney with a date by which the attorney should respond. The order to show cause and the report and recommendation shall be immediately referred to the presiding judge, who shall consider the matter on an expedited basis.

**(g)**     **Modification of Suspension.** After notice and hearing, and for good cause shown, the presiding judge may vacate or modify any order of temporary suspension issued under this rule.

**(h)**     **Formal Disciplinary Proceedings.** If a formal disciplinary proceeding has not yet been initiated under L.R. 83.6.5(g) at the time the order of temporary suspension is requested or issued, such a proceeding shall be initiated reasonably promptly thereafter.

*Effective January 1, 2015.*

## RULE 83.6.7 DISBARMENT BY CONSENT

**(a)**    **Consent to Disbarment Generally.** Any attorney admitted to practice before this court may consent to disbarment.

**(b)**    **Procedure.** In order to consent to disbarment, the attorney must deliver an affidavit to the court stating that:

    (1)    the attorney wishes to consent to disbarment;

    (2)    the attorney's consent is freely and voluntarily given and not made under coercion or duress;

    (3)    the attorney is fully aware of the implications of consenting to disbarment; and

    (4)    the attorney is aware of the pending investigation or proceeding and that grounds exist for disciplinary action, the nature of which shall be specifically set forth.

The affidavit shall also identify all jurisdictions in which the attorney has been admitted to practice. Upon receipt of the required affidavit, the chief judge shall enter an order disbarring the attorney, and direct the clerk to send a copy of the order to all jurisdictions in which the disbarred attorney has been admitted to practice.

*Effective January 1, 2015.*

## RULE 83.6.8 DISCIPLINE AFTER CRIMINAL CONVICTION

**(a)**    **Effect of Criminal Conviction.**

    **(1)**    ***Summary Suspension.*** When an attorney who is a member of the bar of this district or who is permitted to practice in this court has been convicted of a serious crime, as defined in subsection (b) of this rule, the attorney shall be summarily suspended from practicing before this court.

    **(2)**    ***Suspension Procedure.*** The court shall enter an order immediately suspending an attorney from practicing before this court upon the filing of a certified copy of a judgment or other official court records reflecting a criminal conviction. A copy of such order shall immediately be served upon the attorney. The matter shall then be referred to the presiding judge in accordance with L.R. 83.6.5(c) for further review and action.

    **(3)**    ***Setting Aside Suspension.*** Upon good cause shown, the presiding judge may set aside such order when it appears in the interest of justice to do so.

    **(4)**    ***Subsequent Disciplinary Proceeding.*** In addition to suspending the attorney, the presiding judge shall commence a formal disciplinary proceeding against the attorney, provided, however, that the disciplinary proceeding so instituted shall not be brought to final hearing until all appeals from the conviction are concluded.

**(b)**    **Definition of "Serious Crime."** The term "serious crime" shall be defined for purposes of this rule as follows:

    **(1)**    ***Types of Crime.*** "Serious crime" shall include:

        (A)    any felony or other crime punishable by a term of imprisonment of more than one year;

        (B)    any crime involving obstruction of justice, interference with the administration of justice, witness intimidation, perjury, or suborning perjury;

        (C)    any crime involving false statements, fraud, false swearing, false pretenses, misrepresentation, or deceit;

        (D)    any crime involving bribery, extortion, or unlawful payments to a government official;

        (E)    any crime involving misappropriation of property or embezzlement;

(F)   any crime involving willful failure to file tax returns or filing false tax returns; and

(G)   any attempt, conspiracy, or solicitation of another to commit such crimes.

**(2)   *Jurisdictions.*** A conviction for a "serious crime" shall qualify if it occurred in any court of the United States, any state, the District of Columbia, or any territory, commonwealth, or possession of the United States.

**(c)   Definition of "Convicted."** The term "convicted" shall be defined for purposes of this rule to include any disposition of a criminal matter by a finding of guilty or a plea of *nolo contendere*, whether or not that disposition has been appealed or is otherwise under court review.

**(d)   Effect of Reversal of Conviction.** An attorney who was suspended under the provisions of this rule will be reinstated immediately upon the filing of a certificate demonstrating that the conviction has been reversed. The reinstatement will not, however, automatically terminate any disciplinary proceeding then pending against the attorney arising out of the matters for which the attorney was prosecuted.

**(e)   Effect of Other Crimes.** Evidence that an attorney committed a crime other than a "serious crime" as defined in this rule may form the basis for a disciplinary proceeding or other action against the attorney, even though it may not result in a summary suspension.

*Effective January 1, 2015.*

## RULE 83.6.9 RECIPROCAL DISCIPLINE

**(a)**    **Generally.** When an attorney who is a member of the bar of this district or who is permitted to practice in this court has been disbarred or suspended in any other jurisdiction, the attorney may be subject to reciprocal discipline as set forth below.

**(b)**    **Notice and Show-Cause Order.** Upon the filing of a certified copy of a judgment, order, or other official record demonstrating that the attorney has been disciplined by another court, this court shall promptly issue a notice to the attorney with the following:

  **(1)**    a copy of the judgment or order or other official record; and

  **(2)**    an order to show cause, within 28 days after service of the order, why this court should not impose the identical discipline.

**(c)**    **Disciplinary Action or Referral.** If the attorney fails to respond within the 28-day period, or does not contest the matter, this court shall impose the identical discipline imposed by the other court.  If the attorney responds within that period and contests the matter, the matter shall be referred to the presiding judge in accordance with L.R. 83.6.5(c) for further review and action.

**(d)**    **Effect of Stay.** In the event the action imposed in the other jurisdiction has been stayed there, any reciprocal action taken by this court shall be deferred until such stay expires.

**(e)**    **Effect of Decision by Other Court.**

  **(1)**    If, with respect to the action taken by the other court, the presiding judge finds:

    **(A)**    that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

    **(B)**    that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as final the other court's conclusion on that subject;

    **(C)**    that the imposition of substantially similar discipline or the making of the same finding by this court would result in grave injustice; or

    **(D)**    that the conduct at issue is deemed by the presiding judge to warrant substantially different disciplinary action,

  the presiding judge may enter such other orders as he or she deems appropriate under the circumstances.

**(2)**    In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of any proceeding under this rule.

**(f)**    **Definition of "Court."** The term "court" shall be defined for purposes of this rule as any court, or other governmental body having supervisory or disciplinary authority over attorneys, of the United States, any state, the District of Columbia, or any territory, commonwealth, or possession of the United States.

*Effective January 1, 2015.*

**RULE 83.6.10 REINSTATEMENT**

**(a)**    **Reinstatement after Suspension.** An attorney who has been suspended shall be automatically reinstated at the end of the period of suspension upon the filing of an affidavit stating that:

    **(1)**    the period of suspension has expired; and

    **(2)**    the attorney has complied with all requirements of any order of suspension.

**(b)**    **Reinstatement after Disbarment or Resignation.**

    **(1)**    *Generally.* An individual who has ceased to be a member of the district bar for any reason, including disbarment or resignation, may apply for reinstatement.

    **(2)**    *Application Requirements.* An applicant for reinstatement shall:

        **(A)**    complete, verify, and file an application for reinstatement on an official form provided by the clerk;

        **(B)**    file an affidavit of compliance with any applicable court order imposing conditions as a part of attorney discipline; and

        **(C)**    pay the approved attorney reinstatement fee to the clerk.

    **(3)**    *Waiting Period.* An attorney who has been disbarred after hearing or by consent may not apply for reinstatement until at least 5 years after the effective date of disbarment.

    **(4)**    *Procedure on Application.* An application for reinstatement shall be referred to the presiding judge in accordance with L.R. 83.6.5(c) for review and further action.

        **(A)**    The presiding judge may designate a magistrate or bankruptcy judge to issue a report and recommendation as to whether or not the application should be approved.

        **(B)**    The presiding judge may appoint special counsel to conduct an investigation, to make a report to the court, and to perform any other duty set forth in the order of appointment.

        **(C)**    After notice, the presiding judge shall schedule a hearing on the application.

        **(D)**    The presiding judge may refer the matter to a magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(l).

**(5)**     ***Standard for Reinstatement.*** The applicant shall have the burden of demonstrating by clear and convincing evidence that he or she is qualified and fit to practice law before this court and that the applicant's resumption of the practice of law before this court will not adversely affect the interests of potential clients, public confidence in the integrity of the bar of this court, or the proper administration of justice.

**(6)**     ***Approval by District Court Required.*** If the presiding judge grants the application of an applicant who had been previously disbarred, the matter will be referred to the full court. No order of reinstatement after an order of disbarment shall take effect except upon a majority vote of the district judges of the full court.

*Effective January 1, 2015.*

## RULE 83.6.11 PUBLIC ACCESS AND CONFIDENTIALITY

**(a)**   **Matters Presumed to Be Public.** All matters before the court concerning alleged attorney misconduct and discipline are presumptively public.

**(b)**   **Exceptions.** The court, on its own motion or on request, may redact or protect the following types of matters and file them under seal.

    **(1)**   ***Victim or Third-Party Privacy***. Any matters reasonably necessary to protect the privacy of a victim of attorney misconduct or of any innocent third party.

    **(2)**   ***Privilege***. Any matters reasonably necessary to protect information subject to a valid attorney-client or other privilege.

    **(3)**   ***Grand Jury or Criminal Investigation***. Any matters reasonably necessary to protect information subject to grand jury secrecy or to protect an ongoing criminal investigation.

    **(4)**   ***Personal Privacy.*** Any matters of a highly personal or private nature; provided, however, that if the personal or private matter was the basis, at least in part, of a disciplinary action, a decision not to take disciplinary action, or a decision to mitigate discipline, public disclosure is required in sufficient detail to permit an informed public understanding of the court's decision.

    **(5)**   ***Exceptional Circumstances.*** Any other matters that, due to exceptional circumstances presented in the case, should not be disclosed in the interests of justice.

    Any such redaction or protective order shall be in writing or made on the record and shall state the reasons for the order.  The court, in fashioning such an order, shall give due regard to the need to protect the public from further attorney misconduct and to maintain public confidence in the integrity of the court.

*Effective January 1, 2015.*

## RULE 106.1  GRAND JURIES

**(a)**    **Confidentiality of Names.** The names of any jurors drawn from the qualified jury wheel and selected to sit on a grand jury shall be kept confidential and not made public or disclosed to any person not employed by the court, except as otherwise authorized by a court order in an individual case pursuant to 28 U.S.C. § 1867(f).

**(b)**    **Sealing of Documents.** All subpoenas, motions, pleadings, and other documents filed with the clerk concerning or contesting grand jury proceedings shall be sealed and impounded unless otherwise ordered by the court based upon a showing of particularized need. Impoundment under this rule shall not preclude necessary service of papers on opposing parties or their counsel nor prohibit the clerk from providing copies of papers to the party or counsel filing same.

*Effective September 1, 1990.*

## RULE 106.2  RELEASE OF INFORMATION BY COURTHOUSE PERSONNEL IN CRIMINAL CASES

All court supporting personnel, including the United States Marshal, Deputy United States Marshals, the clerk of court, deputy clerks, probation officers, assistant probation officers, bailiffs, court reporters, and employees or subcontractors retained by the court-appointed official reporters, judges' secretaries, law clerks, student assistants, and other employees are prohibited from disclosing information relating to a pending grand jury proceeding or criminal case that is not part of the public records of the court without authorization by the court. Divulging information concerning in camera hearings is also prohibited.

*Effective September 1, 1990.*

## RULE 112.1  MOTION PRACTICE

Unless otherwise specified in these local rules or by order of the court, motion practice in criminal cases shall be subject to L.R.7.1.

*Adopted September 8, 1998; effective December 1, 1998; February 1, 2012.*

**RULE 112.2  EXCLUDABLE DELAY PURSUANT TO THE SPEEDY TRIAL ACT**

**(a)**    **Excludable Delay Generally.** The court, having found that a fair and prompt resolution of criminal cases is best served by minimizing formal motion practices and establishing the system of discovery set forth in these local rules, has determined that the following periods of time may be excluded, under 18 U.S.C. §§ 3161(h)(1)(D) & (H) and (h)(7)(A), to serve the ends of justice in order to accomplish such purposes:

    **(1)**    the period from arraignment to the initial status conference conducted under L.R. 116.5(a), during which period the parties shall produce the automatic discovery required under L.R. 116.1(b) and (c) and develop their discovery plans, and defendants shall consider the need for pretrial motions under Fed. R. Crim. P. 12;

    **(2)**    no more than 14 days from the filing of a copy of a letter requesting discovery under L.R. 116.3(a);

    **(3)**    no more than 14 days from the date on which a written response to a letter requesting discovery under L.R. 116.3(a) is due to the filing of a motion seeking the discovery, provided that the party receiving the discovery request either refuses to furnish the requested discovery or fails to respond to the request, and the party requesting the discovery actually files a motion seeking discovery.

**(b)**    **Requirement of Order of Excludable Delay.** The time periods indicated above will not be automatically excluded. All such periods of excludable delay must be included in an order issued by the judicial officer.

**(c)**    **Exclusion of Additional Periods.** Nothing in this rule shall preclude the court from excluding additional periods of time as appropriate under 18 U.S.C. §3161(h).

**(d)**    **Procedure under Waiver of Automatic Discovery.** If a defendant files the waiver provided under L.R. 116.1(b), all periods of excludable delay shall be calculated pursuant to the Speedy Trial Act without regard to the provisions of this local rule.

*Adopted September 8, 1998; effective December 1, 1998; amended effective February 1, 2012.*

## RULE 112.4  CORPORATE DISCLOSURE STATEMENT

*Adopted December 4, 2000; effective January 1, 2001; amended effective February 1, 2012; deleted effective [_____].*

## RULE 116.1  DISCOVERY IN CRIMINAL CASES

**(a)**    **Discovery Alternatives.**

    **(1)**    ***Automatic Discovery.*** In all felony cases and Class A misdemeanor cases (except those within the Central Violations Bureau), unless a defendant waives automatic discovery in accordance with subsection (b) below, all discoverable material and information in the possession, custody, or control of the government and the defendant, the existence of which is known, or by the exercise of due diligence may become known, to the attorneys for those parties, must be disclosed to the opposing party without formal motion practice at the times and under the automatic procedures specified in these local rules.

    **(2)**    ***Non-Automatic Discovery.*** In petty offense cases and Class A misdemeanor cases within the Central Violations Bureau, and in cases where the defendant waives automatic discovery in accordance with subsection (b) below, the defendant must obtain discovery directly through the provisions of the Federal Rules of Criminal Procedure in the manner provided under L.R. 116.3.

**(b)**    **Waiver.** A defendant shall be deemed to have requested all the discovery authorized by Fed. R. Crim. P. 16(a)(1) unless that defendant files a Waiver of Request for Disclosure (the "Waiver") at arraignment or within such additional time as the court may allow upon motion made by the defendant at arraignment. If the Waiver is not timely filed, the defendant shall be subject to the correlative reciprocal discovery obligations of Fed. R. Crim. P. 16(b) and this rule and shall be deemed to have consented to the exclusion of time for Speedy Trial Act purposes as provided in L.R. 112.2(a). If the court allows the defendant additional time in which to file the Waiver, and no Waiver is timely filed, the 28-day period for providing automatic discovery established in subsection (c) of this rule shall begin to run on the last date allowed for filing the Waiver, and all dates for filing discovery letters and motions established in L.R. 116.3 shall be adjusted accordingly.

**(c)**    **Automatic Discovery Provided by the Government.**

    **(1)**    ***Following Arraignment.*** Unless a defendant has filed the Waiver in accordance with subsection (b) above, within 28 days of arraignment (except a Rule 11 arraignment on an information), absent a contrary schedule established by the court pursuant to subsections (e) and (f) below, the government must produce to the defendant:

        **(A)**    ***Fed. R. Crim. P. 16 Materials.*** All of the information to which the defendant
is entitled under Fed. R. Crim. P. 16(a)(1).

**(B)**    *Search Materials.* A copy of any search warrant (with supporting application, affidavit, and return) and a written description of any consent search or warrantless search (including an inventory of items seized):

    **(i)**    that resulted in the seizure of evidence or led to the discovery of evidence that the government intends to use in its case-in-chief; or

    **(ii)**    that was obtained for or conducted of the defendant's property, residence, place of business, or person, in connection with investigation of the charges contained in the indictment.

**(C)**    *Electronic Surveillance.*

    **(i)**    a written description of any interception of wire, oral, or electronic communications as defined in 18 U.S.C. § 2510, relating to the charges in the indictment in which the defendant was intercepted and a statement whether the government intends to use any such communications as evidence in its case-in-chief; and

    **(ii)**    a copy of any application for authorization to intercept such communications relating to the charges contained in the indictment in which the defendant was named as an interceptee or pursuant to which the defendant was intercepted, together with all supporting affidavits, the court orders authorizing such interceptions, and the court orders directing the sealing of intercepted communications under 18 U.S.C. § 2518.

**(D)**    *Consensual Interceptions.*

    **(i)**    a written description of any interception of wire, oral, or electronic communications, relating to the charges contained in the indictment, made with the consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to use in its case-in-chief.

    **(ii)**    nothing in this subsection is intended to determine the circumstances, if any, under which, or the time at which, the attorney for the government must review and produce communications of a defendant in custody consensually recorded by the institution in which that defendant is held.

**(E)**    *Undicted Coconspirators.* As to each conspiracy charged in the indictment, the name of any person asserted to be a known unindicted coconspirator. If subsequent litigation requires that the name of any such unindicted coconspirator be referenced in any filing directly with the court, that information must be redacted from any public filing and be filed under L.R. 7.2 pending further order of the court.

**(F)**    *Identifications.*

**(i)**    A written statement whether the defendant was a subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a lineup, show-up, photospread or other display of an image of the defendant.

**(ii)**    If the defendant was a subject of such a procedure, a copy of any, recording, photospread, image or other tangible evidence reflecting, used in or memorializing the identification procedure.

**(2)**    ***Exculpatory Information.*** The timing and substance of the disclosure of exculpatory evidence is governed by L.R. 116.2.

**(d)**    **Automatic Discovery Provided by the Defendant.** Unless a defendant has filed the Waiver in accordance with subsection (b) within 28 days after arraignment (except a Rule 11 arraignment on an information), absent a contrary schedule established by the court pursuant to subsections (e) and (f), the defendant must produce to the government all material described in Fed. R. Crim. P. 16(b)(1)(A) and (B).

**(e)**    **Deadline for Automatic Discovery.** At arraignment, the judicial officer shall set a date for completion of automatic discovery in accordance with this rule. The date may be extended on motion or request of any party.

**(f)**    **Alternative Discovery Schedule.** The parties shall inform the court at arraignment, or as soon as practicable thereafter, of any issues that might require an alternative discovery schedule. Requests for an alternative discovery schedule in complex cases shall be liberally granted. The court shall not allow an alternative discovery schedule without providing a date for the completion of automatic discovery.

**(g)**    **Non-Automatic Discovery Provided by the Parties.** If the defendant files the Waiver, all requests for discovery and reciprocal discovery, and all responses to such requests, shall be made in writing and filed with the court. Unless a greater or lesser amount of time is established by the court upon motion and for good cause shown, within 28 days of receiving a letter or motion requesting discovery, a party shall produce all discovery responsive to

those requests to which it does not object and shall file a written response to those requests (if any) to which it does object, explaining the basis for its objections.

*Adopted September 1, 1990; amended effective December 1, 1998; amended effective February 1, 2012.*

## RULE 116.2  DISCLOSURE OF EXCULPATORY EVIDENCE

**(a)**   **Definition.** Exculpatory information is information that is material and favorable to the accused and includes, but is not necessarily limited to, information that tends to:

    **(1)**   cast doubt on defendant's guilt as to any essential element in any count in the indictment or information;

    **(2)**   cast doubt on the admissibility of evidence that the government anticipates using in its case-in-chief, that might be subject to a motion to suppress or exclude, which would, if allowed, be appealable pursuant to 18 U.S.C. § 3731;

    **(3)**   cast doubt on the credibility or accuracy of any evidence that the government anticipates using in its case-in-chief; or

    **(4)**   diminish the degree of the defendant's culpability or the defendant's Offense Level under the United States Sentencing Guidelines.

**(b)**   **Timing of Disclosure by the Government.** Unless the government invokes the declination procedure under L.R. 116.6, the government must produce to the defendant exculpatory information in accordance with the following schedule:

    **(1)**   within the time period designated in L.R. 116.1(c)(1), or by any alternative date established by the court:

        **(A)**   information that would tend directly to negate the defendant's guilt concerning any count in the indictment or information;

        **(B)**   information that would cast doubt on the admissibility of evidence that the government anticipates using in its case-in-chief and that could be subject to a motion to suppress or exclude, which would, if allowed, be appealable pursuant to 18 U.S.C. § 3731; and

        **(C)**   a statement whether any promise, reward, or inducement has been given to any witness whom the government anticipates calling in its case-in-chief, identifying by name each such witness and each promise, reward, or inducement, and a copy of any promise, reward, or inducement reduced to writing

        **(D)**   a copy of any criminal record of any witness whom the government anticipates calling in its case-in-chief, identifying by name each such witness;

**(E)**    a written description of any criminal cases pending against any witness whom the government anticipates calling in its case-in-chief, identifying by name each such witness.

**(F)**    a written description of the failure of any percipient witness identified by name to make a positive identification of a defendant, if any identification procedure has been held with such a witness with respect to the crime at issue.

**(2)**    Not later than 21 days before the trial date established by the judicial officer who will preside at the trial:

**(A)**    any information that tends to cast doubt on the credibility or accuracy of any witness or evidence that the government anticipates calling or offering in its case-in-chief,

**(B)**    any inconsistent statement, or a description of such a statement, made orally or in writing by any witness whom the government anticipates calling in its case-in-chief, regarding the alleged criminal conduct of the defendant;

**(C)**    any statement or a description of such a statement, made orally or in writing by any person, that is inconsistent with any statement made orally or in writing by any witness the government anticipates calling in its case-inchief, regarding the alleged criminal conduct of the defendant;

**(D)**    information reflecting bias or prejudice against the defendant by any witness whom the government anticipates calling in its case-in-chief;

**(E)**    a written description of any prosecutable federal offense known by the government to have been committed by any witness whom the government anticipates calling in its case-in-chief;

**(F)**    a written description of any conduct that may be admissible under Fed. R. Evid. 608(b) known by the government to have been committed by a witness whom the government anticipates calling in its case-in-chief; and

**(G)**    information known to the government of any mental or physical impairment of any witness whom the government anticipates calling in its case-in-chief, that may cast doubt on the ability of that witness to testify accurately or truthfully at trial as to any relevant event.

**(3)**    No later than the close of the defendant's case: exculpatory information regarding any witness or evidence that the government intends to use in rebuttal.

136

**(4)**    Before any plea or to the submission by the defendant of any objections to the PreSentence Report, whichever first occurs: a written summary of any information in the government's possession that tends to diminish the degree of the defendant's culpability or the defendant's Offense Level under the United States Sentencing Guidelines.

**(5)**    If an item of exculpatory information can reasonably be deemed to fall into more than one of the foregoing categories, it shall be deemed for purposes of determining when it must be produced to fall into the category which requires the earliest production.

*Adopted September 8, 1998; effective December 1, 1998; amended effective February 1, 2012.*

## RULE 116.3  DISCOVERY MOTION PRACTICE

**(a)**  **Letter Request for Discovery.** Within 14 days of the completion of automatic discovery, any party by letter to the opposing party may request additional discovery. The opposing party shall reply in writing to the requests contained in such letter, no later than 14 days after its receipt, stating whether that party agrees or does not agree to furnish the requested discovery and, if that party agrees, when the party will furnish the requested discovery. A copy of the discovery request letter and any response must also be filed with the clerk's office.

**(b)**  **Agreement to Provide Discovery.** If a party agrees in writing to provide the requested discovery, the agreement shall be enforceable to the same extent as a court order requiring the agreed-upon disclosure.

**(c)**  **Explanation for Lack of Agreement.** If a party does not agree to provide the requested information, that party must provide a written statement of the basis for its position.

**(d)**  **No Need to Request Automatic Discovery.** A defendant participating in automatic discovery should not request information expressly required to be produced under L.R. 116.1, because all such information is required to be produced automatically in any event.

**(e)**  **No Motion before Response to Request.** Except in an emergency, no discovery motion, or request for a bill of particulars, shall be filed until the opposing party has declined in writing to provide the requested discovery or has failed to respond in writing within 14 days of receipt of a written discovery request.

**(f)**  **No Motion before Conference with Opponent.** Except in an emergency, no discovery motion, or request for a bill of particulars, shall be filed before, the moving party has conferred, or attempted in good faith to confer, with opposing counsel to attempt to eliminate or narrow the areas of disagreement. In the motion or request, the moving party shall certify that a good faith attempt was made to eliminate or narrow the issues raised in the motion through a conference with opposing counsel or that a good faith attempt to comply with the requirement was precluded by the opposing party's unwillingness or inability to confer.

**(g)**  **Timing of Motion.** Any discovery motion shall be filed within 14 days of receipt of the opposing party's written reply to the letter requesting discovery described in subsection (a) or within 14 days of the passage of the period within which the opposing party has the obligation to reply pursuant to subsection (a). The discovery motion shall state with particularity each request for discovery, followed by a concise statement of the moving party's position with respect to such request, including citations of authority.

**(h)**  **Multi-Defendant Cases.** In multi-defendant cases, except with leave of court, the defendant parties must confer and, to the maximum extent possible in view of any

138

potentially differing positions of the defendants, consolidate their written requests to the government for any discovery. If a discovery motion is to be filed, the defendant parties must endeavor to the maximum extent possible to file a single consolidated motion. Each defendant need not join in every written request submitted to the government or filed in a consolidated motion, but all defense requests and motions, whether or not joined in by each defendant must to the maximum extent possible be contained within a single document or filing.

**(i)**    **Timing of Response to Motions.** The opposing party must file its response to all discovery motions within 14 days of receipt. In its response, the opposing party, as to each request, shall make a concise statement of the opposing party's basis for opposing that request, including citations to authority.

**(j)**    **Subsequent Requests.** The procedure set forth in this rule shall apply to any subsequent requests for discovery. When filing a discovery motion that is based on a subsequent discovery request, the moving party must additionally certify that the discovery request resulting in the motion was prompted by information not known, or issues not reasonably foreseeable, to the moving party before the deadline for discovery motions, or that the delay in making the request was for other good cause, which the moving party must describe with particularity.

*Adopted September 8, 1998; effective December 1, 1998; amended effective February 1, 2012.*

# RULE 116.4  SPECIAL PROCEDURES FOR AUDIO AND VIDEO RECORDINGS

**(a)     Availability of Audio and Video Recordings**

    **(1)**     The government must provide at least one copy of all audio and video recordings in its possession that are discoverable for examination and review by the defendant parties.

    **(2)**     If a defendant requests additional copies, the government must make arrangements to provide or to enable that defendant to make such copies at that defendant's expense.

    **(3)**     If in a multidefendant case any defendant is in custody, the government must insure that an extra copy of all audio and video recordings is available for review by the defendant(s) in custody.

**(b)     Composite Recordings, Preliminary Transcripts and Final Transcripts.** The parties must make arrangements promptly to provide or make available for inspection and copying by opposing counsel all:

    **(1)**     Composite electronic surveillance or consensual interception recordings to be used in that party's case-in-chief at trial, once prepared.

    **(2)**     Preliminary transcripts, once prepared. A preliminary transcript may not be used at trial or in any hearing on a pretrial motion without the prior approval of the court based on a finding that the preliminary transcript is accurate in material respects and it is in the interests of the administration of justice to use it.

    **(3)**     Final transcripts, once prepared.

    **(4)**     Nothing in this rule shall be construed to require a party to prepare composite recordings, or preliminary or final transcripts, of any recording.

*Adopted September 8, 1998; effective December 1, 1998; amended effective February 1, 2012.*

## RULE 116.5  STATUS CONFERENCES AND STATUS REPORTS PROCEDURE

**(a)**    **Initial Status Conference.** On or about the 14th day following the date scheduled for the completion of automatic discovery, the magistrate judge shall convene an initial status conference with the attorneys for the parties who will conduct the trial. Unless otherwise ordered by the court, counsel shall confer and file a joint memorandum no later than 7 days before the initial status conference. The joint memorandum must include the following issues and any other issues relevant to the progress of the case, which counsel must be prepared to discuss at the conference:

    **(1)**    the status of automatic discovery and any pending discovery requests;

    **(2)**    the timing of any additional discovery to be produced;

    **(3)**    the timing of any additional discovery requests;

    **(4)**    whether any protective orders addressing the disclosure or dissemination of sensitive information concerning victims, witnesses, defendants, or law enforcement sources or techniques may be appropriate;

    **(5)**    the timing of any pretrial motions under Fed. R. Crim. P. 12(b);

    **(6)**    the timing of expert witness disclosures;

    **(7)**    periods of excludable delay under the Speedy Trial Act;

    **(8)**    the timing of an interim status conference or final status conference, as the case may require.

If the defendant indicates an intention to change his or her plea to guilty, or if discovery is substantially complete and the only issues that remain or are anticipated are ones appropriately resolved by the district judge, the magistrate judge may, at the parties' request, treat the initial status conference as a final status conference under subsection (c) of this rule and transfer the case to the district judge along with the final status report required by subsection (d). Otherwise, the magistrate judge shall issue a scheduling order and an order of excludable delay that reflect the deadlines and periods of excludable delay established at the initial status conference.

**(b)**    **Interim Status Conference.** At the initial status conference, unless the magistrate judge decides to transfer the case to the district judge under subsection (a), the magistrate judge shall schedule an interim status conference or a final status conference, as needed, giving due regard to the complexity of the case and the period of time that the parties expect will be required to complete discovery and pretrial motions.

Unless otherwise ordered by the court, counsel shall confer and file a joint memorandum no later than 7 days before the interim status conference. The joint memorandum must address the following issues, and any other issues relevant to the progress of the case, which counsel must be prepared to discuss at the conference:

**(1)**    the status of automatic discovery and any pending discovery requests;

**(2)**    the timing of any additional discovery to be produced;

**(3)**    the timing of any additional discovery requests;

**(4)**    whether any protective orders addressing the disclosure or dissemination of sensitive information concerning victims, witnesses, defendants, or law enforcement sources or techniques may be appropriate;

**(5)**    the status of any pretrial motions under Fed. R. Crim. P. 12(b);

**(6)**    the timing of expert witness disclosures;

**(7)**    defenses of insanity, public authority, or alibi;

**(8)**    periods of excludable delay under the Speedy Trial Act;

**(9)**    the status of any plea discussions and likelihood and estimated length of trial;

**(10)**    the timing of the final status conference or any further interim status conference.

The magistrate judge may waive the interim status conference if the parties request such a waiver and the magistrate judge determines that the information in the joint memorandum obviates the need for the conference.

If the defendant indicates an intention to change his or her plea to guilty, or if discovery is complete and the only issues that remain or are anticipated are ones appropriately resolved by the district judge, the magistrate judge may, at the parties' request, treat an interim status conference as a final status conference under subsection (c) and transfer the case to the district judge along with the final status report required by subsection (d). Otherwise, the magistrate judge shall issue a scheduling order and an order of excludable delay that reflect the deadlines and periods of excludable delay established at the interim status conference or in the parties' joint memorandum, as the case may be.

**(c)**    **Final Status Conference.** In all felony cases and Class A misdemeanor cases to be heard by a district judge, before the magistrate judge issues the final status report required by subsection (d) of this rule, the magistrate judge shall, if necessary, convene a final status

conference with the attorneys who will conduct the trial. Counsel shall confer and file a joint memorandum no later than 7 days before the final status conference. The joint memorandum must address the following issues, and any other issues relevant to the progress of the case, which counsel must be prepared to discuss at the conference:

**(1)**  whether the defendant requests that the case be transferred to the district judge for a Rule 11 hearing;

**(2)**  whether, alternatively, the parties move for a pretrial conference before the district judge in order to resolve pretrial motions (if any) and schedule a trial date and, if so:

 **(A)**  whether the parties have produced all discovery they intend to produce and, if not, the identity of any additional discovery and its expected production date;

 **(B)**  whether all discovery requests and motions have been made and resolved and, if not, the nature of the outstanding requests or motions and the date they are expected to be resolved;

 **(C)**  whether all motions under Fed. R. Crim. P. 12(b) have been filed and responded to and, if not, the motions that are expected to be filed and the date they will ready for resolution;

 **(D)**  whether the court should order any additional periods of excludable delay, the number of non-excludable days remaining, and whether any matter is currently tolling the running of the time period under the Speedy Trial Act; and

 **(E)**  the estimated number of trial days; and

**(3)**  any other matters specific to the particular case that would assist the district judge upon transfer of the case from the magistrate judge.

If the joint memorandum permits the magistrate judge to prepare the final status report without the necessity of an additional status conference, the magistrate judge may waive the final status conference and issue an order transferring the case to the district judge.

**(d)**  **Final Status Report.** After the final status conference, or upon receipt of the joint final status memorandum if no conference is deemed necessary, the magistrate judge shall transfer the case to the district judge along with a final status report that incorporates the information provided by the parties at the final status conference or in the joint final status memorandum, as the case may be.

*Adopted September 8, 1998; effective December 1, 1998; amended effective December 1, 2009; February 1, 2012.*

## RULE 116.6  DECLINATION OF DISCLOSURE AND PROTECTIVE ORDERS

**(a)**    **Declination.** If in the judgment of a party it would be detrimental to the interests of justice to make any of the disclosures required by these rules, such disclosures may be declined, before or at the time that disclosure is due, and the opposing party advised in writing, with a copy filed with the clerk, of the specific matters on which disclosure is declined and the reasons for declining. If the opposing party seeks to challenge the declination, that party shall file a motion to compel that states the reasons why disclosure is sought. Upon the filing of such motion, except to the extent otherwise provided by law, the burden shall be on the party declining disclosure to demonstrate, by affidavit and supporting memorandum citing legal authority, why such disclosure should not be made. The declining party may file its submissions in support of declination under seal pursuant to L.R. 7.2 for the court's in camera consideration. Unless otherwise ordered by the court, a redacted version of each such submission shall be served on the moving party, which may reply.

**(b)**    **Ex Parte Motions for Protective Orders.** This rule does not preclude any party from moving under L.R. 7.2 and ex parte (that is, without serving the opposing party) for leave to file an ex parte motion for a protective order with respect to any discovery matter. Nor does this rule limit the court's power to accept or reject an ex parte motion or to decide such a motion in any manner it deems appropriate.

*Adopted September 8, 1998; effective December 1, 1998; amended effective February 1, 2012.*

## RULE 116.7  DUTY TO SUPPLEMENT

The duties established by these local rules are continuing. Each party is under a duty, when it learns that a prior disclosure was in some respect inaccurate or incomplete to supplement promptly any disclosure required by these local rules or by the Federal Rules of Criminal Procedure.

*Adopted September 8, 1998; effective December 1, 1998.*

## RULE 116.8  NOTIFICATION TO RELEVANT LAW ENFORCEMENT AGENCIES OF DISCOVERY OBLIGATIONS

The attorney for the government shall inform all federal, state, and local law enforcement agencies formally participating in the criminal investigation that resulted in the case of the discovery obligations set forth in these local rules and obtain any information subject to disclosure from each such agency.

*Adopted September 8, 1998; effective December 1, 1998.*

## RULE 116.9  PRESERVATION OF NOTES

(a)    **General Rule**. All contemporaneous notes, memoranda, statements, reports, surveillance logs, recordings, and other documents (regardless of the medium in which they are stored) memorializing matters relevant to the charges contained in the indictment made by or in the custody of any law enforcement officer whose agency at the time was formally participating in an investigation intended, in whole or in part, to result in a federal indictment shall be preserved until the entry of judgment unless otherwise ordered by the court.

(b)    **Rough Drafts**. These rules do not require the preservation of rough drafts of reports after a subsequent draft of final report is prepared.

(c)    **Established Retention Procedures**. These rules do not require modification of a government agency's established procedure for the retention and disposal of documents when the agency does not reasonably anticipate a criminal prosecution.

*Adopted September 8, 1998; effective December 1, 1998; amended effective February 1, 2012.*

### RULE 116.10  REQUIREMENTS OF TABLE OF CONTENTS FOR VOLUMINOUS DISCOVERY

Any party producing more than 1,000 pages of discovery in a criminal case shall provide a table of contents that describes, in general terms, the type and origin of the documents (for example, "bank records from Sovereign Bank for John Smith;" "grand jury testimony of Officer Jones") and the location of the documents so described within the larger set (for example, by Bates number).

*Adopted January 3, 2012; effective February 1, 2012.*

## RULE 117.1  PRETRIAL CONFERENCES

**(a)**   **Initial Pretrial Conference**. Within 14 days of receiving the magistrate judge's final status report, or at the earliest practicable time before trial consistent with the Speedy Trial Act, the district judge to whom the case is assigned must conduct a Rule 11 hearing, if the defendant has requested one, or else must convene an initial pretrial conference, which counsel who will conduct the trial must attend. At the initial pretrial conference the district judge must:

   **(1)**   determine the number of days remaining before trial must begin under the Speedy Trial Act;

   **(2)**   confirm that all discovery has been produced, all discovery disputes have been resolved, and all pretrial motions under Fed. R. Crim. P. 12(b) have been filed and briefed, and schedule any necessary hearings or additional briefing on any pretrial motions under Fed. R. Crim. P. 12(b);

   **(3)**   establish a reliable trial date, which should not, except upon motion of the defendant, be less than 30 days after any evidentiary hearing on a pretrial motion under Fed. R. Crim. P. 12(b);

   **(4)**   unless the declination procedure provided by L.R. 116.6 has previously been invoked, order the government to disclose to the defendant no later than 21 days before the trial date:

      **(A)**   the exculpatory information identified in L.R. 116.2 (b)(2); and

      **(B)**   a general description (including the approximate date, time and place) of any crime, wrong, or act the government proposes to use pursuant to Fed. R. Evid. 404(b);

   **(5)**   determine whether the parties have furnished statements, as defined by 18 U.S.C. § 3500(e) and Fed. R. Crim. P. 26.2(f), of witnesses they intend to call in their cases-in-chief and, if not, when they propose to do so;

   **(6)**   determine whether any party objects to complying with the presumptive timing directives of subsections (a)(8) and (a)(9) for the disclosure of witnesses and identification of exhibits and materials. If any party expresses an objection, the court may decide the issues(s) presented at the initial pretrial conference or may order briefing and/or later argument on such issue(s);

   **(7)**   establish a schedule for the filing and briefing of possible motions in limine and for the filing of proposed voir dire questions, proposed jury instructions, and, if appropriate, trial briefs;

**(8)**     unless an objection has been made pursuant to subsection(a)(6), order that at least 7 days before the trial date the government must:

    **(A)**     provide the defendant with the names and addresses of witnesses the government intends to call at trial (i) in its case-in-chief, and (ii) in its rebuttal to the defendant's alibi defense (if the defendant serves a L.R. 12.1(a)(2) notice). If the government subsequently forms an intent to call any other witness, the government shall promptly notify the defendant of the names and address of that prospective witness. The government shall not, however, provide the defendant the addresses of any victims whom it intends to call in its rebuttal to the defendant's alibi defense (if the defendant serves a L.R. 12.1(a)(2) notice) except pursuant to subsection (a)(9).

    **(B)**     provide the defendant with copies of the exhibits and a premarked list of the exhibits the government intends to use in its case-in-chief. If the government subsequently decides to offer any additional exhibit in its casein-chief, the government shall promptly provide the opposing party with a copy of the exhibit and a supplemental exhibit list;

**(9)**     if the defendant establishes a need for the address of a victim the government intends to call as a witness in its rebuttal to the defendant's alibi defense (if the defendant serves a L.R. 12.1(a)(2) notice), the court may:

    **(A)**     order the government to provide the information in writing to the defendant or the defendant's attorney; or

    **(B)**     fashion a reasonable procedure that allows preparation of the defense and also protects the victim's interests.

**(10)**     unless an objection has been made pursuant to subsection (a)(6), order that at least 7 days before the trial the defendant must provide the government with witness and exhibit identification and materials to the same extent the government is obligated to do so under subsection (a)(8);

**(11)**     determine whether the parties will stipulate to any facts that are not in dispute;

**(12)**     establish a date for a final pretrial conference, to be held not more than 7 days before the trial date, to resolve any matters that must be decided before trial, unless all parties advise the court that such a conference is not necessary and the district judge concurs.

**(b)** **Special Orders.** The district judge who will preside at trial may, upon motion of a party or on the judge's own initiative, modify any of the requirements of subsection (a) of this rule in the interests of justice.

**(c)** **Interim Pretrial Conferences.** If, at the conclusion of the initial pretrial conference, a reliable trial date cannot be established, or if a trial date is established but later continued by the court, the court shall schedule an interim status conference at which the district judge, in consultation with the parties, must determine the time remaining under the Speedy Trial Act before which trial must begin and must adjust, as needed, the scheduling dates called for by subsections (a)(4)-(12).

*Adopted September 8, 1998; effective December 1, 1998; amended effective December 1, 2009; February 1, 2012.*

## RULE 117.2  SUBPOENAS IN CRIMINAL CASES INVOLVING COURT-APPOINTED COUNSEL

**(a)**    **Issuance of Subpoenas.** In any criminal matter in which the defendant is represented by the Federal Public Defender or other court-appointed counsel, upon request of such counsel the clerk shall issue a subpoena for hearing or trial in blank, signed and sealed, to counsel without the necessity for an individual court order.

**(b)**    **Service of Subpoenas.** Upon presentation of such a subpoena, the United States Marshal shall serve it in the same manner as in other criminal cases pursuant to Fed. R. Crim. P. 17(b).

**(c)**    **Process Costs and Witness Fees.** Subpoenas issued under subsection (a) of this Rule are issued upon approval of the court. The United States Marshal shall pay the process costs and fees of any witness subpoenaed pursuant to this rule as provided in Fed. R. Crim. P. 17(b) and 28 U.S.C. § 1825.

**(d)**    **Subpoenas in Certain Hearings.** A subpoena may not be issued under this rule to compel the attendance of a witness in

   **(1)**    a preliminary hearing pursuant to Fed. R. Crim. P. 5.1 or Rule 32.1(b)(1);

   **(2)**    a detention hearing held pursuant to 18 U.S.C. § 3142(f); or

   **(3)**    a hearing concerning the revocation of release as provided in 18 U.S.C. § 3148, without first seeking leave from the presiding judicial officer.

*Adopted January 3, 2012; effective February 1, 2012.*

## RULE 118.1  EFFECTIVE DATE

These local rules shall become effective on December 1, 1998. They shall, except as applicable time periods may have run, govern all actions pending or commenced after the effective date. Where justice so requires, proceedings in cases on the effective date shall be governed by the practice of the court before the adoption of these local rules.

*Adopted September 8, 1998; effective December 1, 1998.*

**RULE 200  RENUMBERED AND AMENDED--SEE RULE 203**

*Effective September 1, 1990; amended effective January 2, 1995.*

## RULE 201  REFERENCE TO BANKRUPTCY COURT

Pursuant to 28 U.S.C. § 157(a), any and all cases arising under Title 11 United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the judges of the bankruptcy court for the District of Massachusetts.

*Adopted effective January 2, 1995.*

## RULE 202  BANKRUPTCY COURT JURY TRIALS

Pursuant to 28 U.S.C. § 157(e), the judges of the bankruptcy court for the District of Massachusetts are specially designated to conduct jury trials with the express consent of the parties in any proceeding which may be heard by a bankruptcy judge to which a right to jury trial applies.

*Adopted effective January 2, 1995.*

# RULE 203  BANKRUPTCY APPEALS

## Rule 203.8001.  Scope of Rules; Method of Transmission.

**(a) General Scope.** Part VIII of the Federal Rules of Bankruptcy Procedure (Fed. R. Bankr. P.) governs appeals of bankruptcy court orders to the United States District Court.  Pursuant to Fed. R. Civ. P. 83 and Fed. R. Bankr. P. 8026, this rule and its subsections govern the practice of bankruptcy appeals before United States District Court for the District of Massachusetts.  These rules are not intended to restrict the District Court≡s discretion as to any aspect of an appeal from a bankruptcy court≡s order.  The bankruptcy court clerk shall enclose a copy of these rules with the notice of appeal given to each party appealing to the District Court in accordance with Fed. R. Bankr. P. 8003(c); provided, however, that failure of the clerk to enclose a copy of this rule shall not suspend its operation.

**(b) Method of Transmitting Documents.** LR, D. Mass.5.4, Filing and Service By Electronic Means, shall apply to bankruptcy appeals to the District Court, unless otherwise ordered by the United States District Judge assigned to the appeal.  Pro se parties shall be exempt from filing documents electronically. The District Court clerk is authorized to consider a request to accept documents filed by hand in emergency circumstances.  If the District Court clerk authorizes such service, the documents shall be served on all interested parties within 24 hours after filing in the method directed by the District Court clerk.

## Rule 203.8003.  Appeal as of Right.

**(a) Filing the Notice of Appeal.**  A notice of appeal shall conform to Official Bankruptcy Form 17A and shall be filed in the bankruptcy court with the required filing fee.  In addition, the appellant shall include the names and addresses of all parties to the judgment and the names, addresses, telephone numbers, and email addresses of their attorneys, if any.  In the event an appellant fails to timely file a notice of appeal or an appellant fails to pay the filing fee within 14 days after filing the notice of appeal, or within 14 days after denial of a motion to waive the filing fee, the bankruptcy court is authorized to dismiss the appeal.

**(b) Transmitting the Appeal.**  Upon filing of a notice of appeal with a statement of election to the District Court, the bankruptcy court clerk shall promptly transmit the notice of appeal to the District Court. If an appellee timely elects to have the District Court hear the appeal after it has been transmitted to the Bankruptcy Appellate Panel ("BAP"), upon the filing of the election with the BAP, the clerk of the BAP shall promptly transmit the appeal to the District Court. Upon receipt of the notice of appeal, the District Court clerk shall immediately docket the appeal.

**(c)** Notice of Dismissal. Upon dismissal of the appeal by the bankruptcy court, the bankruptcy court clerk shall promptly notify the District Court.

## Rule 203.8004.  Appeal by Leave—How Taken.

(a) **Notice of Appeal and Motion for Leave to Appeal.**  In any appeal from an interlocutory order or decree of a bankruptcy court, a party must file with the notice of appeal a motion for leave to appeal setting forth the facts, issues, and the reasons why leave to appeal should be granted.

(b) **Failure to File a Motion with a Notice of Appeal.**  If an appellant timely files a notice of appeal under this rule, but does not file with the notice a motion for leave to appeal, the District Court may order the appellant to file a motion for leave to appeal within 14 days or other specified time, or may treat the notice of appeal as the motion for leave to appeal and either grant or deny it.

## Local Rule 203.8007.  Stay Pending Appeal.

(a) **Initial Motion in the Bankruptcy Court.**  Any motion for stay pending appeal shall be presented promptly and shall be filed initially in the bankruptcy court.  The motion for stay pending appeal shall comply with the provisions of Fed. R. Bankr. P. 8007.

(b) **Motion in the District Court.**  If the movant seeks immediate relief in the District Court on a motion for stay pending appeal after denial of a motion for stay by the bankruptcy court, the motion shall conform to Fed. R. Bankr. P. 8013(d).

(c) **Appendix.**  A motion for stay pending appeal filed in the District Court shall be accompanied by an appendix containing the following:

    a.  a copy of the bankruptcy court's order denying the motion for stay; and
    b.  copies of any documents filed in the bankruptcy court relevant to the motion for stay.

## Local Rule 203.8008.  Indicative Rulings.

(a) **Relief Pending Appeal.**  In the event the parties have settled all issues in an appeal, they shall file a joint notice of settlement with the District Court which shall contain a statement as to whether the matter must be remanded to the bankruptcy court for consideration of a motion to compromise under Fed. R. Bankr. P. 9019.  The District Court shall remand the matter to the bankruptcy court for further proceedings in the event the settlement or compromise requires approval by the bankruptcy court under Fed. R. Bankr. P. 9019.

(b) **Notice to the Court Where the Appeal is Pending.**  The parties to a settlement shall promptly notify the District Court of the disposition in the bankruptcy court of any motion to compromise that relates to an appeal and was the subject of a remand order.

## Local Rule 203.8009.   Record on Appeal.

    **(a)   Motion to Extend Time.** A motion to extend any deadlines set forth in Fed. R. Bankr. P. 8009 shall be filed in and determined by the bankruptcy court.

    **(b)   Correcting or Modifying the Record**.  Any dispute relating to the accuracy of the record must be determined by the bankruptcy court.  A party who seeks correction or modification of the record shall file a motion with the bankruptcy court prior to the deadline for completing the record under Fed. R. Bankr. P. 8009.

## Local Rule 203.8010.  Completing and Transmitting the Record on Appeal.

    **(a)**        **Bankruptcy Court Clerk's Duties**.  It is the duty of the parties to designate the record on appeal in accordance with Fed. R. Bankr. P. 8009.  The bankruptcy court clerk shall assemble and transmit the record on appeal when it is complete, or send a notice to the District Court clerk that the record is available electronically.

    **(b)**        **Incomplete Record.**  If, after the expiration of the deadlines set forth in Fed. R. Bankr. P. 8009, the record is incomplete, the bankruptcy court clerk shall transmit to the District Court clerk a Certificate of Incomplete Record.  Thereafter, the District Court may dismiss the appeal or order the deficiency cured and upon completion of the record within the period allowed by the District Court, the bankruptcy court clerk shall send the completed record to the District Court clerk.

## Local Rule 203.8013.  Motions.

    **(a) Written Motion Required; Objections.**  Any motion shall be in writing and filed with the District Court clerk and served on interested parties.  Any objection to a motion shall be filed and served within 7 days after the filing of the motion.

    **(b) Emergency Motions.**  Any motion seeking expedited or immediate relief shall contain the word "emergency" in the title of the motion and shall comply with Fed. R. Bankr. P. 8012.

    **(c) Motions to Dismiss the Appeal.**  A motion to dismiss an appeal shall state the factual and legal grounds in support of dismissal.  The District Court shall determine any motion to dismiss an appeal, except that the bankruptcy court may determine a motion to dismiss an appeal on the ground that it was untimely filed.  Motions to dismiss an appeal on the grounds of lateness shall be filed in the bankruptcy court.  All other motions to dismiss an appeal shall be filed in and determined by the District Court.

    **(d) Determination of Appeal**.  At any time, on motion of any appellant, any appellee, or sua

sponte, the District Court may: (1) dismiss the appeal if it lacks appellate jurisdiction; (2) dismiss the appeal, grant any other request for relief, or affirm and enforce the judgment, order, or decree below if it appears that no substantial question is presented; or (3) reverse in the case of obvious error.

**Local Rule 203.8018.  Filing and Serving Briefs.**

   **(a) Time for Filing Briefs.** The briefing schedule set forth by Fed. R. Bankr P. 8018 may be altered only by order of the District Court.  All briefs which contain statements regarding background facts shall be supported by citation to the appendix, according to the page numbering of the appendix.  In the event a brief, appendix, or other document does not meet the requirements of this rule or the Fed. R. Bankr. P., the District Court clerk has discretion to accept or reject such document.  If the District Court clerk does not timely receive appellant's brief, the clerk shall forthwith provide the district judge to whom the appeal is assigned with a proposed order for dismissal of the appeal.

**Local Rule 203.8019.  Oral Argument.**

      **(a)**    **Request for Oral Argument.**  In their briefs, the parties shall include a statement setting forth each party's position on oral argument and if oral argument is requested.  Oral argument may be waived upon the written stipulation of the parties.

      **(b)**    **Scheduling of Oral Argument**.  Notwithstanding the request of the parties, the District Judge retains discretion to determine whether oral argument shall be scheduled.

*Effective September 1, 1990 (as Rule 200); amended effective January 2, 1995; December 1, 2009; January 6, 2015; September 28, 2015.*

## RULE 204  BANKRUPTCY COURT LOCAL RULES

Pursuant to Rule 9029(a) of the Federal Rules of Bankruptcy Procedure, the judges of the bankruptcy court for the District of Massachusetts are authorized to make and amend rules of practice and procedure as they may deem appropriate, subject to the requirements of Fed.R.Civ.P. 83. A certified copy of any rules and/or amendments as adopted by the judges of the bankruptcy court, together with a copy of the notice and all comments received regarding the rule, shall be provided to the Clerk of the District Court within 14 days of the date adopted. Once each year, the judges of the district court will review all changes to the local rules of the bankruptcy court. If, after review, the judges of the district court determine that modifications need to be made to any rule, a report will be provided to the judges of the bankruptcy court by March 31.

*Adopted May 6, 1997; effective August 1, 1997; amended effective September 15, 2006.*

## RULE 205  DISCIPLINARY REFERRALS BY BANKRUPTCY JUDGES

A judge of the bankruptcy court for the District of Massachusetts is authorized as a judicial officer to make referrals for disciplinary proceedings as provided under LR 83.6(5)(A).

*Adopted May 6, 1997; effective August 1, 1997.*

**RULE 206  CORE PROCEEDINGS REQUIRING FINAL ADJUDICATION BY THE DISTRICT COURT**

If a bankruptcy judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under L.R. 201 and determined to be a core matter under 28 U.S.C. § 157, the bankruptcy judge shall hear the proceeding and submit proposed findings of fact and conclusions of law to the district court made in compliance with Fed. R. Civ. P. 52(a)(1) in the form of findings and conclusions stated on the record or in an opinion or memorandum of decision.

The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with the federal and local rules of bankruptcy procedure. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

The district court may treat any order or judgment of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.

*Adopted June 5, 2012*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
OFFICE OF THE CLERK
1 COURTHOUSE WAY
BOSTON, MASSACHUSETTS 02210

**ROBERT M. FARRELL**
CLERK OF COURT

**FEE SCHEDULE**
**(Revised December 1, 2020)**

The fees included in the District Court Fee Schedule are to be charged for services provided by the district courts. The Court accepts cash, credit cards, money orders and checks for all filing fees and miscellaneous fees. Cash and credit cards can only be accepted in person. For the payment of registry funds, criminal penalties and bail bonds, the Court will accept cash, checks, and money orders only. All fees are payable to the "Clerk, United States District Court."

This schedule is issued in accordance with 28 U.S.C. §§ 1913, 1914(b), 1926, 1930 and 1932.

### NEW CIVIL ACTIONS

| | |
|---|---|
| Complaint or Notice of Removal* ............................................................... | $402.00 |
| Application or Petition for Writ of Habeas Corpus ................................................ | $5.00 |
| Action brought under Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 ...................................... | $6,800.00 |

-------

*$350 for a complaint or notice of removal filed in which the filer is provisionally granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915

### NOTICES OF APPEAL

| | |
|---|---|
| Notice of Appeal (for the First Circuit or the Federal Circuit).................................. | $505.00 |
| Notice of Appeal to a district judge from a judgment of conviction by a magistrate judge in a misdemeanor case ............................................ | $39.00 |

### MISCELLANEOUS FEES

| | |
|---|---|
| Admission of an attorney to practice .............................................................. | $238.00 |
| Any payment returned or denied for insufficient funds .............................................. | $53.00 |
| Certification of any document ...................................................................... | $11.00 |
| Exemplification of any document.................................................................... | $23.00 |
| For issuance of an apostille........................................................................ | $47.00 |
| Duplicate certificate of admission or certificate of good standing ................................ | $20.00 |
| Printing electronic records (per page) ............................................................. | $.10 |
| For reproducing any record and providing a copy in paper form (per page) .............. | $.50 |
| Handling of registry funds deposited with the court ................................................ | ** |
| Filing of any document not related to a pending case or proceeding ........................ | $49.00 |
| Initiating a case on the miscellaneous business docket ............................................ | $49.00 |
| Motion for leave to appear *pro hac vice* (per attorney) ................................ | $100.00 |
| Reproduction of an audio recording of a court proceeding ........................................ | $32.00 |
| Retrieval of one box of records from the records center or other storage location........ | $64.00 |
| For each additional box, for retrievals involving multiple boxes ................................ | $39.00 |
| Search of the district court records (per name or item searched) ................................ | $32.00 |
| For reproducing and transmitting a copy of an electronic record stored outside of the court's electronic case management system.............................................. | $31.00 |
| SmartScan electronic record retrieval from NARA-FRC facility (fee is for one document; only documents 100 pages or less are eligible)............................................ | $19.90 + $.65 pp |
| Processing fee for a petty offense charged on a federal violation (CVB) notice. | $30.00 |

-------

**Contact the Financial Office at 617-748-9136

### ELECTRONIC PUBLIC ACCESS FEE SCHEDULE

Available on the PACER website at http://www.pacer.uscourts.gov/documents/epa_feesched.pdf

The fee is currently 10¢ per page, not to exceed the fee for 30 pages for case-related documents. Local, state, and federal government agencies will be exempted from the increase for three years, from April 1, 2012.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only)_____

    _____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local
    rule 40.1(a)(1)).

    ___    I.    160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

    ___    II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

    ___    III.  120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362,
                 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560,
                 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
                 *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                              YES  ☐          NO  ☐

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
    §2403)

                                                              YES  ☐          NO  ☐

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                              YES  ☐          NO  ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                              YES  ☐          NO  ☐

7.  Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of
    Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).

                                                              YES  ☐          NO  ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division  ☐          Central Division  ☐          Western Division  ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
          residing in Massachusetts reside?

          Eastern Division  ☐          Central Division  ☐          Western Division  ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
    submit a separate sheet identifying the motions)

                                                              YES  ☐          NO  ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _____

ADDRESS _____

TELEPHONE NO. _____

**(CategoryForm11-2020.wpd )**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

**v.**                                              Civil Action No. _____

_____

**NOTICE OF SCHEDULING CONFERENCE**

An initial scheduling conference will be held in Courtroom No. _____ on the _____ floor at _____.m. on _____, in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[1] to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

_____
Date                                                          United States District Judge

                                                             By:_____
                                                                Deputy Clerk

_____

[1] These sections of Local Rule 16.1 provide:

(B) Obligation of counsel to confer. Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty one (21) days before the date for the scheduling conference for the purpose of:

(1) preparing an agenda of matters to be discussed at the scheduling conference,

(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

(3) considering whether they will consent to trial by magistrate judge.

(C) Settlement proposals. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D) Joint statement. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

(1) a joint discovery plan scheduling the time and length for all discovery events, that shall

(a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

(b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

(2) a proposed schedule for the filing of motions; and

(3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and include the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.