IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| O. DOE, et al.,               )<br>                                       )<br>    Plaintiffs,               )<br>                                       )<br>v.                                 )<br>                                       )<br>DONALD J. TRUMP, in his official )<br>capacity as President of the  )<br>United States, et al.,        )<br>                                       )<br>    Defendants.            ) | Case No. 1:25-CV-10135 |

**STATE OF TENNESSEE'S UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS**

The State of Tennessee respectfully moves for leave to submit the attached amicus brief in support of Defendants' opposition to Plaintiffs' motion for a preliminary injunction. The parties do not oppose this motion.

Federal district courts have the inherent authority to accept amicus briefs. *Boston Gas Co. v. Century Indem. Co.*, 2006 WL 1378312, at *1 n.1 (D. Mass. June 1, 2006). Indeed, district courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005); *see, e.g.*, Order granting Massachusetts leave to file amicus brief, *Williams v. Devos*, No. 1:16-cv-11949, 2018 WL 5281741 (D. Mass. June 28, 2017) (Sorokin, J.), ECF No. 28. This is especially true when the amicus has "unique information" or a "perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). Appellate courts presume briefs from the States provide such a perspective, giving special privileges

to States when it comes to amicus briefs. They may file them as of right in all federal courts of appeals and in the United States Supreme Court. Fed. R. App. P. 29(a); Sup. Ct. R. 37.4.

Here, Tennessee has a "unique . . . perspective," as a sovereign State dealing with the challenges posed by unchecked illegal immigration. *Ryan*, 125 F.3d at 1063. The past several years have seen an unprecedented influx of illegal aliens—over 9 million—overwhelming the national infrastructure. U.S. Customs and Border Protection, *Nationwide Encounters* (Feb. 5, 2024), https://perma.cc/EDU3-98CP. And the effects of that influx are not limited to border states: "many noncitizens [who illegally cross the border] proceed to interior States." *See* DHS, *Explanation of the Decision to Terminate the Migrant Protection Protocols* 26 (Oct. 29, 2021), https://perma.cc/5DNE-B9AE. Tennessee, then, faces significant economic, health, and public-safety issues stemming from the immigration crisis. And it follows that Tennessee has an interest in the federal government acting to address these issues and reduce the incentives to violate federal law. Tennessee offers additional historical evidence highlighting that the challenged Executive Order's policy regarding citizenship aligns with the Fourteenth Amendment's original public meaning, contemporaneous history, and Supreme Court caselaw.

Tennessee also has a longstanding interest in enforcing constitutional limits on courts' exercise of judicial power. To further these interests, Tennessee seeks to assist the Court by "presenting . . . arguments . . . that are not to be found in the parties' briefs" regarding the proper scope of relief. *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003).

There is thus good cause for this Court to accept the attached proposed amicus brief. It offers a differing perspective from an interested party and offers legal arguments not found in the parties' briefing. Finally, counsel for Tennessee has conferred with counsel for the parties, none of whom oppose this motion.

## CONCLUSION

For all of these reasons, this Court should grant Tennessee's unopposed motion and accept the attached amicus brief for filing.

Dated: February 3, 2025                     Respectfully submitted,

                                                         Jonathan Skrmetti
                                                           *Attorney General and Reporter*

                                                           J. Matthew Rice*
                                                           *Solicitor General*
                                                           Whitney D. Hermandorfer*
                                                           *Director of Strategic Litigation*
                                                           */s/ Andrew Coulam*
                                                           Andrew Coulam
                                                           *Deputy Attorney General*
                                                           OFFICE OF TENNESSEE ATTORNEY GENERAL
                                                           P.O. Box 20207
                                                           Nashville, TN  37202
                                                           (615) 741-3491
                                                           matt.rice@ag.tn.gov
                                                           whitney.hermandorfer@ag.tn.gov
                                                           andrew.coulam@ag.tn.gov

                                                           *Counsel for the State of Tennessee*


                                                           *Application for admission pro hac vice pending

## CERTIFICATE OF SERVICE

      I hereby certify that on February 3, 2025, the foregoing document was filed using the Court's ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

                                                */s/ Andrew Coulam*
                                                Andrew Coulam