UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| O. DOE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-10135-LTS |

**CONSENT MOTION FOR A 30-DAY EXTENSION
OF DEFENDANTS' RESPONSE DEADLINE**

Defendants hereby move, pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, for a 30-day extension of their July 11, 2025 deadline to respond to Plaintiffs' Complaint, thus making their response due on or before August 11, 2025. As relevant to this motion, Defendants state:

1.    Plaintiffs' Complaint was filed on January 20, 2025, and was then followed by their Motion for a Preliminary Injunction on January 23, 2025. ECF Nos. 1, 10.

2.    Plaintiffs effectuated service of their Complaint on Defendants through service on the United States Attorney's Office on January 22, 2025. *See* Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii).

3.    Thus, pursuant to Federal Rule of Civil Procedure 12(a)(2), Defendants' response to the Complaint was originally due on April 11, 2025. Defendants filed an assented-to motion for an extension of time to respond to the Complaint on March 19, 2025, ECF No. 53, which this Court granted on March 20, 2025, ECF No. 54. Defendants then filed another assented-to motion for an extension of time to respond to the Complaint on May 1, 2025, ECF No. 57, which this

Court granted on May 2, 2025, ECF No. 58. Defendants then filed another assented-to motion for an extension of time to respond to the Complaint on June 3, 2025, ECF No. 59, which this Court granted on June 3, 2025, ECF No. 60. Pursuant to that extension, Defendants' response to the Complaint is currently due on July 11, 2025.

4. Meanwhile, on February 13, 2025, this Court issued an Order and Opinion granting Plaintiffs' motion for a preliminary injunction, which enjoins the implementation and enforcement of Executive Order 14160, "Protecting the Meaning and Value of American Citizenship" ("Executive Order" or "EO"). ECF Nos. 46-47.

5. Defendants subsequently appealed the Court's Order on February 19, 2025, to the United States Court of Appeals for the First Circuit and moved to stay the Court's order pending appeal in the related *State of New Jersey et al. v. Trump et al.*, 1:25-cv-10139 (D. Mass.) litigation (hereinafter "*State of New Jersey*"). ECF No. 48; *see also State of New Jersey et al. v. Trump et al.*, 1:25-cv-1039, ECF No. 157 (D. Mass. Feb. 19, 2025).

6. On February 26, 2025, the Court denied Defendants' motion to stay the preliminary injunction in the *State of New Jersey* litigation pending appeal. *See State of New Jersey et al. v. Trump et al.*, 1:25-cv-1039, ECF No. 165 (D. Mass. Feb. 26, 2025). The First Circuit then denied Defendants' motion to stay the preliminary injunction on March 11, 2025. *See State of New Jersey. et al. v. Trump et al.*, 25-1170 (1st Cir. Mar. 11, 2025).

7. On March 13, 2025, Defendants filed an application for a stay of the injunction issued in the *State of New Jersey* litigation in the Supreme Court of the United States. On June 27, 2025, the Supreme Court partially granted Defendants' application for a stay of this Court's preliminary injunction in the *State of New Jersey* litigation "to the extent that the injunctio[n] [is] broader than necessary to provide complete relief to each plaintiff with standing to sue." *Trump v.*

*CASA, Inc.*, No. 24A884, 2025 WL 1773631 at * 15 (U.S. June 27, 2025). In so doing, the Court directed that "lower courts shall move expeditiously to ensure that, with respect to each plaintiff, the injunctions comport with this rule and otherwise comply with principles of equity." *Id.* The Court also ordered that "[t]he injunctions are . . . stayed to the extent that they prohibit executive agencies from developing and issuing public guidance about the Executive's plans to implement the Executive Order." *Id.*

8. As a result of the Supreme Court's decision, a variety of issues are pending in the *State of New Jersey* litigation. Defendants therefore seek another short extension of the existing response deadline in this case.

9. Plaintiffs, through counsel, have stated that they assent to this relief.

10. This request is not made for purposes of delay, and no party will be prejudiced by the relief requested herein, particularly because Plaintiffs consent to the same.

11. Accordingly, Defendants request a 30-day extension of the response deadline, until August 11, 2025.

Dated: July 9, 2025

BRETT A. SHUMATE
Assistant Attorney General

LEAH B. FOLEY
United States Attorney

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Special Counsel

*/s/ Kathleen C. Jacobs*

R. CHARLIE MERRITT
YURI S. FUCHS
KATHLEEN C. JACOBS (TX Bar No. 24091154)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: 202-598-7615
Fax: 202-616-8460
Email: kathleen.c.jacobs@usdoj.gov

*Attorneys for Defendants*

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that I conferred with counsel for the Plaintiffs and that the parties were able to resolve the issues presented by this motion.

Dated: July 9, 2025

*/s/ Kathleen C. Jacobs*
Kathleen C. Jacobs
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants.

Dated: July 9, 2025

                                            */s/ Kathleen C. Jacobs*
                                            Kathleen C. Jacobs
                                            Trial Attorney